# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WASHINGTON MUTUAL, INC.,<br><br>and<br><br>WMI INVESTMENT CORP.,<br><br>     Plaintiffs,<br>  vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br>     Defendant,<br><br>and<br><br>Bank Bondholders,<br><br>     Applicants to Intervene. | CIVIL ACTION<br>1:09-cv-00533<br><br><br>**ORAL HEARING REQUESTED** |

## MOTION TO INTERVENE AS DEFENDANTS

Pursuant to Federal Rule of Civil Procedure Rule 24 and Local Rule 7(j), the holders of senior notes ("Senior Notes") issued by Washington Mutual Bank ("WMB" or the "Bank") listed below (the "Bank Bondholders")[1] move to intervene as defendants in the above-captioned matter.[2]

---

[1] The Bank Bondholders are Bank of Scotland plc; Fir Tree Capital Opportunity Master Fund, L.P.; Fir Tree Mortgage Opportunity Master Fund, L.P.; Fir Tree Value Master Fund, L.P.; HFR ED Select Fund IV Master Trust; Lyxor/York Fund Limited; Marathon Credit Opportunity Master Fund, Ltd.; Marathon Special Opportunity Master Fund, Ltd.; Permal York Ltd.; Quintessence Fund L.P.; QVT Fund LP; The Governor and Company of the Bank of Ireland; The Värde Fund, L.P.; The Värde Fund VI-A, L.P.; The Värde Fund VII-B, L.P.; The Värde Fund VIII, L.P.; The Värde Fund IX, L.P.; The Värde Fund IX-A, L.P.; Värde Investment Partners (Offshore), Ltd.; Värde Investment Partners, L.P.; York Capital Management, L.P.; York Credit Opportunities Fund, L.P.; York Credit Opportunities Master Fund, L.P.;York Investment Master Fund, L.P.; York Select, L.P.; and York Select Master Fund, L.P.

[2] Applicants have filed a proposed Answer with this Motion, as required by Local Rule 7(j).

The Bank Bondholders hold, in the aggregate, more than $1 billion in outstanding principal amount of the Senior Notes, which are by far the largest undisputed senior debt owed by WMB, a no-longer-operating, insolvent, federally chartered savings association. The only current defendant in this case, the Federal Deposit Insurance Company ("FDIC"), is a governmental entity acting as the receiver for WMB. It has been sued in this action, both as receiver for WMB's estate (the "Receivership Estate") and in its corporate capacity, for billions of dollars, and thereby faces an inherent conflict of interest; moreover, it has disclaimed owing a fiduciary duty to WMB's creditors. The FDIC, therefore, cannot adequately represent the interests of the Bank Bondholders or other legitimate creditors of WMB in this action.

The plaintiffs in this case are Washington Mutual, Inc. ("WMI"), the holding company that owned the Bank (and, through the Bank, the Bank's subsidiary, Washington Mutual Bank fsb), and WMI's affiliate, WMI Investment Corp. (together with WMI, the "Plaintiffs"). Rather than acknowledge that WMI was the shareholder, not a creditor, of WMB—a shareholder that, under basic banking law, owed a duty to be a "source of strength" for the Bank and its legitimate creditors (*e.g.*, 12 C.F.R. § 225.4)—Plaintiffs assert in this action many billions of dollars in claims against WMB's estate (as well as against the FDIC in its corporate capacity). The allowance of those highly suspicious claims would unquestionably diminish by many fold, if not eliminate altogether, any payment on the undisputed claims of the Bank Bondholders against the Receivership Estate. Moreover, the Plaintiffs' claims are, at their core, inconsistent with the Bank Bondholders' own claims against Plaintiffs' bankruptcy estates pending in Plaintiffs' bankruptcy proceedings—the Bank Bondholders' claims assert that WMI is the largest debtor, not creditor, of the Receivership Estate (and is liable directly to the Bank Bondholders on the Senior Notes)—and, hence, a judgment in favor of Plaintiffs in this action would also threaten to

harm the Bank Bondholders in this respect as well.  Finally, this Motion is timely, filed at the outset of this action, and permitting the Bank Bondholders to intervene would not prejudice the legitimate interests of any party.

For these reasons, all of which are discussed in greater detail in the accompanying Memorandum, Applicants are entitled to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2) or, in the alternative, this Court should permit Applicants to intervene under Fed. R. Civ. P. 24(b)(2).

Pursuant to Local Rule 7(m), counsel for Applicants has conferred with counsel for the parties.  Both Plaintiffs' counsel (Peter Calamari of Quinn Emanuel Urquhart Oliver & Hedges, LLP) and counsel for the Defendant, the FDIC (Thomas Califano of DLA Piper LLP) indicated that their clients do not consent to the intervention sought in this Motion.

DATED:  June 2, 2009

Respectfully submitted,

Intervenor-Applicants Bank Bondholders

By their Attorneys,

/s/ Philip D. Anker
Philip D. Anker  (367957)
WILMER CUTLER PICKERING HALE &
DORR LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

Russell J. Bruemmer (289074)
Nancy L. Manzer (421144)
Gianna Ravenscroft (487712)
Lisa Ewart (497290)
WILMER CUTLER PICKERING HALE &
DORR LLP

1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000

- 4 -