**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WASHINGTON MUTUAL, INC., <br><br> and <br><br> WMI INVESTMENT CORP., <br><br>                Plaintiffs, <br>       vs. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, <br>                Defendant, <br><br> and <br><br> Bank Bondholders, <br><br>                Intervenor-Defendants. | CIVIL ACTION <br> 1:09-cv-00533 |

## <u>ANSWER OF PROPOSED INTERVENOR-DEFENDANTS BANK BONDHOLDERS</u>

The Bank Bondholders, proposed Defendants-Intervenors ("Intervenor-Defendants" or

"Bank Bondholders"),[1] file the following Answer in response to the Complaint of Plaintiffs

Washington Mutual, Inc. ("WMI") and WMI Investment Corp. ("WMI Investment") in the

above-captioned action.

---

[1]      The Bank Bondholders are Bank of Scotland plc; Fir Tree Capital Opportunity Master Fund, L.P.; Fir Tree Mortgage Opportunity Master Fund, L.P.; Fir Tree Value Master Fund, L.P.; HFR ED Select Fund IV Master Trust; Lyxor/York Fund Limited; Marathon Credit Opportunity Master Fund, Ltd.; Marathon Special Opportunity Master Fund, Ltd.; Permal York Ltd.; Quintessence Fund L.P.; QVT Fund LP; The Governor and Company of the Bank of Ireland; The Värde Fund, L.P.; The Värde Fund VI-A, L.P.; The Värde Fund VII-B, L.P.; The Värde Fund VIII, L.P.; The Värde Fund IX, L.P.; The Värde Fund IX-A, L.P.; Värde Investment Partners (Offshore), Ltd.; Värde Investment Partners, L.P.; York Capital Management, L.P.; York Credit Opportunities Fund, L.P.; York Credit Opportunities Master Fund, L.P.; York Investment Master Fund, L.P.; York Select, L.P.; and York Select Master Fund, L.P.

The Bank Bondholders respond to the numbered paragraphs of the Complaint based on information and belief as follows. Except as expressly stated below, the Bank Bondholders deny, on information and belief, all of Plaintiffs' allegations and reserve both any and all defenses to Plaintiffs' claims and any and all claims against Plaintiffs. Further, the Bank Bondholders deny that Plaintiffs are entitled to any of the relief they seek in the Complaint.

1.      The Bank Bondholders admit the allegations of paragraph 1.

2.      As to paragraph 2, the Bank Bondholders admit the allegations of the first sentence, admit as to the second sentence that Plaintiffs purport to bring this action against the Federal Deposit Insurance Company ("FDIC") in both its corporate and receiver capacities, avers that no response is required to the third sentence, but states that the role and interests of the FDIC in its corporate capacity ("FDIC Corporate") and as receiver ("Receiver") for the estate of Washington Mutual Bank ("WMB") are fundamentally different.

3.      The Bank Bondholders admit the allegations of paragraph 3.

4.      The Bank Bondholders admit the allegations of paragraph 4.

5.      The Bank Bondholders state that the allegations of paragraph 5 consist entirely of legal conclusions that require neither admission nor denial.

6.      The Bank Bondholders state that the allegations of paragraph 6 consist entirely of legal conclusions that require neither admission nor denial.

7.      The Bank Bondholders admit the allegations of paragraph 7.

8.      The Bank Bondholders deny the allegations of paragraph 8, except they admit that on September 25, 2008, the FDIC, as Receiver and as FDIC Corporate, entered into a Purchase and Assumption Agreement ("P&A") with JP Morgan Chase Bank, N.A. ("JPMC") whereby

JPMC acquired various assets and assumed various liabilities of WMB, all as set forth in the P&A. The Bank Bondholders refer Plaintiffs to the P&A for its terms.

9. With respect to paragraph 9, the Bank Bondholders admit the allegations of the first sentence and state that the allegations of the second sentence consist entirely of legal conclusions that require neither admission nor denial.

10. With respect to the first sentence of paragraph 10, the Bank Bondholders admit that the FDIC set December 30, 2008 as the last day for the filing of certain claims against the WMB receivership estate (the "Receivership Estate"). The Bank Bondholders lack information sufficient to admit or deny the allegations set forth in the second sentence of paragraph 10, and therefore deny, those allegations.

