UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON MUTUAL, INC. and WMI INVESTMENT CORP., <br><br>  Plaintiffs, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as receiver of Washington Mutual Bank, and FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, <br><br>  Defendants. | Case No. 1:09-cv-0533 (RMC) |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS
BY DEFENDANT FEDERAL DEPOSIT INSURANCE CORPORATION,
<u>ACTING IN ITS CORPORATE CAPACITY</u>**

Defendant the Federal Deposit Insurance Corporation, acting in its corporate capacity (FDIC-Corporate), respectfully submits this memorandum of law in support of its motion for dismissal of the complaint in this action (the Complaint) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1]

---

[1] The Federal Deposit Insurance Corporation acts in two legally distinct capacities when it acts (1) as insurer and/or regulator of depository institutions generally and (2) as the appointed receiver of specific failed depository institutions. *See, e.g., Washington Bancorp. v. F.D.I.C. (In re Washington Bancorp.)*, C.A. No. 95-1340, 1996 WL 148533, at *11-12 (D.D.C. Mar. 19, 1996). This motion to dismiss is filed solely by FDIC-Corporate and not by or on behalf of the FDIC acting as receiver of Washington Mutual Bank (FDIC-Receiver), which is represented separately in this action.

As set forth in the memorandum of law filed by the Federal Deposit Insurance Corporation acting as receiver for Washington Mutual Bank (FDIC-Receiver),[2] until September 25, 2008, plaintiff Washington Mutual, Inc. (WMI) was the thrift holding company for that bank. On that date, however, the Office of Thrift Supervision (the OTS) – the primary regulator of both Washington Mutual Bank (WMB) and WMI under federal banking law – ordered WMB to be closed and appointed FDIC-Receiver its receiver.

On the day of its appointment, FDIC-Receiver entered into a Purchase and Assumption Agreement, Whole Bank (the P&A Agreement), with JPMorgan Chase Bank, N.A. (JPMC), under which JPMC purchased substantially all of WMB's assets and assumed most of its liabilities, including all of its deposit liabilities, both insured and uninsured. *See* Compl. at ¶¶ 8, 85. FDIC-Corporate was also a party to the P&A Agreement. *Id.* at ¶ 8.

In the Complaint, WMI and its subsidiary WMI Investment Corp. (Plaintiffs) assert a variety of claims against FDIC-Receiver relating to the closing of WMB and its sale to JPMC. Plaintiffs allege that they previously asserted their claims against the WMB Receivership in the receivership claims process, that their claims were disallowed, and that they have filed this lawsuit as a result. Compl. at ¶¶ 10, 77. FDIC-R argues, on the other hand, that WMI did not assert, in its receivership proof of claim, those claims now asserted in Counts II, III, and IV of the Complaint.[3] Specifically, FDIC-R argues that the Plaintiffs did not assert, in its receivership proof of claim, its claims for conversion under the Federal Tort Claims Act and for purported

---

[2] Memorandum of Law in Support of the Partial Motion to Dismiss of Defendant Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank, *Washington Mutual, Inc. v. Federal Deposit Insurance Corporation*, No. 09-533-RMC (D.D.C. June 11, 2009) (Docket No.25.

[3] *Id.* at 10-11.

"Dissipation of WMB's Assets," *id.* at ¶¶ 81-90, 93-95 (Counts II and IV), or its takings claim, *id.* at ¶¶ 91-92 (Count III).

Regardless of whether Plaintiffs asserted, in their receivership proof of claim, those claims asserted here in Counts II-IV, the Complaint does not allege any facts whatsoever regarding FDIC-Corporate with respect to the matters set in those Counts. Nor does the Complaint allege any facts regarding FDIC-Corporate with respect to the matters set forth in Count V, i.e., Plaintiffs' claim that FDIC-Receiver's disallowance of WMI's proof of claim against the WMB receivership is "void." Compl. at ¶¶ 96-97. Therefore, Counts II-V should all be summarily dismissed as to FDIC-Corporate.

The only claim in which Plaintiffs appear to allege *any* facts as to FDIC-Corporate is their "Capital Contribution" claim. Compl. at ¶¶ 25-28. Specifically, Plaintiffs allege that

> the FDIC[4] or the [Office of Thrift Supervision] induced WMI to make one or more of the Capital Contributions [to WMB] at a time when such agencies knew or should have known that appointment of the FDIC as receiver for WMB was imminent.
> 28. Accordingly, if WMI was insolvent at the time any of the Capital Contributions were made, WMI asserts a fraudulent transfer claim pursuant to sections 544 and 548 of the Bankruptcy Code in an amount up to $6.5 billion.

*Id.* at ¶¶ 27-28. This claim is one of various claims against the WMB receivership, disallowed by FDIC-Receiver, as to which Plaintiffs seek a judicial determination in part of Count I of the Complaint.

As FDIC-Receiver has pointed out, the Complaint not only fails to allege facts sufficient to state a claim with respect to this "Capital Contribution" theory, it currently alleges facts that

---

[4] The Complaint states that "[t]his Complaint uses 'FDIC' to refer to FDIC-Receiver and FDIC-Corporate collectively." Compl. at ¶ 2. However, the WMB receivership did not exist until after the appointment of the FDIC as receiver of WMB.

contradict it.[5]  For example, Plaintiffs allege that WMB "may have been insolvent at the time the Capital Contributions were made," Compl. at ¶ 26, but do not allege that it actually was insolvent.  To the contrary, Plaintiffs acknowledge that "the OTS stated that WMB qualified as 'well-capitalized' under the OTS's regulatory capital regulations through the receivership date," *id.* at ¶ 83, and contend that a liquidity crisis caused by a sudden dramatic increase in deposit withdrawals—not insolvency—led to WMB's closing, *id.* at ¶ 82.

Even if Plaintiffs were to amend their "Capital Contribution" claim, however, they could not state a claim against FDIC-Corporate over which this Court would have jurisdiction.  In Count I, Plaintiffs seek a judicial determination with respect to their various claims against the WMB receivership, including their "Capital Contribution" claim, pursuant to 12 U.S.C. § 1821(d)(6)(A).  That statutory provision allows a claimant whose claim against a receivership has been disallowed by FDIC-Receiver to file suit against FDIC-Receiver for a judicial determination of the claim.  But Congress has expressly provided that, except as set forth in that provision, "no court shall have jurisdiction over – (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver. . . ." 12 U.S.C. § 1821(d)-(13)(D).  Consequently, this Court lacks jurisdiction to review Plaintiffs' "Capital Contribution" claim insofar as it is asserted against FDIC-Corporate.

Therefore, FDIC-Corporate respectfully requests that its motion for dismissal of the Complaint be granted and that the Court grant such other and further relief as it may deem just and proper.

---

[5] Docket No. 25 at 26-27.

Respectfully submitted,

FEDERAL DEPOSIT INSURANCE CORPORATION

CHARLES L. COPE II
Senior Counsel

*/s/ Ashley Doherty*
Dorothy Ashley Doherty (D.C. Bar No. 336073)
3503 N. Fairfax Drive
VS-D7022
Arlington, Virginia 22226-3500
Telephone:  (703) 562-2377
Facsimile:   (703) 562-247
adoherty@fdic.gov
Attorneys for FDIC-Corporate

June 15, 2009

**CERTIFICATE OF SERVICE**

The undersigned attorney for the FDIC-Corporate certifies that on June 15, 2009, she caused a copy of the foregoing document to be filed via ECF which will cause electronic notice of its filing to be served on all parties who have appeared in this action.

*/s/ Ashley Doherty*