UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON MUTUAL, INC., and WASHINGTON INVESTMENT CORP., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CPORATION, in its capacity as receiver of Washington Mutual Bank, and FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, <br><br> Defendants. | Case No. 1:09-cv-0533 (RMC) <br><br><br> ORAL ARGUMENT REQUESTED |

# FDIC-CORPORATE'S REPLY BRIEF
# IN SUPPORT OF MOTION TO DISMISS

The Federal Deposit Insurance Corporation, acting in its Corporate capacity (FDIC-Corporate) respectfully submits the following reply memorandum in support of its Motion to Dismiss. Dkt. 27.[1] As in its opening brief, FDIC-Corporate also relies on the arguments set forth in the memorandum filed by FDIC-Receiver in support of its motion to dismiss. Fed. R. Civ. P. 10(c).

## ARGUMENT

### *Standard of Review*

In their memorandum in opposition to the FDIC's Motion, Washington Mutual, Inc. and WMI Investment Corp. (collectively, WMI) urge this Court to reject the proposition that they "must allege specific facts with respect to FDIC-Corporate," contending that they "have alleged

---

[1] "Dkt." Refers to the Docket Number of the court document cited.

joint action by FDIC-Corporate and FDIC-Receiver, and no further specifics about FDIC-Corporate's involvement are required." WMI Br., Dkt. 42 at 35, 36.[2]

WMI is mistaken. A month before WMI's brief was filed, the Supreme Court outlined a "two-pronged approach" to be used by a court considering a motion to dismiss: after "taking note of the elements a plaintiff must plead to state a claim," the court

> can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal,* --U.S. --, 129 S.Ct. 1937, 1947, 1950 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief' " and the complaint must be dismissed. *Id.; see also Salcedo v. Rossotti*, -- F. Supp. 2d ---, 2009 WL 2137435 (D.D.C. July 20, 2009)(Collyer, D.J.)(granting motion to dismiss, citing *Iqbal*).

In this case, WMI alleges nothing more than "joint action" by FDIC-Corporate with FDIC-Receiver, based on nothing more than the fact that FDIC-Corporate was a party to the Purchase and Assumption Agreement (P & A Agreement) by which JPMorgan Chase (JPMC) purchased most of the assets, and assumed most of the liabilities, of Washington Mutual Bank (WMB). WMI Br., Dkt. 42 at 36. But the standard of review "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and

---

[2] "WMI Br." refers to Plaintiffs' Consolidated Response to (I) the Partial Motion to Dismiss of Defendant Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank, and (II) the Motion to Dismiss of Defendant Federal Deposit Insurance Corporation, Acting in Its Corporate Capacity, *Washington Mutual Inc. v. Federal Deposit Insurance Corporation*, No. 09-533 (D.C.C. July 16, 2009).

plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal citations & quotation marks omitted).

WMI's allegations against FDIC-Corporate, which do not even address the "elements" of the claims purportedly stated, stop well short of that line.

### I. Counts I and V of WMI's Complaint Apply Only to FDIC-Receiver.

By its terms, Count I of WMI's Complaint is directed solely against FDIC-Receiver. This Count refers to "Claims set forth in the Proof of Claim." Both "Claims" and "Proof of Claim" are terms defined by WMI in its Complaint and both terms refer to "claims against the *Receivership*." Compl., Dkt. 1 at 3, ¶ 10 & 23, ¶ 79 (emphasis added). Count I states further that "[e]ach Claim is a valid and proven claim *against the Receivership* and *FDIC-Receiver* is obligated to pay such Claims . . . ." *Id.* at 24, ¶ 80 (emphasis added). As WMI acknowledges in a footnote to its memorandum in opposition, "only the Receivership, and thus FDIC-Receiver, is liable with respect to Count I." WMI Br., Dkt. 42 at 35 n. 50. Therefore, Count I should be dismissed as against FDIC-Corporate.

