UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

WASHINGTON MUTUAL, INC., and
WMI INVESTMENT CORP.,

      Plaintiffs,

  v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, in its capacity as receiver of
Washington Mutual Bank, and FEDERAL
DEPOSIT INSURANCE CORPORATION, in
its corporate capacity,

      Defendants.

Case No. 1:09-cv-00533 (RMC)

---

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Plaintiffs Washington Mutual, Inc. and WMI Investment Corp. (collectively "WMI or "Plaintiffs"), respectfully submit this response to the notice of supplemental authority submitted by defendant Federal Deposit Insurance Corporation, acting in its corporate capacity ("FDIC-Corporate") and as receiver of Washington Mutual Bank ("FDIC-Receiver", and collectively with FDIC-Corporate, the "Defendants") in this action on August 21, 2009.

Defendants assert that the recent U.S. Court of Federal Claims decision in *Thykkuttathil v. United States*, 2009 WL 2414371 (Fed. Cl. Aug. 4, 2009) supports dismissal of Plaintiffs' takings claim in this action.  In *Thykkuttathil*, certain WMI stockholders asserted a takings claims based on the Office of Thrift Supervision's ("OTS") seizure of Washington Mutual Bank ("WMB").

The decision is irrelevant to Plaintiffs' takings claim.  Plaintiffs' claim is premised on the FDIC's expropriation of Plaintiffs' liquidation rights in WMB caused by the

FDIC's sale of WMB to JPMC for substantially less than its liquidation value.  (*See* Pls.' Consolidated Resp., Argument, IV.A.)  Plaintiffs do not claim that the appointment of FDIC-Receiver as receiver for WMB was a taking.  (*See* Pls.' Consolidated Resp., Argument, IV.B, (Docket No. 42))[1]  In contrast, the plaintiff in *Thykkutathil* argued that FDIC-Receiver's appointment was a taking because "WMB 'had not failed when it was placed into receivership." *Thykkuttathil v. United States*, No. 09-03C, 2009 WL 2414371, at *3.  The *Thykkutathil* court rejected this argument, stating:  "A takings claim will not lie for the seizure of a bank by federal regulators, even if an allegation is made that the seized bank had not yet failed when it was seized."  *Id*.  Accordingly, the *Thykkutathil* court did not address whether the FDIC's sale of WMB for less than its liquidation value is a taking of Plaintiffs' liquidation rights in WMB.

Further, *Thykkuttathil* is a juridical nullity.  The claim asserted by the WMI shareholders in *Thykkuttathil* violates the automatic stay in place following Plaintiffs' commencement of voluntary cases pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware. *See In re Washington Mutual, Inc.*, No. 08-12229 (MFW) (Bankr. D. Del.) (the "Bankruptcy Proceeding").

Section 362 of the Bankruptcy Code provides for an automatic stay of "all acts to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."  11 U.S.C. § 362(a)(3).  Actions taken in violation of the automatic stay are void *ab initio*.  *CPI Crude, Inc. v. United States Dep't of Energy*, 77 B.R. 320, 322

---

[1] Nor do Plaintiffs claim that the mere occurrence of a bank closing and subsequent liquidation of bank assets automatically constitutes a taking.  Rather, Plaintiffs claim that the circumstances at bar, in which the FDIC deprived Plaintiffs of the value due to them from WMB's liquidation by selling WMB's assets to JPMC at a sub-liquidation price, gave rise to a taking.

(D.D.C. 1987); *In re 1736 18th Street, N.W., L.P.*, 97 B.R. 121, n.2 (Bankr. D.D.C. 1989).  The claims asserted by the WMI shareholders in *Thykkuttathil* are claims that belong to WMI's estate because the conduct at issue, the OTS's seizure of WMB, was a seizure of WMI property.  Any action seeking recovery based upon the seizure of WMB is property of the WMI estate and the automatic stay precludes non-debtor parties, such as shareholders, from pursuing such causes of action.  The *Thykkutathil* action is void *ab initio* as an act taken in violation of the automatic stay.

       The FDIC also asserts that jurisdiction over Plaintiffs' takings claim can be found only in the Court of Federal Claims under the Tucker Act.  Footnote 5 of Plaintiffs' Consolidated Response rebuts the FDIC's assertion.  (*See* Pls.' Consolidated Resp., at 2 n.5 (citing *Auction Co. of Am. v. FDIC*, 132 F.3d 746, 751 (D.C. Cir. 1997)) (Docket No. 42).)

Dated: September 4, 2009                                                  Respectfully submitted,

  /s/ Adam P. Strochak  

| | |
|---|---|
| Daniel H. Bromberg (D.C. Bar No. 442716) | David R. Berz, Esq. (D.C. Bar No. 182105) |
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | Adam P. Strochak, Esq. (D.C. Bar No. 439308) |
| 555 Twin Dolphin Drive, Suite 520 | Weil, Gotshal & Manges LLP |
| Redwood Shores, CA 94306 | 1300 Eye Street, NW, Suite 900 |
| Telephone: (650) 801-5008 | Washington, DC 20005 |
| Facsimile: (650) 801-5100 | Telephone: (202) 682-7001 |
| | Facsímile: (202) 857-0939 |
| – and – | |
| | – and – |
| Peter E. Calamari | |
| David L. Elsberg | Marcia L. Goldstein, Esq. |
| Deborah K. Brown | Brian S. Rosen, Esq. |
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | Weil, Gotshal & Manges LLP |
| 51 Madison Avenue | 767 Fifth Avenue |
| New York, New York 10010 | New York, New York 10153 |
| Telephone: (212) 849-7000 | Telephone: (212) 310-8000 |
| Facsimile: (212) 849-7100 | Facsímile: (212) 310-8007 |
| | |
| | Attorneys for Plaintiffs WMI and WMI Investment |

4