# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON MUTUAL, INC., <br><br> and <br><br> WMI INVESTMENT CORP., <br><br>　　　　Plaintiffs and Counter Defendants, <br><br>　vs. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, <br><br>　　　　Defendant and Counterclaimant, <br><br> and <br><br> Bank Bondholders, <br><br>　　　　Applicants to Intervene. | CIVIL ACTION <br> 1:09-cv-00533 |

## NOTICE OF SUPPLEMENTAL AUTHORITY RELATING TO BANK BONDHOLDERS' MOTION TO INTERVENE AS DEFENDANTS

The holders of senior notes issued by Washington Mutual Bank ("WMB") listed below

(the "Bank Bondholders")[1] hereby submit this Notice of Supplemental Authority ("Notice") to

---

[1] The Bank Bondholders are Bank of Scotland plc; Fir Tree Capital Opportunity Master Fund, L.P.; Fir Tree Mortgage Opportunity Master Fund, L.P.; Fir Tree Value Master Fund, L.P.; HFR ED Select Fund IV Master Trust; Lyxor/York Fund Limited; Marathon Credit Opportunity Master Fund, Ltd.; Marathon Special Opportunity Master Fund, Ltd.; Permal York Ltd.; Quintessence Fund L.P; QVT Fund LP; The Governor and Company of the Bank of Ireland; The Värde Fund, L.P.; The Värde Fund VI-A, L.P.; The Värde Fund VII-B, L.P.; The Värde Fund VIII, L.P.; The Värde Fund IX, L.P.; The Värde Fund IX-A, L.P.; Värde Investment Partners (Offshore), Ltd.; Värde Investment Partners, L.P.; York Capital Management, L.P.; York Credit Opportunities Fund, L.P.; York Credit Opportunities Master Fund, L.P.; York Investment Master Fund, L.P.; York Select, L.P.; and York Select Master Fund, L.P.

inform the Court of an order entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on August 28, 2009 (the "Order") in two adversary proceedings related to the bankruptcy cases of Washington Mutual, Inc. and WMI Investment Corp. (collectively, "Plaintiffs" or "Debtors").[2] These adversary proceedings, Adv. Proc. Nos. 09-50934 and 09-50551 (Bankr. D. Del.) (the "Adversary Proceedings"), involve parties and issues that are also present in this case. The Order grants the Bank Bondholders' Motion to Intervene in the Adversary Proceedings and provides further support for the Bank Bondholders' Motion to Intervene as Defendants in this case.[3]

In this case, Plaintiffs sued the Federal Deposit Insurance Corporation ("FDIC") in its capacity as receiver and in its corporate capacity, seeking the allowance and payment of many billions of dollars from WMB's Receivership Estate (and from the FDIC in its corporate capacity). Complaint ¶¶ 80-95; *see also id.* at p. 27, Prayer for Relief ¶¶ 2, 5, 6. The issues in this case overlap with the issues being adjudicated in the Adversary Proceedings. Each of the three proceedings involves the Plaintiffs' claimed rights to certain alleged deposits and other questions of law and fact concerning Plaintiffs' relationship with WMB.[4] Indeed, the Plaintiffs

---

[2] Plaintiffs filed for bankruptcy on September 26, 2008. The bankruptcy cases, pending in the Bankruptcy Court for the District of Delaware, are jointly administered under Case No. 08-12229.

[3] Bank Bondholders' filed their Motion to Intervene in this case on June 3, 2009. That motion has been fully briefed. *See* Dkt. Nos. 23, 29, 30, and 33.

