UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WASHINGTON MUTUAL, INC., and
WMI INVESTMENT CORP.,

        Plaintiffs,

    v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, in its capacity as receiver of
Washington Mutual Bank, and FEDERAL
DEPOSIT INSURANCE CORPORATION, in
its corporate capacity,

        Defendants.

Case No. 1:09-cv-00533 (RMC)

## PLAINTIFFS' RESPONSE TO BANK BONDHOLDERS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs Washington Mutual, Inc. and WMI Investment Corp. (together, "Plaintiffs"),[1] respectfully submit this response to the notice of supplemental authority submitted on September 4, 2009 by certain holders of senior notes (the "Bank Bondholders") issued by Washington Mutual Bank ("WMB") seeking to intervene in the above-captioned action (the "Notice") (Docket No. 62).

The Bank Bondholders assert that the recent Bankruptcy Court decision allowing their intervention into two adversary proceedings between Plaintiffs and JPMorganChase Bank, National Association ("JPMC") supports their intervention here.[2] The Bank Bondholders are

---

[1]     Plaintiffs filed their chapter 11 bankruptcy cases in the Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on September 26, 2008.  The bankruptcy cases are jointly administered under Case No. 08-12229.

[2]     In *Washington Mutual, Inc. et al. v. JPMorgan Chase Bank, N.A.*, Adv. Pro. No. 09-50934 (MFW), Plaintiffs are seeking payment of their cash deposits held and assumed by JPMC.  In *JPMorgan Chase Bank, N.A. v. Washington Mutual, Inc. et al.*, Adv. Pro. No. 09-50551 (MFW),

incorrect for two reasons. First, the Bankruptcy Court's decision was based solely upon bankruptcy-specific, Third Circuit case law that is irrelevant here. Second, the fact that the Bank Bondholders have been afforded a forum in the Bankruptcy Court to advance their claims and protect their interests, if any, militates against granting intervention in this action.

  The Bankruptcy Court based its decision to grant the Bank Bondholders' intervention on what it determined to be controlling case law, providing an absolute right to intervene in adversary proceedings arising in a bankruptcy case to "parties in interest" as defined by the Bankruptcy Code.[3] The case law is based upon the plain meaning of section 1109(b) of the Bankruptcy Code and the legislative history of the statute.[4] 11 U.S.C. 1109(b). However, section 1109(b) of the Bankruptcy Code (and the case law interpreting it) has no application here where Plaintiffs challenge the Federal Deposit Insurance Corporation's (the "FDIC") disallowance of their claims against WMB's receivership as expressly provided by the FDI Act. *See* 12 U.S.C. § 1821(d)(6). Therefore, the Bankruptcy Court's analysis and ruling has no relevance to this Court's determination. Thus, the Bank Bondholders, who themselves

---

  JPMC is seeking, among other things, declaratory judgments as to ownership rights over various assets in which both Plaintiffs and JPMC assert property interests. Plaintiffs have asserted various counterclaims.

[3] The Bankruptcy Court's ruling was clear. *See* August 24, 2009 Hearing Transcript, attached as Ex. B. to Notice, at pp. 138-39 ("I think that I will grant the motion. I think there is an absolute right to intervene. I think that the fact that the bondholders have filed a proof of claim asserting direct action claims against the debtors means they're a creditor. The claim may be disputed, but it is a claim nonetheless. 1109 gives them the right to appear and be heard on any matter in the case. The Third Circuit has held that that includes adversaries . . . . I think the *Marin* and the *Phar-Mor* cases, although *Phar-Mor* criticized *Marin*, it did not reverse that holding. I think they both stand for the proposition that there is an absolute right to intervene. I don't think either limited it specifically to creditors' committee, and I don't know how they could given the plain language of the statute, which says creditors' committee and creditor have rights to intervene.").

[4] *See In re Marin Motor Oil, Inc.*, 689 F.2d 445, 449-57 (3d Cir.1982), cert. denied, 459 U.S. 1206, (1983); *Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228 (3rd Cir. 1994).

acknowledge the basis for the Bankruptcy Court's ruling,[5] fail to provide "supplemental authority" of any kind.

Plaintiffs (and the FDIC) have opposed the Bank Bondholders' motion to intervene in this action because, *inter alia*, the FDI Act does not allow it and because the Bank Bondholders seek to assert certain claims against Plaintiffs in violation of the Bankruptcy Code's automatic stay, 11 U.S.C. §362(a).  Pursuant to the Bankruptcy Court's decision to allow the Bank Bondholders to intervene in the adversary proceedings pending before it, the Bank Bondholders will now seek to litigate the same claims before the Bankruptcy Court that they seek to assert before this Court in violation of the automatic stay.  Similarly, the Bank Bondholders will be able to protect whatever cognizable interests that they may possess before the Bankruptcy Court.  Therefore, the fact that the Bankruptcy Court allowed the Bank Bondholders to intervene, provides yet another reason to deny intervention here.

---

[5] *See* Notice at 3-4 ("the Bankruptcy Court's rationale for granting the Bank Bondholders' Motion related to the Bank Bondholders' status as parties in interest in the Plaintiffs' bankruptcy cases under 11 U.S.C. § 1109, which gives them an unconditional right to intervene in the Adversary Proceedings").

Dated: September 9, 2009                                        Respectfully submitted,

                                                                       /s/ Adam P. Strochak

Daniel H. Bromberg (D.C. Bar No. 442716)  David R. Berz, Esq. (D.C. Bar No. 182105)
Quinn Emanuel Urquhart Oliver & Hedges, LLP  Adam P. Strochak, Esq. (D.C. Bar No. 439308)
555 Twin Dolphin Drive, Suite 520  Weil, Gotshal & Manges LLP
Redwood Shores, CA 94306  1300 Eye Street, NW, Suite 900
Telephone: (650) 801-5008  Washington, DC 20005
Facsimile: (650) 801-5100  Telephone: (202) 682-7001
                                                         Facsímile: (202) 857-0939

– and –
                                                         – and –

Peter E. Calamari
David L. Elsberg  Marcia L. Goldstein, Esq.
Deborah K. Brown  Brian S. Rosen, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP  Weil, Gotshal & Manges LLP
51 Madison Avenue  767 Fifth Avenue
New York, New York 10010  New York, New York 10153
Telephone: (212) 849-7000  Telephone: (212) 310-8000
Facsimile: (212) 849-7100  Facsímile: (212) 310-8007

                                                         Attorneys for Plaintiffs WMI and WMI Investment