UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON MUTUAL, INC. and WMI INVESTMENT CORP., <br><br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, <br><br> Defendant, <br><br> – and – <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as receiver of Washington Mutual Bank, <br><br> Defendant and Counterclaim Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., <br><br> Counterclaim Defendant. | Case No. 1:09-cv-00533 (RMC) |

## JPMORGAN CHASE BANK, N.A.'S
## NOTICE OF SUPPLEMENTAL AUTHORITY

JPMorgan Chase Bank, N.A. ("JPMC") respectfully submits this Notice of Supplemental Authority to inform the Court of the September 9, 2009 opinion issued by the Honorable Kenneth M. Hoyt of the United States District Court for the Southern District of Texas in *American National Insurance Co.* v. *FDIC*, 3:09-cv-00044 (slip op. attached hereto as Exhibit A). Judge Hoyt's opinion in *American National* is relevant to

JPMC's Opposition to Plaintiffs' Motion to Dismiss the Amended Counterclaims and to Stay the Proceeding, filed on September 4, 2009 (Docket Item No. 61) (the "Opposition"), and specifically rejects arguments made by Plaintiffs in support of that motion (Docket Item No. 46) (the "Motion").

All of the claims in this action arise from the failure of Washington Mutual Bank ("WMB") and the sale by the Federal Deposit Insurance Corporation ("FDIC"), as receiver for WMB, of the failed bank's assets to JPMC. Despite having commenced this litigation by filing claims against the FDIC concerning the assets of WMB and the FDIC's conduct as receiver for WMB, Plaintiffs now ask this Court for a stay of these proceedings in favor of two later-filed actions pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Not only are Plaintiffs' claims in the Bankruptcy Court entirely redundant of their claims brought here, only this Court—not the Bankruptcy Court—has exclusive jurisdiction to adjudicate Plaintiffs' claims in light of the jurisdictional bar imposed by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 (1989) ("FIRREA"), codified in relevant part at 12 U.S.C. § 1821(d)(13)(D). (Opp. at 8-9.) In FIRREA, Congress prescribed the exclusive claims process for resolution of claims such as Plaintiffs' claims brought here and in the Bankruptcy Court seeking a determination of rights with respect to a failed bank's assets and relating to the acts of the FDIC as receiver for the failed bank. (*Id.*) WMI argues that a stay is appropriate because FIRREA is not applicable to its claims brought in the Bankruptcy Court because those claims are asserted against JPMC as the purchaser of WMB's assets from the FDIC, and not against the FDIC itself. (Mot. at 17-21.)

In *American National*, Judge Hoyt considered and rejected essentially the same argument. The *American National* plaintiffs asserted claims against JPMC relating to its acquisition of WMB's assets from the FDIC. The FDIC intervened, and JPMC and the FDIC moved to have the case transferred to the United States District Court for the District of Columbia (the "D.C. Court"), one of the two exclusive venues specified in FIRREA for hearing such claims. Plaintiffs opposed the transfer, "contend[ing] that FIRREA is inapplicable to their claims because their lawsuit is not against the FDIC." Slip Op. at 4 (quoting 12 U.S.C. § 1821(d)(6)(A)). Judge Hoyt found that the plaintiffs could not use such artful pleading to evade FIRREA, observing that the "plaintiffs[] have either misread the statute or, in an effort to craft a suit that avoids the reach of the statute, ignored the 'well pleaded complaint rule.'" *Id.* Although the causes of action were asserted against JPMC only, "[i]n truth, the plaintiffs' suit is related to the actions taken by the FDIC-Receiver when it sold substantially all of the assets of WMB to JPMC Bank on September 25, 2008." *Id.* Judge Hoyt therefore relied on the plain language of FIRREA—which expressly bars any Court except for the D.C. Court or the United States District Court for the Western District of Washington from hearing claims "relating to any act or omission of . . . the [FDIC] as receiver" of WMB, 12 U.S.C. § 1821(d)(13)(D)—to reach his decision. Slip Op. at 4-5. Judge Hoyt held that "[i]n the case at bar, the plaintiffs failed to bring their suit in either of the permissible venues. Hence, the suit may be dismissed or transferred to the District whe[re] it could have been brought." *Id.* at 5.

As required by FIRREA, as well as "[t]he intent of justice," that suit has now been transferred to the Honorable Colleen Kollar-Kotelly—and will presumably be

reassigned to this Court as a related case—to be adjudicated, not stayed. *Id.* ("The intent of justice dictates that this case be transferred to the district where a like or similar suit is currently pending—the District of Columbia."). Judge Hoyt's holding in *American National* makes clear why these proceedings must not be stayed—Congress has made the determination in the plain text of FIRREA that only this Court, not the Bankruptcy Court, should have exclusive jurisdiction to adjudicate the claims that Plaintiffs have brought in both venues. Thus, Plaintiffs' motion to stay this case in favor of the Bankruptcy Court proceedings must be denied.[1]

Dated: September 18, 2009
Washington, D.C.

Respectfully submitted,

/s/ Bruce E. Clark

Bruce E. Clark (USDC Bar No. D00144)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

OF COUNSEL:

Robert A. Sacks
Hydee R. Feldstein
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California 90067
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

Stacey R. Friedman
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

Bruce W. Hickey (D.C. Bar No. 479036)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 956-7500
Facsimile: (202) 293-6330

*Counsel for Counterclaim Defendant JPMorgan Chase Bank, N.A.*

---

[1] As Judge Hoyt noted in the subsequent denial of the plaintiffs' motion for reconsideration (attached hereto as Exhibit B), the determination of the applicability of FIRREA to claims asserted against JPMC is a purely legal question: "The matter does not turn on facts but on a question of law."