UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WASHINGTON MUTUAL, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 09-533 (RMC) |
| FEDERAL DEPOSIT INSURANCE CORPORATION, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION**

Plaintiffs Washington Mutual, Inc. ("WMI"), and WMI Investment Corp. have filed this action against the Federal Deposit Insurance Corporation ("FDIC") in its separate capacities as a corporation and as receiver for Washington Mutual Bank, Henderson, Nevada ("WMB"), a federal savings bank owned by WMI. WMI brings this case pursuant to the Federal Deposit Insurance Act, 12 U.S.C. § 1811 *et seq.*, which allows a party to seek judicial review of its claims after such claims are disallowed by the receiver. *See* 12 U.S.C. § 1821(d)(6). The Complaint effectively alleges that the FDIC, as receiver for WMB, purported to sell certain assets to J.P. Morgan Chase ("JPMC") but that such assets belonged to Plaintiffs, not to WMB, and that the FDIC owes Plaintiffs billions of dollars in compensation. *See* Compl. [Dkt. # 1]. JPMC seeks to intervene as a defendant. Dkt. # 4. As explained below, the motion to intervene will be granted.

**I. FACTS**

On September 25, 2008, the Director of the Office of Thrift Supervision ("OTS") appointed the FDIC as receiver for WMB ("FDIC-Receiver"). FDIC-Receiver immediately sold "substantially all the assets of WMB" to JPMC pursuant to a Purchase and Assumption Agreement

("P & A Agreement") dated September 25, 2008.  Compl. ¶ 8.  The following day, Plaintiffs filed for bankruptcy protection pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  *See In re Washington Mutual, Inc.*, Bankr. No. 08-12229 (Bankr. D. Del., filed Sept. 26, 2008).  In the schedules of assets submitted to the Bankruptcy Court, "WMI claimed it owned or otherwise held interests in certain WMB assets acquired by JPMC from the FDIC as receiver for WMB under the P&A."  JPMC's Mem. in Supp. of Mot. to Intervene ("JPMC's Mem.") [Dkt. # 4] at 3.  Similarly, WMI submitted claims against the FDIC-Receiver asserting that it owned or held interests in certain assets purportedly sold to JPMC pursuant to the P & A Agreement.  *Id.*

The FDIC-Receiver disallowed WMI's claims on January 23, 2009, on the grounds that, *inter alia*, WMI's claims lacked sufficient documentation, failed to state claims against the receivership, and appeared to assert claims against third parties.  *See* Compl. Ex. 2 ("Notice of Disallowance of Claim").  Thereafter, WMI filed this action pursuant to 12 U.S.C. § 1821(d)(6).  On March 24, 2009, JPMC initiated an adversary proceeding against WMI in the Bankrupcty Court, and on March 30, 2009, JPMC filed a motion to intervene in this case, in both instances seeking to assert and protect its ownership interests in the assets it purportedly purchased from the FDIC-Receiver.

## II.  APPLICABLE LAW

A movant may intervene as of right when the movant (1) makes a timely motion; (2) has an interest relating to the property or transaction which is the subject of the action; (3) is so situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest; and (4) where the movant's interests are not adequately represented by the existing parties.  Fed. R. Civ. P. 24(a); *see also Sierra Club v. Van Antwerp*,

523 F. Supp. 2d 5, 6 (D.D.C. 2007).

A party wishing to intervene also must demonstrate that it has standing under Article III of the Constitution. *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731-32 (D.C. Cir. 2003). "To establish standing under Article III, a prospective intervenor – like any party – must show: (1) injury-in-fact, (2) causation, and (3) redressability." *Id.* at 732-33. The injury alleged must be imminent; it cannot be merely hypothetical or speculative. *See Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996).

### III. ANALYSIS

For the reasons set forth below, the Court finds that JPMC is entitled to intervene in this action pursuant to Federal Rule of Civil Procedure 24(a). First, JPMC's motion to intervene was timely, having been filed only ten days after Plaintiffs commenced this action. Second, JPMC has an interest in the property or transaction which is the subject of the action. The Court agrees with JPMC that Plaintiffs' claims are "premised on the allegation that assets sold by the FDIC to JPMC . . . belong to WMI." JPMC's Mem. at 1. In Count 4 of the Complaint, for example, Plaintiffs allege that "property taken into the Receivership that (a) belonged to Plaintiffs rather than WMB, (b) was improperly transferred to WMB, and/or (c) is property that otherwise should be returned to Plaintiffs under applicable law." Compl. ¶ 94. The property to which Plaintiffs refer is the very same property JPMC purportedly purchased under the P & A Agreement. "An intervenor's interest is obvious when he asserts a claim to property that is the subject matter of the suit." *Foster v. Gueory*, 655 F.2d 1319, 1324 (D.C. Cir. 1981).

