UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WASHINGTON MUTUAL, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 09-533 (RMC) |
| FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as receiver of Washington Mutual Bank, *et al.*, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### MEMORANDUM OPINION ON BANK BONDHOLDERS MOTION TO INTERVENE AS DEFENDANTS

The plaintiffs in this case are Washington Mutual, Inc. ("WMI"), the holding company that owned Washington Mutual Bank ("WMB") before the receivership of the Federal Deposit Insurance Corporation, and WMI's affiliate, WMI Investment Corp. They complain that the FDIC disallowed their claims against WMB as asserted creditors of the Bank. Pending before the Court is a motion to intervene as a defendant, filed by the holders of senior notes issued by WMB (the "Bank Bondholders"),[1] which motion is opposed by the FDIC and the plaintiffs. For the reasons

---

[1] The Bank Bondholders are Bank of Scotland plc; Fir Tree Capital Opportunity Master Fund, L.P.; Fir Tree Mortgage Opportunity Master Fund, L.P.; Fir Tree Value Master Fund, L.P.; HFR ED Select Fund IV Master Trust; Lyxor/York Fund Limited; Marathon Credit Opportunity Master Fund, Ltd.; Marathon Special Opportunity Master Fund, Ltd.; Permal York Ltd.; Quintessence Fund L.P.; QVT Fund LP; The Governor and Company of the Bank of Ireland; The Varde Fund, L.P.; The Varde Fund VI-A, L.P.; The Varde Fund VII-B, L.P.; The Varde Fund VIII, L.P.; The Varde Fund IX, L.P.; The Varde Fund IX-A, L.P.; Varde Investment Partners (Offshore), Ltd.; Varde Investment Partners, L.P.; York Capital Management, L.P.; York Credit Opportunities Fund, L.P.; York Credit Opportunities Master Fund, L.P.; York Investment Master Fund, L.P.; York Select, L.P.; and York Select Master Fund, L.P.

set forth below, the Court will grant the motion.

## I. BACKGROUND

Although this is complex litigation, the immediate issue is not so complicated once the parties and their relationships are understood. WMB was closed by the Office of Thrift Supervision on September 25, 2008 and the FDIC was appointed to act as its receiver ("FDIC-Receiver"). Under the Federal Deposit Insurance Act (as amended, *inter alia*, by the Financial Institutions Reform, Recovery and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 ("FIRREA")), the FDIC-Receiver succeeded to "all rights, titles, powers, and privileges of" WMB, 12 U.S.C. § 1821(d)(2)(A)(i); it was empowered to operate or liquidate WMB, *id.* §§ 1821(d)(2)(B), (E); and it was charged with the responsibility for determining claims against the receivership, *id.* § 1821(d)(3). In accordance with its statutory responsibilities, FDIC-Receiver established December 30, 2008 as the deadline for filing claims.

WMI filed a proof of claim on December 30, 2008, asserting itself as a creditor of WMB. The FDIC-Receiver disallowed the claim in a letter dated January 23, 2009. Compl. ¶¶ 10, 62, 63, 64. WMI filed its complaint against this disallowance on March 20, 2009. *Id.* ¶ 77; *see* 12 U.S.C. § 1821(d)(6)(A). In contrast, the Bank Bondholders assert that their senior notes have been recognized by the FDIC-Receiver as "a legitimate liability of the receivership," and that they will be issued receivership certificates reflecting this determination. *See* Declaration of John J. Clarke, Jr., Ex. 1 (letter from FDIC claims department to holders of WMB debt ).

## II. LEGAL STANDARDS

A movant may intervene as of right when the movant (1) makes a timely motion; (2) has an interest relating to the property or transaction which is the subject of the action; (3) is so

situated that the disposition of the action may as a practical matter impair or impede the movant's ability to protect that interest; and (4) where the movant's interests are not adequately represented by the existing parties. Fed. R. Civ. P. 24(a); *see also Sierra Club v. Van Antwerp*, 523 F. Supp. 2d 5, 6 (D.D.C. 2007). In its discretion, a court also may permit intervention where the movant (1) makes a timely motion; (2) has a claim or defense; and (3) that claim or defense shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b); *see also EEOC v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998).

### III.  ANALYSIS

The FDIC-Receiver and WMI contend that intervention by the Bank Bondholders is barred by FIRREA's jurisdictional bar that provides "no court shall have jurisdiction over any claim or action . . . seeking a determination of rights with respect to, the assets of" a failed bank as to which the FDIC has been appointed receiver or that "relat[es] to any act or omission" of the FDIC as receiver. 12 U.S.C. § 1821(d)(13)(D)(I); *see Freeman v. FDIC*, 56 F.3d 1394, 1402 (D.C. Cir. 1995) (§ 1821(d) is a bar that "extends to all claims and actions against, and actions seeking a determination of rights with respect to, the assets of failed financial institutions for which the FDIC serves as receiver").

The Bank Bondholders respond that this argument is "invent[ed] out of whole cloth" because they do not want to sue the FDIC but, rather, defend the FDIC's disallowance of WMI's claim to be a creditor of WMB. They argue that Rule 24 "must permit anyone to intervene" who satisfies either of two requirements: that it "(1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede

the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). While they admittedly have no statutory right to intervene, the Bank Bondholders insist that they have an interest relating to WMI's claim against WMB because it could imperil their own chances of any recovery. Furthermore, the FDIC does not adequately represent the Bank Bondholders' interest in this action, because, as a government entity, it must serve the public interest and adhere to federal law, *see Dimond v. District of Columbia*, 792 F.2d 179, 192-93 (D.C. Cir. 1986), and as receiver to WMB, it merely stands in the shoes of the failed bank. *See O'Melveny & Myers v. FDIC*, 512 U.S. 79, 86 (1994); 12 U.S.C. § 1821(d)(2)(A)(i).

The Court recognizes that Congress has given the FDIC full authority to make allowance determinations in these circumstances but also believes that Federal Rule of Civil Procedure 24 applies once a disallowed claimant brings his case to court. In seeking to intervene in this case as defendants, the Bank Bondholders are not attempting to bring any "claim or action" that would otherwise be barred by § 1821(d)(13)(D)(I). They are seeking only to be heard with respect to their defenses to WMI's claims against the receivership estate, which claims the FDIC-Receiver and WMI concede are properly before the Court. Thus, even if the Bank Bondholders could not intervene as of right pursuant to Rule 24(a) — which it appears that they may — the Court may permit them to intervene pursuant to Rule 24(b). The Court will grant the Bank Bondholders' motion with great caution, finding that the circumstances of this case — wherein the owners of a failed bank posit themselves as creditors against other creditors with claims in the receivership — warrant full explication of the law and facts.

### IV. CONCLUSION

The motion to intervene filed by the Bank Bondholders will be granted. The Bank

Bondholders will have until October 28, 2009, to file any brief in support of or opposition to the motions to dismiss currently on the docket. A memorializing order accompanies this memorandum opinion.


Date:  October 13, 2009                              /s/
                                                    ROSEMARY M. COLLYER
                                                    United States District Judge