## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
-------------------------------------------------------------x
```

WASHINGTON MUTUAL INC.          :

                                     : Civil Action No. 1:09-cv-00533 RMC

and                           :

                                     : **ORAL HEARING REQUESTED**

WMI INVESTMENT CORP.        :

                                     :

                   Plaintiffs,       :

                                     :

             v.                       :

                                     :

FEDERAL DEPOSIT INSURANCE   :
CORPORATION                   :

                                     :

and                           :

                                     :

JPMORGAN CHASE BANK, N.A.    :

                                     :

                 Defendants.    :

                                     :

```
-------------------------------------------------------------x
```

## THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
## WASHINGTON MUTUAL, INC., AND WMI INVESTMENT CORP.'S
## MOTION TO INTERVENE AS PLAINTIFF

        Proposed Intervenor-Plaintiff the Official Committee of Unsecured Creditors of

Washington Mutual, Inc. and WMI Investment Corp. (the "Committee"), by and through its

attorneys, Pepper Hamilton LLP, hereby moves to intervene as of right as a plaintiff in this

action pursuant to Rule 24(a) of the Federal Rules of Civil Procedure.  The Committee has

significant economic and legal interests in the outcome of this litigation, which may not be

adequately represented by the current parties.  The Committee also moves this Court to exercise

its discretion to permit the Committee to intervene pursuant to Rule 24(b) of the Federal Rules of

Civil Procedure.  The Committee's and Plaintiffs' claims raise common questions of law and

fact, and the Committee's intervention will not delay or prejudice any party.  Further information

concerning the bases for granting the Committee's Motion to Intervene is set forth in the

Committee's supporting Memorandum of Law, filed herewith, and the attached Proposed Joinder

in Plaintiff's Complaint.

Pursuant to Local Civil Rule 7(m), counsel for the Committee discussed this

Motion in good faith with counsel for Plaintiffs, defendant Federal Deposit Insurance

Corporation (the "FDIC"), and defendant JPMorgan Chase Bank, N.A. ("JPMC").  Plaintiffs do

not object to this Motion.  The FDIC and JPMC oppose this Motion.

Dated: October 16, 2009

Respectfully submitted,


/s/ Matthew D. Foster
Matthew D. Foster, Esquire
(D.C. Bar No. 503057)
PEPPER HAMILTON LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, DC  20005-2004
Tel: (202) 220-1200
Fax: (202) 220-1665

Laurence Z. Shiekman, Esquire (of counsel)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
Tel: (215) 981-4000
Fax: (2150 981-4750

Attorneys for the Official Committee of Unsecured
Creditors of Washington Mutual, Inc., *et al.*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
-----------------------------------------------------------------x
WASHINGTON MUTUAL INC.                    :
                                          : Civil Action No. 1:09-cv-00533 RMC
and                                       :
                                          : ORAL HEARING REQUESTED
WMI INVESTMENT CORP.                      :
                                          :
                         Plaintiffs,      :
                                          :
               v.                         :
                                          :
FEDERAL DEPOSIT INSURANCE                 :
CORPORATION                               :
                                          :
and                                       :
                                          :
JPMORGAN CHASE BANK, N.A.                 :
                                          :
                        Defendants.       :
                                          :
-----------------------------------------------------------------x
```

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION
FOR INTERVENTION OF THE OFFICIAL COMMITTEE OF UNSECURED
<u>CREDITORS OF WASHINGTON MUTUAL, INC., AND WMI INVESTMENT CORP.</u>**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

RELIEF REQUESTED.......................................................................................................... 1

PROCEDURAL HISTORY.................................................................................................... 2

ARGUMENT ..................................................................................................................... 4

I.      THE COMMITTEE HAS ARTICLE III STANDING.................................................... 4

II.     THE COMMITTEE IS ENTITLED TO INTERVENE AS OF RIGHT ............................ 5

      A.      The Committee's Motion To Intervene Is Timely ................................. 5

      B.      The Committee Has A Cognizable Interest In The Outcome Of The
            Litigation............................................................................................... 7

      C.      Denial Of The Motion May Impair The Committee's Ability To Protect Its
            Interest.................................................................................................... 8

      D.      Existing Parties May Not Adequately Represent the Committee's Interests ......... 8

III.    THE COMMITTEE IS ENTITLED TO PERMISSIVE INTERVENTION .................... 10

      A.      The Court Has Subject Matter Jurisdiction Over the Committee's Claims.......... 11

      B.      The Committee's Motion is Timely................................................... 12

      C.      The Committee's Claims Present Common Questions of Law and Fact.............. 12

      D.      Granting Intervention Will Not Delay Or Prejudice the Original Parties............. 13

CONCLUSION................................................................................................................. 14

