UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON MUTUAL, INC. and WMI INVESTMENT CORP.,<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity,<br><br>    Defendant,<br><br>- and -<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as receiver of Washington Mutual Bank,<br><br>    Defendant and Counterclaim Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Counterclaim Defendant. | Case No. 1:09-cv-0533 (RMC) |

**JOINDER OF FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER, IN OPPOSITION OF COUNTERCLAIM DEFENDANT JPMORGAN CHASE BANK, N.A. TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

Defendant and counterclaim plaintiff Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank (the "FDIC-Receiver"), respectfully submits this statement of points and authorities and joinder in the opposition filed by counterclaim defendant and intervenor defendant JPMorgan Chase Bank, N.A. ("JPMC") to the motion of plaintiffs

Washington Mutual, Inc. and WMI Investment Corp. (together, "WMI") for a protective order with respect to certain third-party subpoenas issued in this action by JPMC.

Plaintiffs' motion for a protective order should be denied.  JPMC has been a party to this action since it was named an additional counterclaim defendant by the FDIC-Receiver on July 13, 2009.  [D.I. 34]  Even before the Court granted JPMC's motion to intervene in this action, therefore, JPMC was empowered to issue third party subpoenas and other discovery requests, provided that the period for discovery had begun under the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 45(a)(3) (clerk must issue subpoena "to a *party* who requests it") (emphasis added); see also Fed. R. Civ. P. 34(a) ("A *party* may serve any other party a request within the scope of Rule 26(b) . . .") (emphasis added).

Plaintiffs' statements to the contrary notwithstanding, the period for discovery in this action began months ago after counsel for all entities that were then parties held the discovery conference required under Federal Rule of Civil Procedure 26(f) and this Court's Local Civil Rule 16.3.  See Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . .").  The Rule 26(f) conference was held on June 29, 2009, nearly three months before JPMC served its third-party subpoenas.  [*See* D.I. 35]  Counsel for the FDIC-Receiver invited JPMC's counsel to participate in that conference, but plaintiffs' counsel objected.  See Friedman Decl., Exh. 6.

Plaintiffs' position during the June 29, 2009 Rule 26(f) conference was that discovery in this action should be stayed.  Subsequently, plaintiffs sought to stay this entire action even though it was the plaintiffs themselves who had commenced it and that this action was the first-filed among all the pending actions concerning the disputes at issue.  The FDIC-Receiver has

always disagreed with plaintiffs' view that this action should be stayed.[1]  Plaintiffs commenced this action.  If they do not want to prosecute it, then their claims should be dismissed under Federal Rule of Civil Procedure 41(b).  Following the Rule 26(f) conference, the FDIC-Receiver stated in the parties' Joint Rule 16.3 Report, filed on July 13, 2009, "that discovery should begin promptly in this action with respect to the claims asserted by plaintiffs in Count I of their complaint and with respect to the FDIC-Receiver's counterclaims." [*See* D.I. 35 at 8]

It is not accurate, as plaintiffs assert in their motion, that the FDIC-Receiver has "refrained from taking discovery" in this action because it was "waiting for the Court's decision on the [parties'] competing proposed scheduling orders." Pl. Mem. at 8.  The FDIC-Receiver has been participating in meet-and-confer sessions with counsel for WMI and for JPMC in an effort to agree upon a mutually satisfactory schedule for discovery in all of the pending litigation.  To eliminate any doubt that the FDIC-Receiver disagrees with plaintiffs' view, however, it is today serving its first request for production of documents to plaintiffs in this action.  As the FDIC-Receiver already has set forth elsewhere, plaintiffs' motion for a stay of these proceedings is without merit and should be denied.  In any event, the stay sought by plaintiffs was not self-executing, and plaintiffs are not exempt from discovery that complies with the Federal Rules of Civil Procedure in an action that they themselves started.[2]

---

[1] Plaintiffs make the curious assertion that at the Rule 26(f) conference "the parties' principal disagreement centered on different views about the jurisdictional bar of 12 U.S.C. § 1821(d)(13)(D) and therefore whether or not WMI could proceed with its claims at all." Pl. Mem. at 5.  The FDIC-Receiver has been clear from the outset of this litigation that this Court is the *only* forum in which plaintiffs may proceed with respect to their disallowed receivership claims, *see* 12 U.S.C. § 1821(d)(6)(A), and with the exception of a claim for purported fraudulent transfers that fails to satisfy the pleading standards of Fed. R. Civ. P. 8(a), the FDIC-Receiver has filed an answer with respect to those claims in this action, which are set forth in Count I of plaintiffs' complaint, and has not moved to dismiss them.

[2] The FDIC-Receiver remains willing to work within an efficient schedule for the completion of discovery and other pre-trial matters in this action.  However, the dates proposed

**CONCLUSION**

For the foregoing reasons, and for the reasons set forth in JPMC's opposition, plaintiffs' motion for a protective order should be denied.

Dated: Washington, D.C.  
       October 26, 2009

Respectfully submitted,

 /s/ Deana L. Cairo  
David Clarke, Jr. (D.C. Bar. No. 396002)  
david.clarke@dlapiper.com  
Deana L. Cairo (D.C. Bar No. 469628)  
deana.cairo@dlapiper.com  
DLA Piper LLP (US)  
500 8th Street, N.W.  
Washington, D.C. 20004  
Tel.: (202) 799-4000  
Fax: (202) 799-5000

- and –

John J. Clarke, Jr. (admitted *pro hac vice*)  
john.clarke@dlapiper.com  
Thomas R. Califano  
DLA Piper LLP (US)  
1251 Avenue of the Americas  
New York, New York 10020  
Tel.: (212) 335-4500  
Fax: (212) 335-4501

Attorneys for  
  Federal Deposit Insurance Corporation,  
  as Receiver for Washington Mutual Bank

---

in the FDIC-Receiver's amended proposed scheduling order, which was submitted on July 14, 2009 [D.I. 37], will need to be revised to take into account the passage of time since that proposed order was submitted.

## CERTIFICATE OF SERVICE

The undersigned attorney for the FDIC-Receiver certifies that on this 26th day of October 2009, she caused a copy of the foregoing document to be filed via ECF which will cause electronic notice of its filing to be served on all parties who have appeared in this action.

        /s/ Deana L. Cairo
        Deana L. Cairo