## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON MUTUAL, INC.,<br><br>and<br><br>WMI INVESTMENT CORP.,<br><br>               Plaintiffs,<br>    vs.<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION,<br>               Defendant,<br><br>and<br><br>BANK BONDHOLDERS,<br><br>               Intervener-Defendants. | CIVIL ACTION<br>1:09-cv-00533 |

**BANK BONDHOLDERS' OPPOSITION TO MOTION FOR INTERVENTION OF THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF WASHINGTON
MUTUAL, INC. AND WMI INVESTMENT CORP.**

The holders of senior notes issued by Washington Mutual Bank ("WMB") listed below

(the "Bank Bondholders")[1] oppose the Motion for Intervention of The Official Committee of

Unsecured Creditors of Washington Mutual, Inc., and WMI Investment Corp. ("the

Committee"). The Committee—a creation of the WMI Bankruptcy Court—has no claims of its

own against the WMB Receivership and has no standing—either under Article III or under

---

[1]      The Bank Bondholders are Bank of Scotland plc; HFR ED Select Fund IV Master Trust; Lyxor/York Fund Limited; Marathon Credit Opportunity Master Fund, Ltd.; Marathon Special Opportunity Master Fund, Ltd.; Permal York Ltd.; Quintessence Fund L.P; QVT Fund LP; The Värde Fund, L.P.; The Värde Fund VI-A, L.P.; The Värde Fund VII-B, L.P.; The Värde Fund VIII, L.P.; The Värde Fund IX, L.P.; The Värde Fund IX-A, L.P.; Värde Investment Partners (Offshore), Ltd.; Värde Investment Partners, L.P.; York Capital Management, L.P.; York Credit Opportunities Fund, L.P.; York Credit Opportunities Master Fund, L.P.;York Investment Master Fund, L.P.; York Select, L.P.; and York Select Master Fund, L.P.

bankruptcy law—to pursue claims that Washington Mutual, Inc., and/or WMI Investment Corp., as debtors in possession (collectively, "WMI" or "Debtors") may have against the Receivership or others.  In addition, the Committee's interests are adequately protected by (indeed, fully aligned, with those of) WMI, a debtor in possession that, under settled bankruptcy law, has a fiduciary duty to all of its creditors to maximize the value of the bankruptcy estate.  For these reasons, the Committee's motion to intervene should be denied.

## ARGUMENT

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2).  In the D.C. Circuit, a party seeking to intervene as a plaintiff must first satisfy the basic standing requirements of Article III of the Constitution.  *Fund for Animals, Inc. v. Norton,* 322 F.3d 728, 732-33 (D.C. Cir. 2003).  Once the applicant has shown Article III standing, this Court must consider four factors:

(1)    the timeliness of the motion;

(2)    whether the applicant "claims an interest relating to the property or transaction which is the subject of the action";

(3)    whether "the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest"; and

(4)    whether "the applicant's interest is adequately represented by existing parties."

*Id.* at 731 (quoting *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998)).

Intervention as of right as a plaintiff is appropriate only when the party seeking to intervene has

standing and satisfies these four factors.  Because the Committee does not, its intervention in this case is inappropriate.

*First*, the Committee acknowledges that in order for it to intervene as a plaintiff in this case under Federal Rule of Civil Procedure 24(a)(2), it must have Article III standing.  *See* Statement of Points and Authorities n Support of the Motion for Intervention of the Committee (Dkt. 73), at 4.  But the Committee does not have standing.  The Committee's only relationship to this action is that its members are creditors of WMI, which claims to be a creditor of the WMB Receivership.  Unlike the Bank Bondholders, the Committee has no direct claims against the WMB Receivership—its interest, and those of its members, in the WMB Receivership are only indirect, through WMI; it has no claims that it could pursue against the Receivership on its own behalf.  The Committee is, with respect to the WMB Receivership, at best, a creditor of a creditor (or, more precisely, a committee representing creditors of a creditor)—and that is insufficient to give rise to standing.  *See, e.g., In re Lifeco Inv. Group.*, 173 B.R. 478, 487-88 (Bankr. D. Del. 1994), and cases cited therein (holding in bankruptcy case, no statutory or judicial support to conclude that a creditor of a creditor has standing).

