IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON MUTUAL, INC.,<br><br>and<br><br>WMI INVESTMENT CORP.,<br><br>              Plaintiffs,<br>    vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION,<br>              Defendant,<br><br>and<br><br>BANK BONDHOLDERS,<br><br>              Intervener-Defendants. | CIVIL ACTION<br>1:09-cv-00533 |

**JOINDER OF BANK BONDHOLDERS IN MOTION OF FDIC-RECEIVER TO DISMISS THE COMPLAINT IN PART AND IN OPPOSITIONS TO PLAINTIFFS' MOTION TO DISMISS THE AMENDED COUNTERCLAIMS OF THE FDIC AND TO STAY PROCEEDINGS IN THEIR ENTIRETY**

On October 13, 2009, the District Court granted the Motion to Intervene of certain holders of senior notes issued by Washington Mutual Bank ("WMB" or the "Bank") listed below (the "Bank Bondholders").[1] At that same time, the Court also provided the Bank Bondholders

---

[1] The Bank Bondholders are Bank of Scotland plc; HFR ED Select Fund IV Master Trust; Lyxor/York Fund Limited; Marathon Credit Opportunity Master Fund, Ltd.; Marathon Special Opportunity Master Fund, Ltd.; Permal York Ltd.; Quintessence Fund L.P; QVT Fund LP; The Värde Fund, L.P.; The Värde Fund VI-A, L.P.; The Värde Fund VII-B, L.P.; The Värde Fund VIII, L.P.; The Värde Fund IX, L.P.; The Värde Fund IX-A, L.P.; Värde Investment Partners (Offshore), Ltd.; Värde Investment Partners, L.P.; York Capital Management, L.P.; York Credit Opportunities Fund, L.P.; York Credit Opportunities Master Fund, L.P.;York Investment Master Fund, L.P.; York Select, L.P.; and York Select Master Fund, L.P.

the opportunity to file briefs in support of or in opposition to any pending motions to dismiss. Pursuant to the Court's order, the Bank Bondholders state as follows:

1.     The Bank Bondholders join in the Motion to Dismiss the Complaint in Part filed by the Federal Deposit Insurance Corporation ("FDIC") as Receiver (Dkt. No. 24) as follows:

Counts II, III, and IV should be dismissed in their entirety as against the FDIC-Receiver because, as explained by the FDIC-Receiver in its Memorandum of Law in Support of Partial Motion to Dismiss of Defendant FDIC as Receiver for WMB, Dkt. No. 25 (D.D.C. June 11, 2009) ("FDIC Mem."), these claims were not asserted in WMI's receivership proof of claim and are therefore waived under applicable law.  *See* FDIC Mem. at 10-11.  In addition, as explained by the FDIC, Count III should be dismissed because, whatever claims (if any) Plaintiffs might have against FDIC-Corporate, Plaintiffs cannot assert a taking claim against the FDIC-Receiver (*see* FDIC Mem. at 15-17), and Count IV should be dismissed because Plaintiffs cannot assert a conversion claim against the FDIC-Receiver under the Federal Tort Claims Act (*see* FDIC Mem. at 17-22).[2]

Counts II and III should also be dismissed because allowance and payment of such claims would turn the statutory regime governing the priority of payments from a bank receivership on its head.  Under the FDI Act, the shareholders or holding company of a failed bank are last in priority to receive any monies that are recovered and/or held in the receivership estate:

> Subject to section 1815(e)(2)(C) of this title, amounts realized from the liquidation or other resolution of any insured depository institution by any receiver appointed for such institution shall be distributed to pay claims (other than secured claims to the extent of any such security) in the following order of priority:
>
> (i) Administrative expenses of the receiver.

---

[2]     Because the Bank Bondholders are creditors of the WMB receivership estate, they focus this Joinder on the claims directed against FDIC-Receiver rather than FDIC-Corporate.

>    (ii) Any deposit liability of the institution.
>
>    (iii) Any other general or senior liability of the institution (which is not a liability described in clause (iv) or (v)).
>
>    (iv) Any obligation subordinated to depositors or general creditors (which is not an obligation described in clause (v)).
>
>    (v) Any obligation to shareholders or members arising as a result of their status as shareholders or members (including any depository institution holding company or any shareholder or creditor of such company).

12 U.S.C § 1821(d)(11)(A).  If Plaintiffs are correct that the FDIC's sale of WMB's assets to JPMC violated the FDIC's duty to maximize the value of the WMB receivership estate and that violation gives rise to a cause of action, the claim should be against FDIC-Corporate (or the United States), not against FDIC-Receiver, and the damages should be paid to the WMB receivership estate—not to WMI—for distribution in accordance with 12 U.S.C. § 1821(d)(11)(A).  Any recovery to WMI before payment to the Bank Bondholders and other legitimate creditors of WMB would be in contravention of the statutory priority scheme and Congress' clear intent that shareholders of a failed bank be last in line to recover from a bank receivership.

Count V should also be dismissed because, as explained by the FDIC, federal law—specifically 12 U.S.C. § 1821(d)(5)(D)(i), 12 U.S.C. § 1821(d)(5)(E), and 12 U.S.C. § 1821(j)—bars Plaintiffs' request for a declaration that the FDIC-Receiver's disallowance is void.  *See* FDIC Mem. at 22-23.

Finally, to the extent that it includes Plaintiffs' claim against the WMB receivership estate for recovery of $6.5 billion of capital contributions from WMI to WMB as alleged fraudulent transfers, Count I should likewise be dismissed.  As explained by the FDIC, WMI does not allege that these contributions were made with actual intent to defraud, and WMI's

claim for "constructive fraudulent transfer" fails because (irrespective of whether they could) Plaintiffs have not alleged that WMB was insolvent on the date of any of the challenged capital contributions. *See* FDIC Mem. at 26. Accordingly, Plaintiffs' allegations are insufficient to show that Plaintiffs did not receive reasonably equivalent value—a necessary element of fraudulent conveyance under 11 U.S.C. § 548(a)(1). In addition, even if it were the case that the capital contributions otherwise satisfied the requirements for fraudulent conveyances, WMI's loss from these contributions would arise from infusions of equity in WMB made by WMI as WMB's shareholder. Accordingly, allowing payment to WMI based on its fraudulent conveyance theory for these capital contributions, ahead of payment of the Bank Bondholders' claims in their entirety, would also undermine the payment priority scheme outlined in 12 U.S.C. § 1821(d)(11)(A).

     2.    The Bank Bondholders join in the Oppositions filed by the FDIC-Receiver (Dkt. 52) and JPMorgan Chase Bank, N.A. (Dkt. 61) to Plaintiffs' Motion to Dismiss the Amended Counterclaims of the FDIC and to Stay the Proceedings in their Entirety filed by Washington Mutual, Inc. (Dkt. No. 45), and oppose the Plaintiffs' Motion to Dismiss for the reasons stated in those Oppositions.

- 5 -

DATED:  October 27, 2009


Respectfully submitted,

Bank Bondholders

By their Attorneys,

/s/ Philip D. Anker
Philip D. Anker  (367957)
WILMER CUTLER PICKERING HALE &
DORR LLP
399 Park Avenue
New York, NY 10022
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

Russell J. Bruemmer (289074)
Nancy L. Manzer (421144)
Gianna Ravenscroft (487712)
Lisa Ewart (497290)
WILMER CUTLER PICKERING HALE &
DORR LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000