UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WASHINGTON MUTUAL, INC., *et al.*,

    Plaintiffs,

    v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, *et al.*,

    Defendants.

Civil Action No. 1:09-cv-00533 (RMC)

**MEMORANDUM OF JPMORGAN CHASE BANK, N.A.
IN OPPOSITION TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF WASHINGTON MUTUAL, INC. AND
<u>WMI INVESTMENT CORP.'S MOTION TO INTERVENE AS PLAINTIFF</u>**

OF COUNSEL:

Robert A. Sacks
Hydee R. Feldstein
Stacey R. Friedman
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

Bruce E. Clark (USDC Bar No. D00144)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

Bruce W. Hickey (D.C. Bar No. 479036)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 956-7500
Facsimile: (202) 293-6330

*Counsel for Defendant JPMorgan Chase Bank, N.A.*

October 29, 2009

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................1

BACKGROUND ..........................................................................................................................2

ARGUMENT ................................................................................................................................3

I.    THE CREDITORS COMMITTEE HAS NO RIGHT TO INTERVENE UNDER RULE 24(a) BECAUSE ITS RIGHTS ARE ADEQUATELY PROTECTED BY THE EXISTING PLAINTIFFS. ...................................................................................3

II.    THE CREDITORS COMMITTEE DOES NOT MEET THE REQUIREMENTS FOR PERMISSIVE INTERVENTION UNDER RULE 24(b). ..........................................8

CONCLUSION ...........................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

\* *EEOC* v. *National Children's Center, Inc.*,
    146 F.3d 1042 (D.C. Cir. 1998) ..................................................................................9

*In re Martin*,
    91 F.3d 389 (3d Cir. 1996) ......................................................................................4, 5

\* *In re Pinnacle Brands, Inc.*,
    259 B.R. 46 (Bankr. D. Del. 2001) ..............................................................................4

*Independent Petrochemical Corp.* v. *Aetna Casualty and Surety Co.*,
    Civ. A. No. 83-3347, 1985 WL 50221 (D.D.C. Jul. 25, 1985) ..................................10

*Laker Airways Ltd.* v. *Pan American World Airways*,
    109 F.R.D. 541 (D.D.C. 1985) ....................................................................................9

*League of United Latin American Citizens* v. *Clements*,
    884 F.2d 185 (5th Cir. 1989) .....................................................................................10

\* *Massachusetts* v. *Microsoft Corp.*,
    373 F.3d 1199 (D.C. Cir. 2004) ...................................................................................9

*Massachusetts School of Law* v. *United States*,
    118 F.3d 776 (D.C. Cir. 1997) .....................................................................................9

\* *Mova Pharmaceutical Corp.* v. *Shalala*,
    140 F.3d 1060 (D.C. Cir. 1998) ...............................................................................3, 4

*Nationwide Mutual Insurance Co.* v. *National REO Management*,
    205 F.R.D. 1 (D.D.C. 2000) ......................................................................................10

\* *Official Committee of Unsecured Creditors of Cybergenics Corp.* v. *Chinery*,
    330 F.3d 548 (3d Cir. 2003) ........................................................................................4

\* *Smoke* v. *Norton*,
    252 F.3d 468 (D.C. Cir. 2001) .....................................................................................3

*United States* v. *LTV Steel Co., Inc.*,
    269 B.R. 576 (W.D. Pa. 2001) .....................................................................................5

\* *United States* v. *Nicolet, Inc.*,
    84 B.R. 30 (E.D. Pa. 1988) ..........................................................................................5

-iii-

**STATUTES**

* 11 U.S.C. § 1107 ................................................................................................................. 4, 5
* FED. R. CIV. P. 24 ............................................................................................................ *passim*
   Local Rule 7(j) ..................................................................................................................... 3, 8

**OTHER AUTHORITIES**

* 6 MOORE'S FEDERAL PRACTICE – CIVIL § 24.10(2)[b] (2008) ............................................. 10
   7C FED. PRAC. & PROC. CIV.3D § 1913 (2009) .................................................................... 10
   9 AM. JUR. 2D BANKR. § 598 (2009) ....................................................................................... 4

JPMorgan Chase Bank, N.A. ("JPMC") respectfully submits this Opposition to the Motion to Intervene (the "Motion") of the Official Committee of Unsecured Creditors of Washington Mutual, Inc. and WMI Investment Corp. (the "Creditors Committee").