11. The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 11.

12. With respect to the allegations of paragraph 12, the Bank Bondholders deny that Plaintiffs hold any valid claims against the Receivership Estate and admit that if Plaintiffs held any such claims, they would be unsecured except to the extent they had valid rights of offset, the existence of which the Bank Bondholders deny, against the Receivership Estate's claims against WMI.

13. The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 13.

14. With respect to the allegations of paragraph 14, the Bank Bondholders generally deny that Plaintiffs have any valid claims against the WMB Receivership Estate and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership

Estate and its creditors against Plaintiffs. The Bank Bondholders otherwise lack information sufficient to admit or deny, and therefore deny, the specific allegations in this paragraph.

15. With respect to the allegations of paragraph 15, the Bank Bondholders admit that Plaintiffs purport to assert the claims specified therein, but deny that Plaintiffs have any valid claims against the Receivership Estate and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs.

16. With respect to the allegations of paragraph 16, the Bank Bondholders generally deny that Plaintiffs have any valid claims against the WMB Receivership Estate and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs. The Bank Bondholders otherwise lack information sufficient to admit or deny, and therefore deny, the specific allegations in this paragraph.

17. With respect to the allegations of paragraph 17, the Bank Bondholders generally deny that Plaintiffs have any valid claims against the WMB Receivership Estate and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs. The Bank Bondholders otherwise lack information sufficient to admit or deny, and therefore deny, the specific allegations in this paragraph.

18. With respect to the allegations of paragraph 18, the Bank Bondholders generally deny that Plaintiffs have any valid claims against the WMB Receivership Estate and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs. The Bank Bondholders otherwise lack information sufficient to admit or deny, and therefore deny, the specific allegations in this paragraph.

19. With respect to the allegations of paragraph 19, the Bank Bondholders admit that Plaintiffs purport to assert the claims specified therein, but deny that Plaintiffs have any valid

claims against the Receivership Estate and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs.

20. With respect to the allegations of paragraph 20, the Bank Bondholders admit, on information and belief, that WMI, WMB, WMBfsb, and certain subsidiaries of WMI and WMB are parties to certain tax sharing agreements and that WMI, WMB, WMBfsb, and certain subsidiaries of WMI and WMB filed consolidated tax returns. The Bank Bondholders refer Plaintiffs to the tax sharing agreements and tax returns for their contents. The Bank Bondholders admit that Plaintiffs purport to assert the claims specified in paragraph 20 and to reserve rights as stated therein, but deny that Plaintiffs have any valid claims or rights against the Receivership Estate (whether on account of federal taxes allegedly paid on behalf of WMB and/or its subsidiaries or otherwise) and state that, if they do have any such claims or rights, they are more than offset by valid claims and rights of the Receivership Estate and its creditors against Plaintiffs. The Bank Bondholders otherwise lack information sufficient to admit or deny, and therefore deny, the remaining specific allegations in this paragraph.

21. The Bank Bondholders deny, on information and belief, the allegations of paragraph 21.

22. With respect to the allegations of paragraph 22, the Bank Bondholders admit that Plaintiffs purport to assert the claims specified therein, but deny that Plaintiffs have any valid claims against the Receivership Estate (including, without limitation, any claims for tax refunds, all or substantially all of which are the result of losses incurred by WMB (and its subsidiaries), not Plaintiffs, and therefore, except if and to the extent the right to such refunds has been sold by the FDIC to JPMC pursuant to the P&A, are the property of the Receivership Estate) and state

that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs.

23.     With respect to the allegations of paragraph 23, the Bank Bondholders admit that Plaintiffs purport to reserve the right to supplement or amend the claims it has purported to assert against the Receivership Estate, but deny that Plaintiffs have any valid claims against the Receivership Estate and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs. The Bank Bondholders otherwise lack information sufficient to admit or deny, and therefore deny, the remaining allegations in this paragraph.

24.     With respect to the allegations of paragraph 24, the Bank Bondholders admit that Plaintiffs purport to assert the claims and to reserve the rights specified therein, but deny that Plaintiffs have any valid claims or rights against the Receivership Estate and state that, if they do have any such claims or rights, they are more than offset by valid claims and rights of the Receivership Estate and its creditors against Plaintiffs.