The same logic applies with respect to Count V, which is even more explicit than Count I. Specifically, that Count provides that:

> *FDIC-Receiver's* failure to consider Plaintiffs' Proof of Claim and the *FDIC-Receiver's* summary disallowance of the Proof of Claim without any meaningful explanation is an abrogation of *FDIC-Receiver's* statutory duties. Therefore, *FDIC-Receiver's* disallowance should be declared void and *FDIC-Receiver* should be required to reconsider Plaintiff's Proof of Claim as if *FDIC-Receiver's* January 23rd disallowance never occurred.

Compl. at 27, ¶ 97 (emphasis added.) Accordingly, Count V of the Complaint should also be dismissed as against FDIC-Corporate.

3

## II. Counts II and IV Are Subject to the Federal Tort Claims Act.

WMI concedes that the Federal Tort Claims Act (FTCA) applies to Count IV of its Complaint, stating that "[w]ith respect to Plaintiffs' . . . FTCA claim, FDIC-Corporate's conduct is subject to . . . the FTCA, like any other federal agency."  WMI Br., Dkt. 42 at 37.  The "FTCA claim" referred to is Count IV ("Conversion of Plaintiffs' Property"), where WMI alleges that "[t]he FDIC's conversion of Plaintiffs' property is actionable under the Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 2671-80)."  Compl., Dkt. 1 at 26, ¶ 95.

The FTCA is the exclusive remedy for a claim in tort seeking money damages from a federal government agency.  Under the FTCA, an agency cannot be sued in its own name; the only allowable defendant is the United States.  28 U.S.C. § 2679(a), (b)(1).[3]  *Hall v. Admin. Office of U.S. Courts*, 496 F. Supp. 2d 203, 206 (D.D.C. 2007).  Accordingly, the only allowable defendant when FDIC-Corporate is sued in tort is the United States.  *Emch v. U.S.*, 474 F. Supp. 99, 100 (E.D. Wis. 1979), *aff'd*, 630 F.2d 523 (7th Cir. 1980), *cert. denied*, 450 U.S. 966 (1981).

> The FDIC is clearly a federal agency and within the coverage of the FTCA.  *Davis v. FDIC*, 369 F. Supp. 277, 279 (D. Colo. 1974); *Freeling v. FDIC*, 221 F. Supp. 955, 956 (W.D. Okla. 1962), *aff'd per curiam*, 326 F.2d 971 (10th Cir. 1963) . . . The FTCA should therefore be the exclusive remedy for tort claims against it.

*Safeway Portland Employees' Fed. Credit Union v. Fed. Deposit Insurance Corp.*, 506 F.2d 1213, 1215 (9th Cir. 1974).  *Accord: Fed. Deposit Insurance Corp. v. Citizens Bank and Trust Co.*, 592 F.2d 364, 370 (7th Cir.), *cert. denied*, 444 U.S. 829 (1979); *Fed. Deposit Insurance*

---

[3]  Title 28 U.S.C. § 2679(a) states:

> The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

4

*Corp. v. diStefano*, 839 F. Supp. 110, 120–21 (D.R.I. 1993) (rule that tort claims must be brought against United States and not agency applies to FDIC); *Santoni v. Fed. Deposit Insurance Corp.*, 508 F. Supp. 1012, 1014 (D.P.R. 1981), *aff'd*, 677 F.2d 174 (1st Cir. 1982) (claims sounding in tort must be brought against United States, not against FDIC).

Effectively conceding this point, WMI now purports to "move to substitute the United States as the defendant for [WMI's] FTCA claim" against the FDIC, which presumably includes FDIC-Corporate.[4]  WMI Br., Dkt. 42 at 33.[5]  Regardless of whether that motion is granted, Count IV of WMI's complaint must be dismissed against FDIC-Corporate.