[4] In Adversary Proceeding No. 09-50551 ("JPMC Adversary"), commenced on March 24, 2009, JPMorgan Chase Bank N.A. ("JPMC") filed a Complaint against the Debtors, and, with respect to one count, the "Interpleader Count" (Count 8) only, against the FDIC. *See* Complaint, Dkt. No. 1, Adv. Proc. No. 09-50551 (Bankr. D. Del.). In the Interpleader Count, JPMC recognizes that, if and to the extent the certain alleged deposits that it holds represent valid liabilities payable by JPMC, there may be competing claimants to the funds: the Debtors and the Receivership Estate. Complaint ¶ 211. To avoid exposure to double liability, JPMC seeks to interplead any funds that constitute valid deposit liabilities. *Id.* at ¶ 212. In response to JPMC's Complaint, the Debtors have filed numerous counterclaims, including claims for the avoidance

have acknowledged to this Court the overlapping issues between the Adversary Proceedings and this case, noting that the "resolution of [the bankruptcy proceedings] will likely clarify a number of issues in this case. Indeed, the Bankruptcy Court is presiding over a pair of adversary proceedings concerning many of the same assets that are at issue here." *See* Memorandum of Law in Support of Plaintiffs' Motion to Dismiss the Amended Counterclaims of Defendant Federal Deposit Insurance Corporation, and to Stay the Proceedings in Their Entirety, at 2, 19-20, filed as Dkt. No. 46.

Because of this overlap, resolution of the issues in any of the three proceedings threatens to impact the Bank Bondholders' direct claims against the Plaintiffs, as asserted in their Proofs of Claim in the bankruptcy cases, and to impair the Bank Bondholders' ability to recover on their claims against the WMB Receivership Estate. Recognizing this threat to their interests, the Bank Bondholders sought to intervene in all three proceedings.

After full briefing and argument, the Bankruptcy Court granted the Bank Bondholders' Motion to Intervene in both of the Adversary Proceedings over the opposition of Plaintiffs and the FDIC. *See* August 28, 2009 Order, attached as Ex. A, and relevant portions of August 24, 2009 Hearing Transcript, attached as Ex. B. While the Bankruptcy Court's rationale for granting

---

of some $9 billion in capital contributions the Debtors made to WMB. Debtors' Answer and Counter Claims in Response to the Complaint of JPMorgan Chase Bank, N.A., dated May 29, 2009, Dkt. No. 23, at Counterclaims ¶ 93-103.

In Adversary Proceeding No. 09-50943 ("Turnover Action"), commenced on April 27, 2009, the Debtors filed a Complaint against JPMC. In the Turnover Action, Debtors seek an order requiring JPMC to "turnover" more than $4 billion in certain alleged deposits that the Debtors claim that WMB or its subsidiary, WMBfsb, held on its behalf and that are now held by JPMC. *See* Complaint, Dkt. No. 1, Adv. Proc. No. 09-50934 (Bankr. D. Del.). JPMC has filed Counterclaims against the Debtors and Cross-Claims against the FDIC in the Turnover Action seeking a declaratory judgment as to the ownership of various assets and JPMC's rights to recoupment and/or setoff with respect to any liabilities JPMC has to Debtors, including deposit liabilities; alleging fraud against WMI with respect to a $3.67 billion transfer from WMB to WMBfsb; and interpleading any remaining funds that constitute valid deposit liabilities.

the Bank Bondholders' Motion related to the Bank Bondholders' status as parties in interest in the Plaintiffs' bankruptcy cases under 11 U.S.C. § 1109, which gives them an unconditional right to intervene in the Adversary Proceedings under Federal Rule of Civil Procedure 24(a)(1), the Bank Bondholders respectfully submit that the Order also reflects the Bankruptcy Court's conclusion that the Bank Bondholders' interests are implicated in the Adversary Proceedings. Given the overlapping issues in this case and the Adversary Proceedings, the Order lends further support to the Bank Bondholders' argument that their interests are implicated in this case such that they are entitled to intervene as of right under Rule 24(a)(2).

DATED:  September 4, 2009

Respectfully submitted,

Intervenor-Applicants Bank Bondholders

By their Attorneys,

/s/ Philip D. Anker
Philip D. Anker  (367957)
WILMER CUTLER PICKERING HALE &
DORR LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

Russell J. Bruemmer (289074)
Nancy L. Manzer (421144)
Gianna Ravenscroft (487712)
Lisa Ewart (497290)
WILMER CUTLER PICKERING HALE &
DORR LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000