The third element required for intervention of right under Rule 24(a) is that the disposition of the action may impair the movant's ability to protect his interests. That element is met

here, as WMI is asking the Court to find that it was the owner of the property FDIC-Receiver purported to sell to JPMC or, at the very least, that its claim of ownership is colorable and the FDIC-Receiver was wrong to disallow it. Such a finding would likely impair JPMC's interests under the P & A Agreement. Finally, the Court notes none of the current parties adequately represents JPMC's interests in this matter. Plaintiffs' interests are directly opposed to those of JPMC, and the FDIC, as a government entity, must serve the public interest and adhere to federal law. The FDIC "would be shirking its duty were it to advance [JPMC's] narrower interest at the expense of its representation of the general public interest." *Dimond v. District of Columbia*, 792 F.2d 179, 192-93 (D.C. Cir. 1986); *see also Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003) (granting intervention where, although federal defendant and movant's initial positions were similar, it was not unlikely that their interests "might diverge during the course of litigation" due to their differing obligations). Therefore, JPMC has met the criteria for intervention of right in this action.

JPMC also meets the requirements for Article III standing. JPMC asserts that WMI seeks to divest it of its ownership interest in assets it purportedly purchased under the P & A Agreement. *See* JPMC's Mem. at 8. WMI argues that it merely seeks monetary damages from the FDIC; however, the Complaint clearly alleges that WMI had an ownership interest in some or all of the property the FDIC Receiver purported to transfer to JPMC. *See, e.g.*, Compl. ¶¶ 32-33, 94. Plaintiffs also made these allegations in WMI's claims to the FDIC, which WMI asks the Court to declare valid. *Id.* Prayer For Relief ¶ 1. Thus, JPMC asserts an impending injury, caused by Plaintiffs, redressable by this Court.

Plaintiffs argue, however, that the automatic stay in the bankruptcy proceeding bars JPMC from intervening and asserting a counterclaim in this matter. *See* Pls.' Mem. in Opp'n ("Pls.'

Mem.") [Dkt. # 21] at 11.  The Bankruptcy Code imposes an automatic stay prohibiting any entity from commencing or continuing any action with respect to a claim against the debtor if such claim arose prior to the filing of the bankruptcy petition and prohibiting "any act to obtain possession of property of the estate . . . or to exercise control over property of the estate." 11 U.S.C. 362(a)(1) and (3).  However, JPMC is not attempting to bring a claim against the debtor — rather, the debtor has brought claims that implicate JPMC's interests.  Thus, WMI's claim that the automatic stay applies to JPMC's proposed intervention must fail.  As the Seventh Circuit noted,

> [T]he automatic stay is inapplicable to suits by the bankrupt. . . . The fundamental purpose of bankruptcy . . . is to prevent creditors from trying to steal a march on each other, and the automatic stay is essential to accomplishing this purpose. There is, in contrast, no policy of preventing persons whom the bankrupt has sued from protecting their legal rights.

*Martin-Trigona v. Champion Federal Sav. & Loan Ass'n.*, 892 F.2d 575, 577 (7th Cir. 1989); *see also Gordon v. Whitmore (In re Merrick)*, 175 B.R. 333, 338 (B.A.P. 9th Cir. 1994) ("The automatic stay should not tie the hands of a defendant while the plaintiff debtor is given free rein to litigate."); *Justus v. Financial News Network (In re Financial News Network)*, 158 B.R. 570, 573 (S.D.N.Y. 1993) ("Since [the Bankruptcy Code] mandates a stay only of litigation against the debtor . . . it does not prevent entities against whom the debtor proceeds in an offensive posture – for example, by initiating a judicial or adversarial proceeding – from protecting their legal rights.") (internal citation and quotation marks omitted).

      Nor does the automatic stay apply to JPMC's counterclaim seeking a declaratory judgment finding that WMI does not own the property at issue.  JPMC does not seek to take possession of or assert control over WMI's cause of action here, which is rightfully part of the estate.

*See* 11 U.S.C. 541(a)(1); *Martin-Trigona*, 892 F.2d at 577 ("True, the bankrupt's cause of action is an asset of the estate; but as the defendant in the bankrupt's suit is not, by opposing that suit, seeking to take possession of it, [the automatic stay does not apply]."). Additionally, JPMC's counterclaim did not arise until after WMI filed for bankruptcy, when WMI asserted an ownership interest in the property JPMC purportedly purchased via the FDIC as receiver of WMB. The automatic stay provision of the Bankruptcy Code only applies to those claims arising prior to the filing of a bankruptcy petition. *See* 11 U.S.C. § 362(a)(1); *see also United States v. Inslaw, Inc.*, 932 F.2d 1467, 1473 (D.C. Cir. 1991) (finding that a cause of action that arises post-petition is not stayed, and therefore is not an "act to obtain possession of property of the estate" in violation of 11 U.S.C. § 362(a)(3), because to find otherwise would require finding a violation "whenever someone already in possession of property mistakenly refuses to capitulate to a bankrupt's assertion of rights in that property").

### IV. CONCLUSION

For the foregoing reasons, the Court will grant JPMC's motion to intervene [Dkt. # 4] as a defendant in this matter. A memorializing Order accompanies this Memorandum Opinion.


Date:  October 5, 2009                                /s/
                                                     ROSEMARY M. COLLYER
                                                     United States District Judge