# TABLE OF AUTHORITIES

## CASES

*Akiachak Native Cmty v. Dep't of the Interior,*
   584 F. Supp. 2d 1 (D.D.C. 2008) ........................................................................6, 7, 9

*Butte County, Cal. v. Hogen,*
   No. 08-519, 2008 WL 2410407 (D.D.C. June 16, 2008)................................10, 12, 13

*E.E.O.C. v. Nat'l Children's Ctr., Inc.,*
   146 F.3d 1042 (D.C. Cir. 1998) ........................................................................11, 12

*Fund for Animals, Inc. v. Norton,*
   322 F.3d 728 (D.C. Cir. 2003) ..................................................................4, 7, 8, 9, 13

*Glamis Imperial Corp. v. U.S. Dep't of the Interior,*
   No. 01-530, 2001 WL 1704305 (D.D.C. Nov. 13, 2001) .........................................4, 7

*Hodgson v. United Mine Workers of Am.,*
   473 F.2d 118 (D.C. Cir. 1972) ..................................................................4, 5, 6, 9

*Lujan v. Defenders of Wildlife,*
   504 U.S. 555 (1992)...................................................................................................4

*Mass. Sch. of Law at Andover, Inc. v. United States,*
   118 F.3d 776 (D.C. Cir. 1997) ..................................................................................13

*Me-Wuk Indian Cmty of the Wilton Rancheria v. Kempthorne,*
   246 F.R.D. 315 (D.D.C. 2007)...................................................................................13

*Natural Res. Def. Council v. Costle,*
   561 F.2d 904 (D.C. Cir. 1977) .........................................................................6, 9, 10

*Nuesse v. Camp,*
   385 F.2d 694 (D.C. Cir. 1967) ...................................................................................7

*S. Utah Wilderness v. Norton,*
   No. 01-2518, 2002 WL 32617198 (D.D.C. June 28, 2002).......................................5, 7

*Trbovich v. United Mine Workers of Am.,*
   404 U.S. 528 (1972)...................................................................................................9

*United Nuclear Corp. v. Cranford Ins. Co.,*
   905 F.2d 1424 (10th Cir. 1990) ................................................................................12

*In re Vitamins Antitrust Class Actions,*
   215 F.3d 26 (D.C. Cir. 2000) .....................................................................................4

*Williams & Humbert, Ltd. v. W. & H. Trade Marks Ltd.*,
 840 F.2d 72 (D.C. Cir. 1988) ........................................................................................5

## RULES AND STATUTES

11 U.S.C. § 1102 ............................................................................................................2

11 U.S.C. § 1103 ............................................................................................................5

11 U.S.C. § 1109 ............................................................................................................5

28 U.S.C. § 1367 ..........................................................................................................11

Fed. R. Civ. P. 24 ......................................................................................................1, 4

Fed. R. Civ. P. 24(a)(1) .................................................................................................5

Fed. R. Civ. P. 24(a)(2) ...................................................................................... *passim*

Fed. R. Civ. P. 24(b)(1)(B) ................................................................................ *passim*

Fed. R. Civ. P. 24(b)(3) ...........................................................................................11, 13

Fed. R. Civ. P. 24(c) .....................................................................................................2

D.D.C. Local Rule 7(j) ..................................................................................................2

The Official Committee of Unsecured Creditors of Washington Mutual, Inc. and WMI Investment Corp. (the "Committee") respectfully submits this Memorandum of Law in support of its Motion to Intervene (the "Motion") in the matter captioned *Washington Mutual, Inc. v. Federal Deposit Ins. Corp.*, Case No. 09-00533 (the "Action").

## PRELIMINARY STATEMENT

In September 2008, the Federal Deposit Insurance Company (the "FDIC") seized Washington Mutual Bank ("WMB" or the "Bank") from Plaintiff Washington Mutual Inc. ("WMI") and immediately sold the Bank to JP Morgan Chase Bank, N.A. ("JPMC"). The sale of WMB was an extremely rushed and flawed process, and resulted in the improper transfer to JPMC of several billion dollars of assets belonging to WMI and WMI Investment Corp. (collectively, "Plaintiffs"). On the following day, Plaintiffs both commenced Chapter 11 bankruptcy proceedings in Delaware. Since that time, the FDIC has stubbornly refused to admit its mistake or take any corrective measures.

Earlier this year, Plaintiffs filed a lawsuit against the FDIC, seeking damages for the improper transfer and a declaration that the FDIC's refusal to entertain Plaintiffs' receivership claims was a violation of the FDIC's duties. As the official representative of all of the Plaintiffs' unsecured creditors, the Committee is entitled to intervene as a Plaintiff in this lawsuit. The Committee's constituents have a clear interest in the outcome of the litigation and its affect on the debtors' respective bankruptcy estates. This Court should grant the Committee's motion to intervene because the Committee has standing and meets the requirements for intervention under Fed. R. Civ. P. 24.