Nor does the Committee have any right to pursue claims against the Receivership on behalf of WMI or the WMI bankruptcy estate:  Under well-established bankruptcy law, a debtor in possession in a Chapter 11 bankruptcy case, like WMI, has both the right and the duty to pursue claims on behalf of the bankruptcy estate.  *See, e.g., Louisiana World Exposition v. Fed. Ins. Co.*, 858 F.2d 233, 245 (5th Cir. 1988).  A creditor committee is permitted to pursue such claims derivatively on behalf of the debtor only in limited circumstances and only when it has obtained leave from the bankruptcy court to do so.  *See, e.g., Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, (3d Cir.

2003) (affirming order authorizing creditor committee to file avoidance action when debtor in possession refused to do so); *see also The Plan Committee v. PricewaterhouseCoopers, LLP*, 335 B.R. 234, 242 (D.D.C. 2005) (noting that some circuits have interpreted the Bankruptcy Code and the equitable purposes of bankruptcy law to "authorize derivative standing on creditors' committees under limited circumstances") (quoting *In re Commodore Int'l Ltd*., 262 F.3d 96, 100 (2d Cir. 2001). Here, the Committee has not sought, much less obtained, leave from the WMI bankruptcy court to pursue any claims on behalf of WMI.

*Second*, because any interests the Committee has in this action are derivative of WMI's interests, the Committee's interests are fully aligned with, and thus adequately protected by, WMI. Unlike the Bank Bondholders' intervention, this is not a situation where the interests of a private party seeking to intervene differ in nature from the party alleged to represent its interest, such as with a government entity with directives and policy concerns that are broader than or even conflicting with those of a private party. Here, WMI and the Committee share a singular goal—to maximize the WMI bankruptcy estate's recovery from the WMB Receivership. Indeed, as debtor in possession, WMI has a fiduciary duty to maximize its assets for the benefits of all creditors. *See* 11 U.S.C. § 1107 (debtor in possession shall perform all the functions and duties of a trustee); *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 352, 105 S. Ct. 1986, 1992 (1985)(trustee has the duty to maximize the value of the estate); *In re Food Barn Stores*, 107 F.3d 558, 564-65 (8th Cir. 1997) (same); *In re Martin*, 91 F.3d 389, 394 (3d Cir. 1996) (same); *In re Midway Airlines Inc*., 6 F.3d 492, 494 (7th Cir. 1993) (same).

In an attempt to avoid this total congruence of interests, the Committee argues that it and the Debtors may at some point in the future develop divergent interests. It argues, for example, that at some point the Committee may want to bring claims against the Debtors or their officers

or directors, or that the Committee and Debtors may have differing views as to settlement. Both of these examples are of course purely hypothetical. But even if they were real, they would not support intervention here. As to the first, the possibility that the Committee may assert claims against WMI or its officers and directors in the future would not change the Committee's interests in this case against the FDIC as receiver of the WMB Receivership: both it and WMI would still share the common goal of maximizing their recovery from the WMB Receivership. As to settlement, before WMI could enter into any settlement of this litigation, it would need to file a motion in the bankruptcy court, give notice to all parties in interest, including the Committee, and obtain an order from the bankruptcy court approving the settlement. *See* 11 U.S.C. § 363; Fed. R. Bankr. Proc. 9019. Thus, if the Committee is not happy with a settlement proposed by WMI, it will have an opportunity to object to the settlement in response to such a motion. Moreover, as a practical matter, because WMI needs the support of the Committee in the bankruptcy case, it almost surely will not agree to a settlement of this litigation without first consulting with the Committee. Thus, the Committee will no doubt get to express—indeed, even press—its views to the Debtors, but that does not mean it should be able separately to litigate WMI's interests in this Court when those interests are already being fully litigated by WMI itself.

Because it has no claims of its own to assert against the WMB Receivership—and thus no claim or defense that shares a common question of law or fact with the main action, *see* Fed. R. Bankr. Proc. 24(b)(1)(B)—the Committee also does not satisfy the requirements for permissive intervention. Even if the Court were to determine that the requirements of permissive intervention were satisfied, the Court should decline to exercise its discretion to permit the

Committee's intervention because the Committee's efforts here can only be wholly duplicative of WMI's.

## **Conclusion**

Because the Committee cannot satisfy the requirements for either mandatory or permissive intervention, its motion to intervene should be denied.


DATED:  October 27, 2009


Respectfully submitted,


Bank Bondholders


By their Attorneys,

/s/ Philip D. Anker
Philip D. Anker  (367957)
WILMER CUTLER PICKERING HALE &
DORR LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

Russell J. Bruemmer (289074)
Nancy L. Manzer (421144)
Gianna Ravenscroft (487712)
Lisa Ewart (497290)
WILMER CUTLER PICKERING HALE &
DORR LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000