## PRELIMINARY STATEMENT

JPMC is mindful that this Court recently granted JPMC's own motion to intervene, and also believes that parties with legitimate independent interests should be heard in this case so that a complete resolution may be achieved. But unlike JPMC, whose purchase of assets from the Federal Deposit Insurance Corporation as Receiver (the "FDIC") is the very target of plaintiffs' case, the Creditors Committee has no separate interest to protect. Its interest in this matter is completely derivative of the interests of the plaintiffs, who are the debtors in the Chapter 11 proceeding in which the Creditors Committee has been appointed.

The Creditors Committee does not have a basis for intervention under Federal Rule of Civil Procedure 24(a) or (b). They claim that someday they may wish to affect any settlement negotiations between the existing parties, but that role would be fulfilled in the bankruptcy court where they are afforded standing by rule. The Creditors Committee fails to articulate how their addition here will add anything to this proceeding but delay. Rather than establishing a proper basis for intervening in this case, the Creditors Committee spends most of their brief demonstrating the total congruence of interests between itself and the existing plaintiffs. Given the Creditors Committee's failure to satisfy the requirements of Rule 24 or to demonstrate any benefit that would result from their being allowed to intervene, their motion should be denied.

## BACKGROUND

By this action, Plaintiffs Washington Mutual, Inc. and WMI Investment Corp. (collectively, "WMI" or "Plaintiffs") are attempting to divest JPMC of billions of dollars worth of assets that JPMC purchased from the FDIC as Receiver for Washington Mutual Bank, Henderson, Nevada ("WMB"). Ten days after the complaint was filed, JPMC moved to intervene as a defendant in this action to protect its significant property interests in assets that Plaintiffs conceded were the subject of a Purchase & Assumption Agreement (Whole Bank) between JPMC and the FDIC, dated as of September 25, 2008 (the "P&A"). JPMC's defenses and compulsory counterclaim sought confirmation that the FDIC's disallowance of Plaintiffs' claims to WMB's assets was proper, in part because the FDIC took possession of WMB as receiver and sold substantially all of WMB's assets to JPMC under the P&A. JPMC moved for intervention because JPMC's interests were not adequately represented, *inter alia*, because as a government agency the FDIC could not advance JPMC's particular interest at the expense of its representation of the general public interest. Accordingly, this Court granted JPMC the right to intervene. (*See* D.I. 66, 67.)

Nearly seven months later, the Creditors Committee now seeks to intervene as a plaintiff in this action. Unlike JPMC's intervention, there can be no doubt that the interests of the Creditors Committee are completely and adequately represented by the Plaintiffs. Both in this action and in the bankruptcy proceedings, WMI and the Creditors Committee share a single common goal—to maximize the value of Plaintiffs' bankruptcy estate. The many joinders of the Creditors Committee in filings made by WMI in the Delaware bankruptcy proceedings confirm that the interests of these parties are one and the same. As further evidence that its interests are already represented in this litigation, the Creditors Committee's Motion merely joins the

complaint filed by WMI, rather than filing an *original* pleading as required under Local Rule 7(j). In light of the foregoing, and for the reasons that follow, the Creditors Committee's motion to intervene should be denied.

## ARGUMENT

The Creditors Committee seeks to intervene in this case pursuant to Federal Rule of Civil Procedure 24(a)(2) and (b)(1), arguing that under these provisions "***all parties*** with a real stake in a controversy are afforded an opportunity to be heard." (Comm.'s Mot. 4) (emphasis in original). This is an oversimplification. Rule 24—and the caselaw interpreting it—requires a putative intervenor to satisfy specific criteria in order to show that intervention is appropriate in the particular circumstances of a case. A "failure to satisfy any" of the required factors "is a sufficient ground for denying intervention." *Smoke* v. *Norton*, 252 F.3d 468, 472 (D.C. Cir. 2001) (Henderson, J., concurring). The Creditors Committee fails to make a showing sufficient to support intervention in this case either as of right or by permission.