25.     The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, all allegations in paragraph 25, except Bank Bondholders admit that, from time to time, WMI made purported capital contributions to WMB, but state that, WMI was supposed to make such contributions because it was supposed to be a source of strength for WMB and, in any event, during the same time periods, WMI caused WMB to transfer substantially more funds from WMB to WMI, in purported dividends, than WMI contributed to WMB as purported capital contributions.

26.     With respect to the allegations of paragraph 26, the Bank Bondholders admit that WMB may have been insolvent at the time of the purported capital contributions, as well as at

the time of the many billions of dollars in purported dividends that WMI caused WMB to transfer to WMI; lack information sufficient to admit or deny, and therefore deny, the allegation that WMI may have been insolvent at the time of the purported capital contributions; and otherwise deny the allegations in this paragraph.

27.      The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, all allegations in paragraph 27.

28.      With respect to the allegations of paragraph 28, the Bank Bondholders admit that Plaintiffs purport to assert the claims specified therein, but deny that Plaintiffs have any valid claims against the Receivership Estate (including without limitation fraudulent transfer claims) and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs (including without limitation claims to avoid and recover, as fraudulent transfers, the purported dividends that WMI caused WMB to pay to WMI).

29.      The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations of paragraph 29, except the Bank Bondholders admit that Trust Preferred Securities (as defined in the Complaint) were offered in or about February 2006.

30.      The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations of paragraph 30.

31.      The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations of paragraph 31, except the Bank Bondholders admit that the Trust Preferred Securities were sold to investors subject to a "conditional exchange" feature, as generally described in this paragraph, and that WMI issued a press release announcing the exchange.

32.     The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations of paragraph 32.

33.     The  Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations, in paragraph 33, except the Bank Bondholders admit (a) that WMB may have been insolvent, may have had unreasonably small capital and may have been unable to pay its debt obligations as they matured at the time of the Trust Preferred Securities Assignment and (b) that WMI purports to assert the claims set forth in paragraph 33, but deny that Plaintiffs have any valid claims against the Receivership Estate (including without limitation fraudulent transfer claims) and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs (including without limitation claims to avoid and recover, as fraudulent transfers, in purported dividends that WMI caused WMB to pay to WMI).

34.     The Bank Bondholders admit that Plaintiffs purport to assert the claims specified in paragraph 34, but deny that Plaintiffs have any valid claims against the Receivership Estate (including without limitation preference claims) and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs (including without limitation claims to avoid and recover, as preferences and fraudulent transfers, the funds that WMI caused WMB to transfer to WMI prior to the date WMB was forced into receivership).

35.     The Bank Bondholders admit that Plaintiffs purport to assert the claims specified in paragraph 35, but deny that Plaintiffs have any valid claims against the Receivership Estate and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs.

36.     The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations, in paragraph 36.  The Bank Bondholders aver that to the extent that WMI transferred funds to WMB, it was supposed to make such contributions because it was supposed to be a source of strength for WMI, and, in any event, it improperly caused WMB to transfer far more to WMI than WMI transferred to WMB.

37.     The Bank Bondholders state that the allegations of paragraph 37 consist entirely of legal conclusions that require neither admission nor denial.

38.     The Bank Bondholders deny the allegations of paragraph 38.

39.     The Bank Bondholders admit that Plaintiffs purport to assert the claims specified in paragraph 39, but deny that Plaintiffs have any valid claims against the Receivership Estate (including without limitation preference claims) and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs (including without limitation claims to avoid and recover, as preferences and fraudulent transfers, the funds that WMI caused WMB to transfer to WMI prior to the date WMB was forced into receivership).

40.     The Bank Bondholders admit that Plaintiffs purport to assert the claims specified in paragraph 40, but deny that Plaintiffs have any valid claims against the Receivership Estate (including without limitation preference claims) and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs (including without limitation claims to avoid and recover, as preferences and fraudulent transfers, the funds that WMI caused WMB to transfer to WMI prior to the date WMB was forced into receivership).

41.     The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations, in paragraph 41, except the Bank Bondholders admit that certain vendors had contracts with WMI but provided services to WMB and that Plaintiffs purport to assert the claims specified in paragraph 41, but deny that Plaintiffs have any valid claims against the Receivership Estate and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs.

42.     The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 42.

43.     The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 43.

44.     The Bank Bondholders admit that Plaintiffs purport to assert the claims specified in paragraph 44, but deny that Plaintiffs have any valid claims against the Receivership Estate and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs.