Like Count IV of WMI's Complaint, Count II ("Dissipation of WMB's Assets") sounds in tort.  Count IV alleges that:

> By failing to liquidate WMB in a manner allowing WMB's creditors and other claimants to recover what they would have recovered in a straight liquidation, the FDIC *breached its statutory duty* to maximize the net present value of WMB's assets.

Compl., Dkt. 1 at 25, ¶ 89 (emphasis added); *see also* WMI Br., Dkt. 42 at 36-37**.**  "A cause of action for a breach of a duty imposed by statute or case law, and not by contract, is a tort action." *J.C. Driskill, Inc. v. Abdnor*, 901 F.2d 383, 386 (4th Cir. 1990); *Fed. Deposit Insurance Corp. v. Citizens Bank,* 592 F.2d at 369.  WMI is thus attempting, in Count II, to bring a tort claim subject to the FTCA without complying with the requirements of that statute.  Accordingly, Count II, like Count IV, of WMI's Complaint must be dismissed for lack of subject matter jurisdiction as against FDIC-Corporate.

---

[4] WMI states in its memorandum in opposition that its uses the term "FDIC" to refer to FDIC-Receiver and FDIC-Corporate both.  WMI Br., Dkt. 42 at 1 n.1.

[5] WMI's motion, buried in its memorandum in opposition, does not comply with the requirements applicable to a motion to amend a pleading.  Fed. R. Civ. P. 7; LCvR 7(i).

Even if WMI could somehow escape the FTCA jurisdictional pre-requisites, the claims asserted by WMI in Counts II and IV would be outside the FTCA's limited waiver of sovereign immunity for tort claims against the United States. Congress has set out a list of exceptions to the limited grant of subject matter jurisdiction provided by the FTCA. 28 U.S.C. §§ 1346(b), 2680. Tort claims falling within any of these exceptions are barred by sovereign immunity. *See, e.g., Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Inst.*, 566 F.2d 289, 296-99 (D.C. Cir. 1977). In particular, Congress has provided an exception for:

> Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation . . . or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the government whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). The exception "applies to governmental acts that 'involve an element of judgment or choice.' " *Macharia v. U.S.*, 238 F. Supp. 2d 13, 22-23 (D.D.C. 2002), *aff'd* 334 F.3d 61 (D.C. Cir. 2003)(internal citations omitted). Its purpose " 'is to prevent judicial "second-guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort.' " *Id.* at 22, *quoting United States v. Gaubert*, 499 U.S. 315, 323 (1991).

As a basis for Count II, WMI claims in its memorandum in opposition that FDIC-Corporate "was a party to the [Purchase and Assumption Agreement]" and "acted with respect to the sale of WMB's assets to JPMC." WMI Br., Dkt. 42 at 36. As a basis for Count IV, WMI claims that FDIC-Corporate has "the same statutory rights, but also the same statutory obligations as FDIC-Corporate." *Id.* at 37. Each of these allegations clearly concerns "act[s]" of agency employees "in the execution of a statute or regulation" or "the exercise or performance or the failure to exercise or perform a discretionary function or duty" within the meaning of Section

6

2680(a). Accordingly, Counts II and IV of WMI's Complaint are barred under the FTCA and must be dismissed as against FDIC-Corporate for lack of subject matter jurisdiction.

### III. Count III Fails to State A Takings Claim Against FDIC-Corporate.

In Count III, WMI contends that:

> The FDIC's wasting of WMB's assets and failure to compensate [WMI] for their claims against WMB equivalent to what Plaintiffs would have received for such claims in a straight liquidation of WMB's assets constitutes a taking of [WMI's] property without just compensation in violation of the Fifth Amendment to the United States Constitution.

Compl., Dkt. 1 at 26, ¶ 92. But WMI's "takings" claim is being asserted in the wrong court. As the U.S. Court of Appeals for the D.C. Circuit has stated,

> [t]he remedy of just compensation is not within our jurisdiction but that of the United States Court of Federal Claims, under the Tucker Act, 28 U.S.C. § 1491 . . . . If there is a taking, and a claim for just compensation, then that is a Tucker Act matter to be pursued in the Court of Federal Claims, and not before us.