## RELIEF REQUESTED

By this Motion, the Committee seeks to intervene as a Plaintiff in this Action pursuant to Rule 24 of the Federal Rules of Civil Procedure. A proposed joinder in the

Complaint ("Compl.") filed by Plaintiffs  is attached hereto, in satisfaction of the requirements of

Fed. R. Civ. P. 24(c) and Rule 7(j) of the Local Rules of this District, that a motion to intervene

be accompanied by a pleading setting out the claim or defense for which intervention is sought.

## PROCEDURAL HISTORY[1]

On September 25, 2008, the Director of the Office of Thrift Supervision ("OTS")

appointed the FDIC as receiver for WMB.  *Washington Mutual, Inc. v. Federal Deposit Ins.*

*Corp.*, Case No. 09-00533, at 1 (D.D.C. Oct. 5, 2009) (order granting JPMC's motion to

intervene).  Immediately after its appointment as receiver, the FDIC sold substantially all of the

assets of WMB to Defendant JPMC pursuant to a Purchase and Assumption Agreement, Whole

Bank, dated as of September 25, 2008 (the "P&A").  (*Id*. at 1-2.)

On September 26, 2008, the Plaintiffs commenced voluntary cases in the United

States Bankruptcy Court for the District of Delaware under the Bankruptcy Code.  (*Id*. at 2.)  On

October 15, 2008, the Office of the United States Trustee appointed the Committee as the

statutory fiduciary representative of all of the Plaintiffs' unsecured creditors pursuant to 11

U.S.C. § 1102.  *In re Washington Mutual, Inc.*, Case No. 08-12229, Dkt. No. 78 (Bankr. D. Del.

Oct. 15, 2008).

On December 30, 2008, Plaintiffs filed a proof of claim with the FDIC in

connection with the WMB receivership, asserting ownership rights over certain assets seized by

the FDIC and transferred to JPMC.  (*See* Compl. ¶ 10.)

In a letter dated January 23, 2009, the FDIC disallowed Plaintiffs' claims.  (*Id*.

¶ 63.)  The FDIC's letter provided no explanation for its decision, merely stating that "[the

---

[1] The facts relevant to WMI's claims against FDIC were recited in detail in WMI's Complaint, and are not reproduced herein.  For the purposes of this motion, the Committee repeats and realleges all facts as stated therein.

claims] lack sufficient documents or specificity, they fail to state claims against the receivership, they appear to assert claims against a third party or there is no legal basis for the claims." (*Id.* ¶ 64 & Ex. 2.)

On March 20, 2009, in accordance with the FDIC's letter of notice, the Plaintiffs filed the Complaint in this Action, appealing the FDIC's decision to deny their claims and initiating this Action against the FDIC. (*See generally id.*) The Complaint alleges that the FDIC deprived Plaintiffs of a substantial amount of property including, without limitation, intercompany loans, intercompany receivables, tax-related payments and refunds, capital contributions, preferred securities, preferential transfers, property and equipment, deposits, and employment costs. (*See generally id.*) The Complaint seeks billions of dollars in damages from the FDIC. (*Id.*) On July 13, 2009, the FDIC filed its First Amended Answer and Counterclaims.

Both JPMC and the Plaintiffs have filed complaints initiating adversary proceedings in the Chapter 11 Cases, and relating to many of the same issues and claims underlying this Action. The Committee's motions to intervene in each of those adversary proceedings have been granted.

On October 5, 2009, this Court entered a Memorandum Opinion, granting JPMC's motion to intervene. (Memorandum Opinion dated Oct. 5, 2009 at 6 (Dkt. No. 66).) On October 13, 2009, this Court entered a Memorandum Opinion granting a motion to intervene on behalf of the holders of certain Senior Notes of Washington Mutual Bank (the "Bank Bondholders"). *Washington Mutual, Inc. v. Federal Deposit Ins. Corp.*, Case No. 09-00533 (D.D.C. Oct. 13, 2009) (order granting Bank Bondholders' motion to intervene).

Aside from the decisions on JPMC's and the Bank Bondholders' motions to intervene, the Court has not ruled on any other motions in this matter. No discovery conference

has taken place, and no documents have been produced by any party. This litigation is in its infancy.

The Committee now seeks to intervene in this matter as a Plaintiff to protect its rights and the rights of its constituent creditors.