**I.    THE CREDITORS COMMITTEE HAS NO RIGHT TO INTERVENE UNDER RULE 24(a) BECAUSE ITS RIGHTS ARE ADEQUATELY PROTECTED BY THE EXISTING PLAINTIFFS.**

Determining whether intervention as of right is appropriate requires consideration of the following four factors set out in Rule 24(a)(2):

> (1) the timeliness of the motion;
>
> (2) whether the movant "claims an interest relating to the property or transaction which is the subject of the action";
>
> (3) whether the movant "is so situated that the disposition of the action may as a practical matter impair or impede the [movant]'s ability to protect [its] interest"; and
>
> (4) whether existing parties "adequately represent[]" the movant's interest.

*Mova Pharmaceutical Corp.* v. *Shalala*, 140 F.3d 1060, 1074 (D.C. Cir. 1998) (quoting Fed. R. Civ. P. 24(a)). While JPMC does not dispute that the Creditors Committee may satisfy the first three factors, it is clear that the Creditors Committee makes absolutely no showing that it has any interest independent of the bankruptcy estate or that its interests are being inadequately represented. Nor could the Creditors Committee make such a showing because, as it is aware, WMI is required by law to protect the interests of the Creditors Committee.

Plaintiffs in this action are also debtors-in-possession in Chapter 11 proceedings currently being jointly administered in *In re Washington Mutual, Inc.*, 1:08-bk-12229-MFW (Bankr. D. Del.) (the "Bankruptcy Proceeding").[1] Because no trustee has been appointed under 11 U.S.C. § 1107, Plaintiffs have all the fiduciary duties of a trustee. *See*, *e.g.*, *Official Comm. of Unsecured Creditors of Cybergenics Corp.* v. *Chinery*, 330 F.3d 548, 557 n.4 (3d Cir. 2003) ("[S]ection 1107 gives Chapter 11 debtors-in-possession all powers normally associated with trustees in the usual event that no trustee is appointed."). It is black-letter law that one of these duties is to protect and preserve the assets of the bankruptcy estate. 9 AM. JUR. 2D BANKR. § 598 (May 2009) ("[a] debtor-in-possession (DIP) in a Chapter 11 case is a fiduciary for creditors of the estate, and has a duty to protect and preserve the assets of the estate . . . ."); *see also In re Pinnacle Brands, Inc.*, 259 B.R. 46, 54 (Bankr. D. Del. 2001) ("A debtor's fiduciary duty is to maximize the value of the estate for distribution to creditors . . . ."). In fact, a debtor-in-possession, like a trustee, "has the duty to maximize the value of the estate, and in so doing is

---

[1] The following adversary proceedings are also pending before the United States Bankruptcy Court for the District of Delaware: *JPMorgan Chase Bank, N.A.* v. *Washington Mutual, Inc., et al. (In re Washington Mutual, Inc.)*, Adversary Proceeding No. 09-50551 (MFW) (Bankr. D. Del.) ("JPMC Adversary Proceeding") and *Washington Mutual, Inc., et al.* v. *JPMorgan Chase Bank, N.A. (In re Washington Mutual, Inc.)*, Adversary Proceeding No. 09-50934 (MFW) (Bankr. D. Del.) (the "Turnover Action").

'bound to be vigilant and attentive in advancing [the estate's] interests' . . . [and] 'to realize from the estate all that is possible for distribution among the creditors.'" *In re Martin*, 91 F.3d 389, 394 (3d Cir. 1996) (internal citations omitted).

Given that this statutorily imposed fiduciary duty mandates that WMI maintain precisely the same interests as the Creditors Committee, the Motion must be denied. *See*, *e.g.*, *United States* v. *Nicolet, Inc*., 84 B.R. 30, 31 (E.D. Pa. 1988) ("As debtor in possession, defendant Nicolet has all the duties of a trustee in actively participating in its defense, *see* 11 U.S.C. § 1107 and, therefore, continues to litigate this matter with precisely the same interest as that held by the Creditors Committee. Because the Creditors Committee has failed to demonstrate that its interests are not being adequately represented by defendant Nicolet, the Creditors Committee does not have a right to intervene under F.R.C.P. 24(a)(2)."); *see also United States* v. *LTV Steel Co., Inc*., 269 B.R. 576, 580 n.3 (W.D. Pa. 2001) ("The Committee cannot satisfy the fourth required factor for intervention under Rule 24(a)(2), that the Committee's interest not be adequately represented by an existing party in the litigation, as [the Chapter 11 debtor] has mounted a vigorous defense to this action.").