45.     The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 45, except the Bank Bondholders admit that Plaintiffs purport to assert the claim specified in paragraph 45, but deny that Plaintiffs have any valid claims against the Receivership Estate and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs.

46.     The Bank Bondholders admit that Plaintiffs purport to reserve their rights to make additional claims, as specified in paragraph 46, but deny that Plaintiffs have any valid claims against the Receivership Estate and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs.

47. The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations of paragraph 47. The Bank Bondholders further reserve the right to assert that any and all purported demand deposits maintained by WMI with WMB are properly treated as capital, are otherwise the property of the Receivership Estate, and/or are subject to Section 9.5 of the P&A.

48. The Bank Bondholders lack information sufficient to admit or deny, and therefore deny the allegations, of paragraph 48. The Bank Bondholders also refer Plaintiffs to their response to paragraph 47.

49. The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 49, except the Bank Bondholders admit that Plaintiffs purport to assert the claims specified in paragraph 49, but deny that Plaintiffs have any valid claims against the Receivership Estate and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs.

50. The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 50, except the Bank Bondholders admit that Plaintiffs purport to assert the claim specified in paragraph 50, but deny that Plaintiffs have any valid claims against the Receivership Estate and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs.

51. The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 51, except the Bank Bondholders admit that Plaintiffs purport to assert the claims specified in paragraph 51, but deny that Plaintiffs have any valid claims against the Receivership Estate and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs.

52.     The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 52, except the Bank Bondholders admit that WMI sponsored employee benefit plans that covered WMB employees and that Plaintiffs purport to reserve the right to assert a claim as described in paragraph 52, but deny that Plaintiffs have any valid claims against the Receivership Estate and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs.

53.     The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 53, except the Bank Bondholders admit that Plaintiffs purport to assert the claim described in paragraph 53, but deny that Plaintiffs have any valid claims against the Receivership Estate and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs.

54.     The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 54, except the Bank Bondholders admit that Plaintiffs purport to assert the claim described in paragraph 54, but deny that Plaintiffs have any valid claims against the Receivership Estate and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs.

55.     The Bank Bondholders admit that Plaintiffs purport to reserve the right to assert the claims described in paragraph 55, but deny that Plaintiffs have any valid claims against the Receivership Estate and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs.

56.     The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 56, except the Bank Bondholders admit that Plaintiffs purport to assert or purport to reserve the right to assert the claims described in paragraph 56, but deny

that Plaintiffs have any valid claims against the Receivership Estate and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs.

57.     The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 57, except the Bank Bondholders admit that Plaintiffs purport to assert the claim described in paragraph 57, but deny that Plaintiffs have any valid claims against the Receivership Estate and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs.

58.     The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 58, except the Bank Bondholders admit that Plaintiffs purport to assert the claims described in paragraph 58, but deny that Plaintiffs have any valid claims against the Receivership Estate and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs.

59.     The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 59, except the Bank Bondholders admit that Plaintiffs purport to assert the claims described in paragraph 59, but deny that Plaintiffs have any valid claims against the Receivership Estate and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs.

60.     The Bank Bondholders admit that Plaintiffs purport to assert the claims described in paragraph 60, but deny that Plaintiffs have any valid claims against the Receivership Estate and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs.

61.     The Bank Bondholders admit that Plaintiffs purport to assert the claim described in paragraph 61, but deny that Plaintiffs have any valid claims against the Receivership Estate and state that, if they do have any such claims, they are more than offset by valid claims of the Receivership Estate and its creditors against Plaintiffs.

62.     The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 62.

63.     The Bank Bondholders admit, on information and belief, that the FDIC disallowed Plaintiffs' claims and otherwise lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 63.

64.     The Bank Bondholders admit, on information and belief, that the FDIC disallowed Plaintiffs' claims and otherwise lack information sufficient to admit or deny, and therefore deny, the remaining allegations in paragraph 64.

65.     The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 65.

66.     The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 66.

67.     The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 67.

68.     The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 68.

69.     The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 69.

70.     The Bank Bondholders state that the allegations of paragraph 70 consist entirely of legal conclusions that require neither admission nor denial and refer Plaintiffs to the text of the statutory section cited, which speaks for itself.

71.     The Bank Bondholders deny the allegations of paragraph 71.

72.     The Bank Bondholders state that the allegations of paragraph 72 consist entirely of legal conclusions that require neither admission nor denial and refer Plaintiffs to the text of the statutory section cited, which speaks for itself.