*Transmission Access Policy Study Group v. F.E.R.C.,* 225 F.3d 667, 690 (D.C. Cir. 2000); *see also* 28 U.S.C. § 1491(a)(1).

In U.S. Court of Federal Claims, "the United States [must be] designated as the party defendant." R. Ct. Fed. Cl. 10(a).[6] Nevertheless, WMI asserts that the proposition that "the United States, rather than the FDIC" should be named as the defendant to its takings claim "lacks merit." WMI Br., Dkt. 42 at 33. It purports to base this contention on *FDIC v. Meyer*, 510 U.S. 471 (1994). WMI Br., Dkt. 42 at 32-33. However, WMI points to nothing in *Meyer*'s refusal to allow "*Bivens* actions"[7] to be brought against federal agencies that contradicts the D.C. Circuit's

---

[6] The federal district courts have concurrent jurisdiction with the Court of Federal Claims over takings claims but only when the jurisdictional amount does not exceed $10,000. 28 U.S.C. § 1346(a)(2); *see also Adams v. Hinchman*, 154 F.3d 420, 426 (D.C. Cir. 1998), cert. denied, 526 U.S. 1158 (1999).
[7] "*Bivens* actions" are damages actions brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)(due process claims against individual

conclusion that takings actions belong in the Court of Federal Claims, where the United States is the only proper defendant.

In the alternative, WMI requests that "this Court substitute the United States as a defendant for the takings claim and transfer the takings claim to the United States Court of Federal Claims." WMI Br., Dkt. 42 at 33.[8]  A transfer of a "civil action" should be made, however, only if to do so would be "in the interest of justice." 28 U.S.C. § 1631. Here, WMI has failed to adduce any reasons why the "interest of justice" would be served by a transfer. Moreover, "Section 1631 directs a court to transfer an 'action' over which it lacks jurisdiction, rather than an individual claim." *Hill v. U.S. Air Force,* 795 F.2d 1067, 1070 (D.C. Cir. 1986). Nor is this a case involving "unique circumstances," WMI did not make an "understandable mistake . . . in seeking initial review in this court," and re-filing in the Court of Federal Claims will not raise any "potentially nettlesome issues concerning the applicable time limitation for seeking judicial review of the agency action under challenge." *Five Flags Pipe Line Co. v. Dept' of Transp.*, 854 F.2d 1438, 1442 (D.C. Cir. 1988). Therefore, Count III of WMI's Complaint should be dismissed.

## CONCLUSION

For the reasons stated above, FDIC-Corporate's motion for dismissal of the Complaint should be granted, and WMI's Complaint should be dismissed in its entirety as to FDIC-Corporate.

---

federal employees).

[8] Like its motion to substitute the United States as a defendant on its FTCA claims, this WMI motion is buried in its memorandum in opposition, contrary to the federal and local rules of civil procedure. Fed. R. Civ. P. 7; LCvR 7.

        Respectfully submitted,
        CHARLES L. COPE
        Senior Counsel

        By */s/ Ashley Doherty*
        D. Ashley Doherty
        D.C. Bar No. 336073
        Counsel
        Federal Deposit Insurance Corporation
        3501 Fairfax Drive, VS-D7022
        Arlington, VA 22226
        (703) 562-2377 (phone)
        (703) 562-2477 (fax)
        adoherty@fdic.gov

OF COUNSEL:
Daniel Kurtenbach
Counsel
Federal Deposit Insurance Corporation

August 6, 2009

## CERTIFICATE OF SERVICE

      I hereby certify that on this date I caused a copy of the foregoing document to be filed via ECF, which will cause electronic notice of its filing to be served on all parties who have appeared in this action.

                                                */s/ Ashley Doherty*
                                                D. Ashley Doherty

August 6, 2009