## ARGUMENT

"The right of intervention conferred by Rule 24 implements the basic jurisprudential assumption that the interest of justice is best served when *all parties* with a real stake in a controversy are afforded an opportunity to be heard." *Hodgson v. United Mine Workers of Am.*, 473 F.2d 118, 130 (D.C. Cir. 1972) (emphasis supplied). Here, justice would be best served by allowing the Committee to intervene and be heard, because this Action will affect the debtor estates from which the unsecured creditors will recover the great bulk of their claims. Moreover, the Committee satisfies the applicable legal burdens: it has Article III standing and meets the standards for both intervention as of right under Fed. R. Civ. P. 24(a)(2) and permissive intervention under Fed. R. Civ. P. 24(b)(1)(B).

## I.    THE COMMITTEE HAS ARTICLE III STANDING

A party seeking to intervene in a litigation pursuant to Rule 24(a)(2) "must demonstrate that it has standing under Article III of the [U.S.] Constitution."[2] *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 731-732 (D.C. Cir. 2003) (citations omitted). To meet the test for Article III standing, a party "must show (1) an injury in fact, (2) causation, and (3) redressability." *Id.* at 733, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

---

[2] It is an open question whether a movant must demonstrate Article III standing to be granted permissive intervention in the D.C. Circuit. *In re Vitamins Antitrust Class Actions*, 215 F.3d 26, 31 (D.C. Cir. 2000); *see also Glamis Imperial Corp. v. U.S. Dep't of the Interior*, No. 01-530, 2001 WL 1704305, at *4 n.1 (D.D.C. Nov. 13, 2001) (holding that following *In re Vitamins Antitrust Class Actions*, "the court need not address whether [the movant] has standing"). However, even if a showing of standing is required, the Committee easily meets the requirements, as explained above.

The Committee easily meets this burden.[3]  The Committee and its constituents were injured when the FDIC transferred to JPMC billions of dollars of estate assets that should have been used to repay the unsecured creditors, and the FDIC's subsequent disallowance of the debtor's receivership claims exacerbated that injury.  This lawsuit can resolve the injury to the unsecured creditors by determining the damages due Plaintiffs, thereby increasing the recovery for all unsecured creditors.

## II.    THE COMMITTEE IS ENTITLED TO INTERVENE AS OF RIGHT

The Committee is entitled to intervene as of right pursuant to Fed. R. Civ. P. 24(a)(2).[4]  The D.C. Circuit "recognizes four requirements for intervention of right: (1) timeliness; (2) a cognizable interest; (3) impairment of that interest; and (4) lack of adequate representation by existing parties."  *S. Utah Wilderness v. Norton*, No. 01-2518, 2002 WL 32617198, at *5 (D.D.C. June 28, 2002), citing *Williams & Humbert, Ltd. v. W. & H. Trade Marks Ltd.*, 840 F.2d 72, 74 (D.C. Cir. 1988).  The Committee satisfies each of these requirements.

### A.    The Committee's Motion To Intervene Is Timely

Determining whether a motion to intervene is timely requires a court to look past the time elapsed since the beginning of the litigation and to examine all of the circumstances, including (1) the purpose for which intervention is sought, (2) the necessity for intervention to protect the applicant's rights, and (3) the improbability of prejudice.  *Hodgson*, 473 F.2d at 418.

---

[3] As the statutory representative of all unsecured creditors, the Committee's standing to appear in any related Chapter 11 case on behalf of its constituents is well established pursuant to 11 USC §§ 1103 and 1109. While this Action is not an adversary proceeding under Chapter 11, it is clearly related to the bankruptcy estate, and the Court should defer to the Congressional intent that Committees be permitted to be heard on all issues related to the estate.

[4] The Committee has already exercised its statutory right to intervene, pursuant to Fed. R. Civ. P. 24(a)(1) and 11 USC § 1109, in the Adversary Proceedings in the Delaware Bankruptcy Court. While, here, the Committee asserts its right of intervention pursuant to Fed. R. Civ. P.24(a)(2) and (b)(1)(B), its interest in this action is a continuation of those interests.

Of these, the critical factor is whether any delay in seeking intervention prejudiced the parties. *Akiachak Native Cmty v. Dep't of the Interior*, 584 F. Supp. 2d 1, 5 (D.D.C. 2008).

Allowing the Committee to intervene at this stage would prejudice no one. Aside from the Court's decision granting JPMC's motion to intervene, very little has happened in this litigation.[5] The Bank Bondholders' motion to intervene remains outstanding. Discovery has not begun. Adding a Plaintiff now would require virtually no additional work.

And, as will be explained in Section II.D, *infra*, intervention is necessary to protect the Committee's rights because no other entity is focused solely on maximizing the unsecured creditors' recovery.