The Creditors Committee's claim to the contrary—that "no other entity is focused solely on maximizing the unsecured creditors' recovery" (Comm.'s Mot. at 6)—is a red herring. The Plaintiffs are required to maximize the entire bankruptcy estate's recovery (whether through settlement or otherwise), which in turn would necessarily maximize the recovery of all creditors (including the unsecured creditors). In the unlikely event that the Plaintiffs take a position adverse to the interests of the Creditors Committee, moreover, the statutory duty of WMI will always remain the same: to maximize the value of the bankruptcy estate. Indeed, the Creditors

Committee readily admits as much by declaring in its Motion that "the Plaintiffs may attempt to maximize the estate assets to be distributed to the creditors." (*Id.* at 10.)

The Creditors Committee's actions further underscore that its interests are directly aligned with, and fully protected by, the Plaintiffs. Over the course of the bankruptcy proceedings, the Creditors Committee has consistently done nothing more than join in or adopt as its own the positions of WMI:

- "The Official Committee of Unsecured Creditors of Washington Mutual, Inc. and WMI Investment Corp. (collectively, the 'Debtors'), as its proposed answer and counterclaims in this matter, ***hereby joins in Debtors' Answers and Counterclaims*** in Response to the Complaint of JPMorgan Chase Bank, N.A. (docket no. 23) and ***repeats, re-alleges and adopts as its own*** all of the answers, counterclaims and prayer for relief therein." *Joinder of the Official Committee of Unsecured Creditors of Washington Mutual, Inc. and WMI Investment Corp. in Debtors' Answer and Counterclaims in Response to the Complaint of JPMorgan Chase Bank, N.A.* (attached as Exhibit A to *Memorandum of Law in Support of the Motion for Intervention of the Official Committee of Unsecured Creditors of Washington Mutual, Inc., and WMI Investment Corp.*) (JPMC Adversary Proceeding, D.I. 32, filed 6/11/2009.)

- "The Official Committee of Unsecured Creditors . . . ***hereby joins in Debtors' filing*** . . . ." *Joinder and Brief of the Official Committee of Unsecured Creditors in Opposition to the Motion of the Federal Deposit Insurance Corporation to Stay Adversary Proceeding* (JPMC Adversary Proceeding, D.I. 37, filed 6/15/2009.)

- "The Official Committee of Unsecured Creditors . . . ***hereby joins in the Debtors' filing*** . . . ***adopting as its own the arguments contained therein.***" *Joinder of the Official Committee of Unsecured Creditors in the Debtors' Opposition to the Bank Bondholders' Motion to Intervene in Pending Adversary Proceedings* (JPMC Adversary Proceeding, D.I. 114, filed August 11, 2009.)

- "The Official Committee of Unsecured Creditors . . . as its proposed complaint in intervention in this matter, ***hereby joins in Debtors' Complaint*** . . . ***and repeats, realleges, and adopts as its own all of the allegations*** and the prayer for relief therein." *Joinder of the Official Committee of Unsecured Creditors of Washington Mutual, Inc. and WMI Investment Corp. in Debtors' Complaint for Turnover of Estate Property* (attached as Exhibit A to *Memorandum of Law in Support of the Motion for Intervention of the Official Committee of Unsecured Creditors of Washington Mutual, Inc., and WMI Investment Corp.*) (Turnover Action, D.I. 4, filed 4/29/2009.)

-6-

- "Intervenor the Official Committee of Unsecured Creditors . . . *hereby joins in Plaintiffs'* . . . Motion . . . and repeats, *realleges, and adopts as its own the facts and arguments contained therein*. As explained in Plaintiffs' Motion and supporting papers, Defendant's request for an extension to respond to Debtors' Summary Judgment Motion is not merely administrative . . . . For the reasons set forth in Plaintiffs' Motion and Opposition, the Committee joins in Plaintiffs' Motion and supporting Opposition . . . ." *Joinder of the Official Committee of Unsecured Creditors of Washington Mutual, Inc. and WMI Investment Corp. in Plaintiff's Motion for Reconsideration of the Order Granting Expedited Motion of Defendant JPMorgan Chase Bank, National Association for Additional Time to Respond to Debtors' Summary Judgment Motion* (Turnover Action, D.I. 34, filed 6/10/2009.)