73.     The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 73.

74.     The Bank Bondholders state that the allegations of paragraph 74 consist entirely of legal conclusions that require neither admission nor denial and refer Plaintiffs to the text of the statutory section cited, which speaks for itself.

75.     The Bank Bondholders state that the allegations of paragraph 75 consist entirely of legal conclusions that require neither admission nor denial and refer Plaintiffs to the text of the statutory section cited, which speaks for itself.

76.     The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 76.

77.     The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 77.

78.     The Bank Bondholders incorporate by reference their responses to paragraphs 5 through 77 as if fully set forth herein.

79.     The Bank Bondholders state that the allegations of paragraph 79 consist entirely of legal conclusions that require neither admission nor denial and refer Plaintiffs to the text of the statutory section and cases cited, which speak for themselves.

80.     The Bank Bondholders deny the allegations of paragraph 80.

81.     The Bank Bondholders incorporate by reference their responses to paragraphs 5 through 80 as if fully set forth herein.

82.     The Bank Bondholders refer Plaintiffs to the complete text of the press release, which speaks for itself, and otherwise lack information sufficient to admit or deny, and therefore deny, the remaining allegations in paragraph 82.

83.     The Bank Bondholders refer Plaintiffs to the complete text of the press release, which speaks for itself, and otherwise lack information sufficient to admit or deny, and therefore deny, the remaining allegations in paragraph 83.

84.     With respect to the first sentence of paragraph 84, the Bank Bondholders admit, on information and belief, that the quoted language is from a statement made by the FDIC.  With respect to the second sentence of paragraph 84, the Bank Bondholders admit, on information and believe, that, unless the Receivership Estate recovers on its substantial and valid claims against Plaintiffs, or the Bank Bondholders and other bona fide creditors of WMB, are able to pierce the corporate veil or otherwise recover on their claims from Plaintiffs' bankruptcy estates, it appears unlikely that the Bank Bondholders and the other bona fide creditors of WMB will be paid in full.

85.     With respect to the allegations of paragraph 85, the Bank Bondholders refer Plaintiffs to the P&A, which speaks for itself.

86.     The Bank Bondholders lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 86.

87.     The Bank Bondholders state that Plaintiffs have no valid claims against WMB or the Receivership Estate (and, even if they do have any such claims, they are more than offset by valid claims of WMB, the Receivership Estate and its creditors against Plaintiffs) and, on this basis, deny the allegations of paragraph 87.

88.     The Bank Bondholders state that the allegations of paragraph 88 consist entirely of legal conclusions that require neither admission nor denial and refer Plaintiffs to the text of the statutory section, which speaks for itself.

89.     The Bank Defendants lack information sufficient to admit or deny, and therefore deny, the allegations in paragraph 89.

90.     The Bank Bondholders state that the first sentence of paragraph 90 consists entirely of legal conclusions that require neither admission nor denial and refer Plaintiffs to the text of the statutory section, which speaks for itself.  The Bank Bondholders state that Plaintiffs have no valid claims against WMB or the Receivership Estate (and, even if they do have any such claims, they are more than offset by valid claims of WMB, the Receivership Estate and its creditors against Plaintiffs) and, on this basis, deny the allegations in the second sentence of paragraph 90.

91.     The Bank Bondholders incorporate by reference their responses to paragraphs 5 through 90 as if fully set forth herein.

92.     The Bank Bondholders deny the allegations of paragraph 92.

93.     The Bank Bondholders incorporate by reference their responses to paragraphs 5 through 90 as if fully set forth herein.

94.     The Bank Bondholders deny the allegations of paragraph 94.

95.     The Bank Bondholders deny the allegations of paragraph 95.

96.     The Bank Bondholders incorporate by reference their responses to paragraphs 5 through 90 as if fully set forth herein.

97.     The Bank Bondholders deny the allegations of paragraph 97.

## ADDITIONAL DEFENSES

In further response to the Complaint, and without conceding that any of the defenses set forth herein are affirmative defenses for which the Bank Bondholders, the FDIC or any other defendant bear the burden of proof or are required to plead, the Bank Bondholders, upon information and belief and subject to further investigation and discovery, assert the following additional defenses:

### First Additional Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Additional Defense

Plaintiffs' claims are barred, in whole or part, by the doctrines of laches, estoppel, waiver, unclean hands and/or ratification.