Additionally, the Committee's purpose in seeking intervention is not to undo anything that has occurred in the litigation. Rather, the Committee intends merely to protect its own rights and to participate going forward, including in any potential settlement agreement discussions. This Circuit has repeatedly made clear that intervention for these purposes should be permitted, even if years have elapsed since the beginning of the litigation. *See Natural Res. Def. Council v. Costle*, 561 F.2d 904, 908 (D.C. Cir. 1977) (holding that district court abused its discretion in denying a motion to intervene on timeliness grounds seven years after case began, because the court failed to consider that intervention was for the purpose of participating in settlement agreement); *see also Hodgson*, 473 F.2d at 418 (finding that intervention was timely seven years after litigation began because intervenors sought only to participate in the case prospectively).

---

[5] Many of the same issues in this litigation have been raised in the Bankruptcy Court for the District of Delaware. The Committee expected to resolve those issues in that forum, but now that the court granted JPMC's and the Bank Bondholders' motion to intervene, the Committee should be a party to this litigation as well. Only ten [10] days have passed since JPMC was granted intervention.

**B.     The Committee Has A Cognizable Interest In The Outcome Of The Litigation**

Rule 24(a)(2) also requires that a movant claim an interest in the property or transaction that is the subject of the action.  Fed. R. Civ. P. 24(a)(2).  Essentially, a successful movant must demonstrate that it might suffer an injury depending on the outcome of the lawsuit. *See Glamis Imperial Corp.*, 2001 WL 1704305, at *3 (holding that the movant met the interest standard because it identified a specific injury it would suffer if the suit was successful).  The interest requirement is a fairly low hurdle, intended to dispose of separate lawsuits "by involving as many apparently concerned persons as is compatible with efficiency and due process." *Akiachak Native Cmty*, 584 F. Supp. 2d at 6, citing *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967).  It represents a liberal approach to intervention.  *S. Utah Wilderness*, 2002 WL 32617198, at *5.  The Committee easily satisfies this requirement.

As an initial matter, because the Committee has Article III standing, the Court need not spend time examining Rule 24(a)(2)'s interest requirement.  Article III standing obviates the need to demonstrate an interest.  *Fund for Animals*, 322 F.3d at 735.  However, as explained above, the Committee can demonstrate readily its interest in the subject of the litigation.  The Committee's constituent creditors loaned billions of dollars to the debtor and have yet to be repaid.  Whatever recovery these creditors do receive will come from the debtor's estate.  As this Court noted in granting JPMC's motion to intervene, Plaintiffs' claims in the Action "are premised on the allegation that assets sold by the FDIC to JPMC… belong to WMI." (Memorandum Opinion dated Oct. 5, 2009 at 3 (Dkt. No. 66) (internal quotations omitted)).  Any redress obtained from the FDIC for further diminishing the estate by wrongfully transferring

assets from WMI to JPMC will inure to the benefit of the unsecured creditors.[6]  The

Committee's interest is self-evident.

**C.      Denial Of The Motion May Impair The Committee's Ability To Protect Its Interest**

A movant seeking to intervene pursuant to 24(a)(2) must also show that the

disposition of the action ***may*** "impair or impede the movant's ability to protect its interest."  Fed.

R. Civ. P. 24(a)(2).  This requires the Court to look at the practical consequences of denying the

motion.  *Fund for Animals*, 322 F.3d at 735.  Here, the FDIC and JPMC are "asking the Court to

find that [WMI] was [not] the owner of the property FDIC-Receiver purported to sell to JPMC."

(Memorandum Opinion dated Oct. 5, 2009 at 3 (Dkt. No. 66).)  If the Defendants are successful

in their multi-faceted efforts to avoid any further payments, the estate will not recoup any of the

billions of dollars lost when the FDIC wrongfully transferred assets to JPMC.  Such a finding

would clearly impair the Committee's interests, because the estate will have been severely

impaired, and with it, the unsecured creditors who depend on the estate to recoup their own

losses.  In practical terms, denying the Committee's motion would foreclose the Committee from

pursuing the assets wrongfully transferred by the FDIC.

**D.      Existing Parties May Not Adequately Represent the Committee's Interests**

Assuming that the previous three requirements have been met, a court must grant

intervention as of right under Rule 24(a)(2) unless the existing parties adequately represent the

movant's interests.  Fed. R. Civ. P. 24(a)(2).  Demonstrating inadequacy of representation is a

minimal burden.  *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 539 n.10 (1972).  The

---

[6] If the Action and the other litigations noted in footnotes 4 and 5, *supra*, raising similar issues are all unsuccessful, the pool of assets for repaying the creditors will be significantly decreased and the creditors will have lost even more.

movant is not required to show that representation by the current parties *is* inadequate, merely that it **may be** inadequate. *Hodgson*, 473 F.2d at 419, citing *Trbovich*, 404 U.S. at 539 n.10. And "[a]lthough there may be a partial congruence of interests, that does not guarantee the adequacy of representation." *Akiachak Native Cmty*, 584 F. Supp. 2d at 7, quoting *Fund For Animals*, 322 F.3d at 737.