- "Intervenor the Official Committee of Unsecured Creditors . . . *hereby joins in Debtors' filing* . . . *adopting as its own the arguments contained therein* . . . ." *Joinder and Brief of the Official Committee of Unsecured Creditors in Opposition to (A) the Motions of the Federal Deposit Insurance Corporation To Intervene in the Turnover Action and To Stay Adversary Proceedings; and (B) the Motion of Defendant JPMorgan Chase Bank, National Association, To Stay* (Turnover Action, D.I. 40, filed 6/15/2009.)

- The Official Committee of Unsecured Creditors . . . *hereby joins in the Debtors' filing* . . . *adopting as its own the arguments contained therein*." *Joinder of the Official Committee of Unsecured Creditors in the Debtors' Opposition to the Bank Bondholders' Motion To Intervene in Pending Adversary Proceedings* (Turnover Action, D.I. 123, filed 8/11/2009.)

- "The Official Committee of Unsecured Creditors . . . *hereby joins in the Debtors' filing* . . . *adopting as its own the arguments contained therein.*" *Joinder of the Official Committee of Unsecured Creditors in the Debtors' Reply Brief in Support of the Motion of Plaintiffs for Summary Judgment* (Turnover Action, D.I. 166, filed 9/21/2009.)

- "The Official Committee of Unsecured Creditors . . . *hereby joins in the Debtors' filing* . . . *adopting as its own the arguments contained therein*." *Joinder of the Official Committee of Unsecured Creditors in the Debtors' Response to Notice of Divestiture of Jurisdiction Pending Appeals of JPMorgan Chase Bank, N.A.* (Turnover Action, D.I. 171, filed 9/24/2009.)

- "Movant commented that the Creditors' Committee has not objected to their motion. *We've worked with the debtor and kept in touch, read the papers, and agreed with what the debtors' position has been* . . . ." *Transcript of Omnibus Hearing Before Honorable Mary F. Walrath, United States Bankruptcy Judge*, Aug. 24, 2009 Bankruptcy Proceeding Hearing (22:22-25; 23:1-3.)

- "*We filed a joinder in the debtors' paper*, and I just wanted to add a couple of points, if I might." *Transcript of Proceedings Before the Honorable Mary F. Walrath, United States Bankruptcy Court Judge*, Sept. 25, 2009 Bankruptcy Proceeding Hearing (25:20-24.)

- "I'll just be one minute, Your Honor.  First of all, *the committee joins in the debtors' arguments*." *Transcript of Omnibus Hearing Before Honorable Mary F. Walrath, United States Bankruptcy Judge*, Oct. 22, 2009 Bankruptcy Proceeding Hearing (106:6-11.)

This litany gives every indication that, if afforded the opportunity, the Creditors Committee will continue its "me-too" chorus before this Court.  In the Motion, for example, the Creditors Committee concedes that it "does not seek to add any new claims, nor does it presently anticipate a need for discovery beyond that contemplated by Plaintiffs."  (Comm.'s Mot. at 13.)  In fact, while ignoring the plain language of Local Rule 7(j), the Creditors Committee confirms that WMI more than adequately protects its interests in this action by attaching "[a] proposed *joinder* in the Complaint ('Compl.') filed by Plaintiffs" rather than filing an *original* pleading.  (*Id.* at 1-2.)  The reason why the Creditors Committee does not file a pleading, nor anticipate a need to actively participate in this litigation, is simple:  WMI and the Creditors Committee share identical interests.

The Creditors Committee cannot escape the fact that its own statements and actions unequivocally and conclusively demonstrate that WMI will completely represent its interests before this Court.  On this basis alone, the Court must deny the Committee's request for intervention as of right under Fed. R. Civ. P. 24(a)(2).

## II.  THE CREDITORS COMMITTEE DOES NOT MEET THE REQUIREMENTS FOR PERMISSIVE INTERVENTION UNDER RULE 24(b).

The Creditors Committee also does not satisfy the standards for permissive intervention under Rule 24(b).  In determining whether permissive intervention is appropriate courts "must consider whether the intervention will unduly delay or prejudice the adjudication of