### Third Additional Defense

WMI was the shareholder, not a creditor, of WMB.

### Fourth Additional Defense

Under applicable banking law, and in accordance with their own representations, Plaintiffs were supposed to act as a "source of strength" for WMB. They failed adequately to do so, and accordingly their claims are barred.

### Fifth Additional Defense

To the extent that Plaintiffs made capital contributions to WMB, they were supposed to do so under applicable law and in accordance with their own representations. They cannot now seek to avoid and recover, or otherwise undo, those contributions.

### Sixth Additional Defense

The Bank Bondholders have filed proofs of claim against Plaintiffs in Plaintiffs' bankruptcy cases (the "Proofs of Claim"). Copies of those Proofs of Claim are attached hereto as Exhibit A and incorporated herein by reference. To the extent that the facts and claims asserted in the Proofs of Claim give rise to defenses to Plaintiffs' claims, the Bank Bondholders assert all such defenses herein.

### Seventh Additional Defense

Any harm to Plaintiffs is the result of Plaintiffs' own conduct.

### Eighth Additional Defense

To the extent that Plaintiffs have any valid claims—and the Bank Bondholders deny that they do—those claims are more than offset by the valid claims of the Receivership Estate and the Bank Bondholders against Plaintiffs. Accordingly, Plaintiffs are entitled to no recovery from the Receivership Estate by reason of doctrines of setoff, recoupment and counterclaim.

### Ninth Additional Defense

The various forms of property that Plaintiffs claim they are entitled to are or were the property of WMB, not of Plaintiffs. If and to the extent such property was not sold by the FDIC to JPMC pursuant to the P&A, or is otherwise made available to satisfy claims of creditors, the

property belongs to the Receivership Estate or otherwise must be made available first to satisfy the claims of the Bank Bondholders and other legitimate creditors of WMB, not Plaintiffs.

**Tenth Additional Defense**

Without limiting the generality of the foregoing, any tax refunds already obtained or to be obtained in the future were almost entirely (if not entirely) the result of losses incurred by WMB, not by Plaintiffs. If and to the extent the right to such refunds was not sold by the FDIC to JPMC pursuant to the P&A, or such refunds are otherwise made available to satisfy claims of creditors, such refunds belong to the Receivership Estate and/or must be made available first to satisfy the claims of the Bank Bondholders and other legitimate creditors of WMB, not Plaintiffs.

**Eleventh Additional Defense**

To the extent that Plaintiffs purported to have any funds on deposit with WMB, and if and to the extent such deposits were transferred by the FDIC to JPMC pursuant to the P&A, such deposits are subject to the rights of the Receivership Estate as set forth in Section 9.5 of the P&A.

**Twelfth Additional Defense**

The Bank Bondholders reserve the right to assert and rely upon any and all additional defenses asserted by the FDIC, JPMC or any other defendant, and/or any and all additional defenses that may be developed during discovery, and reserve the right to amend this Answer to the extent necessary to assert such defense.

## RESERVATION OF RIGHTS WITH RESPECT TO PROOFS OF CLAIM

The Bank Bondholders and the Receivership Estate have substantial claims against both WMI and WMI Investment Corp., as set forth in the Proofs of Claim. Because Plaintiffs are in bankruptcy, and therefore may be protected by the automatic stay under 11 U.S.C. § 362, the

Bank Bondholders are not asserting in this Answer counterclaims for affirmative recoveries against the Plaintiffs.   The Bank Bondholders, however, reserve all of the claims, as set forth in the Proofs of Claim, which are attached hereto as Exhibit A and incorporated herein by reference.  The Bank Bondholders reserve the right to seek, to the extent necessary, relief from the automatic stay to permit this Court to adjudicate the Bank Bondholders' claims set forth in the Proofs of Claim and to award the Bank Bondholders' affirmative relief.

DATED:  June 2, 2009

Respectfully submitted,

Intervenor-Applicants Bank Bondholders

By their Attorneys,

/s/ Philip D. Anker
Philip D. Anker  (367957)
WILMER CUTLER PICKERING HALE &
DORR LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

Russell J. Bruemmer (289074)
Nancy L. Manzer (421144)
Gianna Ravenscroft (487712)
Lisa Ewart (497290)
WILMER CUTLER PICKERING HALE &
DORR LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000