Moreover, as the D.C. Circuit pointed out in *Natural Resources Defense Council*, a finding that a movant's interests may not be adequately represented does not necessarily reflect on the good faith of the existing parties. 561 F.2d at 908. Rather, movants and the existing parties may well have honest disagreements on legal and factual matters which suggest that intervention is appropriate. *Id*.

Here, it is clear that the existing parties might not adequately represent the Committee's interests. Obviously, the FDIC and JPMC will not adequately represent the Committee's interests. But the Plaintiffs might not adequately represent the Committee's interests either. While Plaintiffs and the Committee appear to be similarly situated right now – in that they both want the FDIC to return billions to the estate – that does not mean that they will remain similarly situated. Plaintiffs and the Committee could also develop honest disagreements about how to proceed. For example, if the parties agree to settle this litigation, Plaintiffs and the Committee could have different views about the value of certain property and be willing to forego different claims. Plaintiffs and their Directors and Officers are subject to claims in other actions related to the events surrounding the litigation, and it is conceivable that at some point, the Committee may pursue similar claims against the Plaintiffs and/or their Directors and Officers. If either of these things (or any number of other things) should occur, the Committee's

interests will have diverged from Plaintiff's interests, and then Plaintiffs clearly will not be adequately representing the Committee's interests.

Additionally, while the Plaintiffs may attempt to maximize the estate assets to be distributed to the creditors, the Debtors themselves have nothing to gain from their efforts at maximization. Eventually, through the Chapter 11 process, the Debtors will be liquidated; Plaintiffs and their equity holders will receive nothing in that liquidation. The creditors, meanwhile, have the greatest motivation to recover assets for the estate since in so doing they can increase the amount they individually recover. When such a situation occurs and a party may provide a more vigorous and helpful supplement to the purported representative's efforts, the representation is inadequate and the movant should be allowed to intervene. *See Natural Res. Def. Council*, 561 F.2d at 912-13 (holding that representation was inadequate because (1) intervenor's participation might aid a defense of the action, and (2) while the parties' overall points of view might be the same, their particular interest may be different.) Because divergences between the Committee and Plaintiffs are easily foreseeable, the Committee has shown that representation by Plaintiffs may be inadequate.

For the foregoing reasons, the Committee is entitled to intervention as of right under Rule 24(a)(2).

## III.    THE COMMITTEE IS ENTITLED TO PERMISSIVE INTERVENTION

The Committee is also entitled to permissive intervention under Rule 24(b)(1)(B), which allows a party to intervene when it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Unlike a movant seeking intervention of right under Rule 24(a), the applicant for permissive intervention may become a party even if "existing parties adequately represent [its] interest." Fed. R. Civ. P. 24(a)(2); *see also Butte County, Cal. v. Hogen*, No. 08-519, 2008 WL 2410407, at *2 n.2 (D.D.C. June 16,

-10-

2008).  The permissive intervention standards of Rule 24(b)(1)(B) require a movant seeking to

intervene to establish three criteria: "(1) an independent ground for subject matter jurisdiction;

(2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with

the main action." *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998)

(citation omitted).  If those criteria are met, the Court will normally grant the motion to intervene

unless the intervention will "unduly delay or prejudice the adjudication of the original parties'

rights."  *See* Fed. R. Civ. P. 24(b)(3).

        The Committee easily satisfies the requirements for permissive intervention under

Rule 24(b).  The Committee's claims are clearly related to the main case and share the same

questions of law and fact, as demonstrated by the fact that the Committee seeks to join in

Plaintiffs' Complaint.  Moreover, the Committee's constituents have strong incentive to ensure

that Plaintiffs' claims against Defendant are vigorously pursued, as the Committee stands to lose

billions of dollars in unsatisfied claims should Plaintiffs fail to prevail in this Action.  Because

the Committee satisfies each of the criteria under Rule 24(b)(1)(B), and because granting the

Motion would not result in undue delay or prejudice to any existing party, the Court should grant

the Committee permission to intervene in this Action.

### A.    The Court Has Subject Matter Jurisdiction Over the Committee's Claims

        A party seeking to intervene must first show that the court has subject matter

jurisdiction over its claims.  *Nat'l Children's Ctr., Inc.*, 146 F.3d at 1046.  This requirement

derives "from the basic principle that a court may not adjudicate claims over which it lacks

subject matter jurisdiction."  *Id.*  "Under the federal supplemental jurisdiction statute, 28 U.S.C.