-8-

the original parties' rights." Fed R. Civ. P. 24(b)(3); *see also EEOC* v. *Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1048 (D.C. Cir. 1998) ("District courts have the discretion, in other words, to deny a motion for permissive intervention even if the movant established an independent jurisdictional basis, submitted a timely motion, and advanced a claim or defense that shares a common question with the main action."). As such, putative intervenors who bring with them "all the possible drawbacks of piling on parties" should be denied permission to intervene when their inclusion will result in delay and prejudice to existing parties. *See Massachusetts* v. *Microsoft Corp.*, 373 F.3d 1199, 1235 (D.C. Cir. 2004) ("The 'delay or prejudice' standard presumably captures all the possible drawbacks of piling on parties; the concomitant issue proliferation and confusion will result in delay as parties and courts expend resources trying to overcome the centrifugal forces springing from intervention, and prejudice will take the form not only of the extra cost but also of an increased risk of error.") (citing *Massachusetts School of Law* v. *United States*, 118 F.3d 776, 782 (D.C. Cir. 1997)).

   Here, in addition to the drawbacks associated with allowing it to pile on through its "me-too" tactics, the Creditors Committee should not be allowed to intervene because one of its express purposes in joining this action is to inject itself into any settlement in this matter: "For example, if the parties agree to settle this litigation, Plaintiffs and the [Creditors] Committee could have different views about the value of certain property and be willing to forgo different claims." (Comm.'s Mot. at 9.) Causing a potential settlement to unravel would cause "significant prejudice of the rights of the various parties." *Laker Airways Ltd.* v. *Pan Am. World Airways*, 109 F.R.D. 541, 545 (D.D.C. 1985). These hypothetical issues, however, are matters solely between the Plaintiffs and the Creditors Committee and hardly afford a justification for permissive intervention. This purported rationale, when coupled with its propensity to simply

repeat the same positions already taken by Plaintiffs, makes clear that the Creditors Committee will add no genuine value to this litigation. *See League of United Latin Am. Citizens* v. *Clements*, 884 F.2d 185, 189 (5th Cir. 1989) (county not allowed to intervene because its input would not significantly help develop relevant factual issues); *see also* 6 MOORE'S FEDERAL PRACTICE – CIVIL § 24.10(2)[b] ("Intervention will be denied if the movant will not make any unique contribution to the evidence presented at trial. If a potential intervenor will essentially repeat the same sort of testimony given by existing parties, intervention is counterproductive because it will only clutter and prolong the litigation unnecessarily."). Under such circumstances, this Court should deny permissive intervention.

If the Court is inclined to grant the motion for permissive intervention, however, JPMC respectfully requests that the Court limit the scope of any intervention to the filing of *amicus* briefs. *See*, *e.g.*, 7C FED. PRAC. & PROC. CIV. 3D § 1913 (2009) ("If the court determines to deny intervention altogether, it is common practice to allow the applicant to file a brief *amicus curiae*, but even this sometimes is denied."); *see also Nationwide Mut. Ins. Co.* v. *Nat'l REO Mgmt.*, 205 F.R.D. 1, 7 (D.D.C. 2000) ("A court may place conditions on permissive interventions in order to minimize the delay and prejudice to the existing parties."); *Indep. Petrochemical Corp.* v. *Aetna Cas. and Sur. Co.*, Civ. A. No. 83-3347, 1985 WL 50221, at *3 (D.D.C. Jul. 25, 1985) ("To the extent that the tort claimants have provided any significant or useful information to the court in the course of their prior motion, it appears clear that that information and any limited assistance they are likely to offer in the future could be provided as effectively and as expeditiously in the form of a brief *amicus curiae*."). While in this case, realistically, the Creditors Committee is a friend only of the Plaintiffs, limiting participation in this fashion could avoid needless inefficiency.

## **CONCLUSION**

For the foregoing reasons, the Creditors Committee's motion to intervene in this action as a matter of right should be denied. The Court should also exercise its discretion and deny the Creditors Committee's motion for permissive intervention or, in the alternative, limit any appearance by the Creditors Committee to the ability to appear as *amicus curiae*.

Dated: October 29, 2009
      Washington, D.C.

Respectfully submitted,

      /s/ Bruce W. Hickey

Bruce E. Clark (USDC Bar No. D00144)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

Bruce W. Hickey (D.C. Bar No. 479036)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 956-7500
Facsimile: (202) 293-6330

OF COUNSEL:

Robert A. Sacks
Hydee R. Feldstein
Stacey R. Friedman
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel for Defendant JPMorgan Chase Bank, N.A.*