§ 1367, 'courts may … exercise jurisdiction over an intervenor's claims, without regard to

whether the intervention is permissive or of right, provided the claims are sufficiently related to

-11-

the main claim over which the court has federal question jurisdiction.'" *Butte County*, 2008 WL 2410407, at *2, quoting *Nat'l Children's Ctr.,* 146 F.3d at 1046.

Here, the Committee's claims are clearly sufficiently related to the main claims, as the Committee seeks to intervene by joining in Plaintiffs' complaint. The Committee is attempting to protect the same assets already contested in this Action and return them to the estate, albeit in order to distribute those assets to the unsecured creditors. Accordingly, the Court has subject matter jurisdiction over the Committee's claims.

**B.      The Committee's Motion is Timely**

Just as with intervention as of right, courts examining timeliness in the context of permissive intervention must look beyond the mere passage of time, because the primary purpose of the timeliness analysis is "to prevent prejudice in the adjudication of the rights of the existing parties." *Nat'l Children's Ctr.,* 146 F.3d at 1047, citing *United Nuclear Corp. v. Cranford Ins. Co.,* 905 F.2d 1424, 1427 (10th Cir. 1990).

Here, as explained above, although several months have passed since the filing of the complaint, there has been no significant movement in the disposition of the case. No conferences have been held and no discovery has been taken. Furthermore, the Committee seeks only to join in the already-filed complaint and to litigate prospectively. These factors all substantially reduce the risks of delay and prejudice to other parties because no existing party will be forced to prepare for litigation of new claims. Thus, based on the totality of circumstances, the Committee's Motion is timely.

**C.      The Committee's Claims Present Common Questions of Law and Fact**

Rule 24(b)(1)(B) requires that the prospective intervenor "[have] a claim or defense that shares with the main action a common question of law or fact." "This requirement is satisfied when '[t]he facts necessary to assert [the intervenor's] claim are essential[ly] the

-12-

same facts as those necessary to establish [an existing party's] claim.'" *Butte County*, 2008 WL

2410407, at \*2, quoting *Me-Wuk Indian Cmty of the Wilton Rancheria v. Kempthorne*, 246

F.R.D. 315, 320 (D.D.C. 2007).

Here, the Committee's claims undeniably share with the main action common

questions of law or fact because the Committee seeks to join Plaintiffs' Complaint without

modification.  In challenging the propriety of the FDIC's transfer of assets to JPMC together and

seeking a common goal – to recover billions of dollars for the estate – the Committee and the

Plaintiffs will face the same legal and factual questions.

> ### D.    Granting Intervention Will Not Delay Or Prejudice the Original Parties

Having established that the Committee is entitled to intervene, the Court next

must weigh whether granting intervention "will unduly delay or prejudice the adjudication of the

original parties' rights."  *See* Fed. R. Civ. P. 24(b)(3).  "The 'delay or prejudice' standard

presumably captures all the possible drawbacks of piling on parties."  *Mass. Sch. of Law at

Andover, Inc. v. United States*, 118 F.3d 776, 782 (D.C. Cir. 1997).  However, the risks of delay

and prejudice are minimal when the movant "does not seek to add any new claims," or when

"there will not be a need for additional discovery above that which would be sought by the

existing parties."  *Butte County*, 2008 WL 2410407, at \*3 (holding that movant satisfied Rule

24(b)(3) because defendant could not show how granting intervention would result in undue

delay or prejudice); *see also Fund for Animals*, 322 F.3d at 738 n.11 (permissive intervention

may be granted with no risk of undue delay or prejudice to the adverse parties when the

intervention is limited to claims raised by the original parties).

Here, the Committee does not seek to add any new claims, nor does it presently

anticipate a need for discovery beyond that contemplated by Plaintiffs.  As discussed above,

while several motions have been filed and are currently pending in this Action, there have been

no court conferences and no significant progress that would be adversely impacted by the Committee's intervention. In addition, the Committee has every incentive to litigate this Action efficiently in order that the claims of its constituents might be resolved as quickly as possible in the Chapter 11 Cases. The Committee introduces no new claims that would require the original parties to alter their positions or respond to new allegations. Thus, granting the Committee's Motion would result in undue delay or prejudice.

## **CONCLUSION**

For the reasons stated herein, the Committee's Motion for intervention as of right under Fed. R. Civ. P. 24(a)(2) and/or for permissive intervention under Fed. R. Civ. Pro. 24(b)(1)(B) should be granted. The Committee respectfully requests an oral hearing on this Motion.

Dated: October 16, 2009

Respectfully submitted,

/s/ Matthew D. Foster_____
Matthew D. Foster, Esquire
(D.C. Bar No. 503057)
PEPPER HAMILTON LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, DC  20005-2004
Tel: (202) 220-1200
Fax: (202) 220-1665

Laurence Z. Shiekman, Esquire (of counsel)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
Tel: (215) 981-4000
Fax: (2150 981-4750

Attorneys for the Official Committee of Unsecured Creditors of Washington Mutual, Inc., *et al.*

-14-

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
--------------------------------------------------------------x
WASHINGTON MUTUAL INC.                        :
                                              :  Civil Action No. 1:09-cv-00533 RMC
and                                           :
                                              :
WMI INVESTMENT CORP.                          :
                                              :
                        Plaintiffs,           :
                                              :
            v.                                
                                              
FEDERAL DEPOSIT INSURANCE                     
CORPORATION                                   
                                              
and                                           
                                              
JPMORGAN CHASE BANK, N.A.                     
                                              
                        Defendants.           :
                                              :
--------------------------------------------------------------x
                                              :
```

### JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF WASHINGTON MUTUAL, INC., AND WMI INVESTMENT CORP. IN PLAINTIFFS' COMPLAINT

The Official Committee of Unsecured Creditors of Washington Mutual, Inc. and WMI Investment Corp., as its proposed complaint in this matter, hereby joins in the Complaint filed by plaintiffs Washington Mutual, Inc. and WMI Investment Corp. (docket no. 1) and repeats, re-alleges, and adopts as its own all of the allegations and prayers for relief therein.

Dated:    October 16, 2009

Respectfully submitted,


/s/ Matthew D. Foster_____
Matthew D. Foster, Esquire
(D.C. Bar No. 503057)
PEPPER HAMILTON LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, DC  20005-2004
Tel: (202) 220-1200
Fax: (202) 220-1665

Laurence Z. Shiekman, Esquire (of counsel)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
Tel: (215) 981-4000
Fax: (2150 981-4750

Attorneys for the Official Committee of Unsecured
Creditors of Washington Mutual, Inc., *et al.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the Official Committee of Unsecured Creditors of Washington Mutual, Inc. and WMI Investment Corp.'s Motion to Intervene, with its attachments and Proposed Order, was served via the Court's ECF system on this 16th day of October, 2009, upon the following:

David R. Berz, Esq.
Adam P. Strochak, Esq.
Jennifer L. Wine, Esq.
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, NW, Suite 900
Washington, DC 20005
Telephone: (202) 682-7001
Facsimile: (202) 857-0939

Peter E. Calamari, Esq.
David Elsberg, Esq.
Deborah K. Brown, Esq.
QUINN EMANUEL URQUHART OLIVER &
HEDGES LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Daniel H. Bromberg, Esq.
QUINN EMANUEL URQUHART OLIVER &
HEDGES LLP
555 Twin Dolphin Drive, Suite 520
Redwood Shores, CA 94306
Telephone: (650) 801-5008
Facsimile: (650) 801-5100
*Counsel for Plaintiffs WMI and WMI Investment*

Dorothy A. Doherty, Esq.
FEDERAL DEPOSIT INSURANCE
CORPORATION
3501 Fairfax Drive
VSQ D-7022
Washington, DC 22226
Telephone: (703) 562-2377
Facsimile: (703) 562 2477

David Clarke, Jr., Esq.
Deana L. Cairo, Esq.
DLA PIPER LLP
500 Eighth Street, NW
Washington, DC 20004
Telephone: (202) 799-4000

John J. Clarke, Jr., Esq.
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
*Counsel for Defendant Federal Deposit
Insurance Corporation*

Bruce E. Clark
Stacey R. Friedman
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

Robert A. Sacks
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, CA 90067
Telephone: (310) 712-6600
Facsimile: (310) 712-8800

Bruce W. Hickey
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 956-7055
Facsimile: (202) 293-6330
*Counsel for Intervenor-Defendant JPMorgan
Chase Bank, N.A.*

Phillip D. Anker
WILMER CUTLER PICKERING HALE &
DORR LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8890
Facsimile: (212) 230-8888
*Counsel for Intervenor-Defendant WMB
Bondholders*

/s/ Matthew D. Foster_____
Matthew D. Foster, Esquire
(D.C. Bar No. 503057)
**PEPPER HAMILTON LLP**
Hamilton Square
600 Fourteenth Street, N.W.
Washington, DC  20005-2004
Tel: (202) 220-1200
Fax: (202) 220-1665

Laurence Z. Shiekman, Esquire (of counsel)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103
Tel: (215) 981-4000
Fax: (2150 981-4750

Attorneys for the Official Committee of Unsecured
Creditors of Washington Mutual, Inc., *et al.*