UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON MUTUAL, INC. and WMI INVESTMENT CORP.,<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity,<br><br>    Defendant,<br><br>- and -<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as receiver of Washington Mutual Bank,<br><br>    Defendant and Counterclaim Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Counterclaim Defendant. | Case No. 1:09-cv-0533 (RMC) |

## ANSWER TO COUNTERCLAIMS / CROSS-CLAIMS

Upon knowledge as to itself and its own actions and upon information and belief as to all others, defendant and cross-claim defendant the Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank (the "FDIC-Receiver"), respectfully submits this Answer to the Counterclaims / Cross-Claims ("Counterclaims") asserted in this action by JPMorgan Chase Bank, N.A. ("JPMC").

## ANSWER

Unless otherwise expressly admitted, the FDIC-Receiver denies each and every allegation in the Counterclaims, including without limitation any allegations contained in its prayer, headings and subheadings. In accordance with Federal Rule of Civil Procedure 8(b)(5), to the extent the FDIC-Receiver denies knowledge or information sufficient to form a belief as to the truth of an allegation, that allegation is deemed to be denied. Further, in accordance with Federal Rule of Civil Procedure 8(b)(6), if a responsive pleading is not required to an allegation it shall be deemed to be denied. This answer is based upon the FDIC-Receiver's investigation to date, and the FDIC-Receiver expressly reserves the right to amend this answer to the full extent provided for under applicable law.

1.      Admits that JPMC purports to assert the Counterclaims for the reasons alleged and denies knowledge or information sufficient to form a belief as to JPMC's motivation in asserting the Counterclaims. Refers for its contents to the Purchase and Assumption Agreement, Whole Bank, among the FDIC-Receiver, the Federal Deposit Insurance Corporation in its corporate capacity ("FDIC-Corporate") and JPMC dated as of September 25, 2008 (the "P&A Agreement").

2.      For its response to paragraph 2 of the Counterclaims, the FDIC-Receiver refers for its contents to the P&A Agreement.

3.      Admits that on December 30, 2008, WMI submitted a proof of claim to the FDIC-Receiver, that the FDIC-Receiver disallowed the claims asserted therein by letter dated January 23, 2009 and that the plaintiffs thereafter filed their complaint in this action. The FDIC-Receiver refers to the P&A Agreement for its contents and denies any remaining allegations in paragraph 3 of the Counterclaims.

4.  No response is required from the FDIC-Receiver to paragraph 4 of the Counterclaims, except that the FDIC-Receiver refers to the P&A Agreement for its contents.

5.  No response is required from the FDIC-Receiver to paragraph 5 of the Counterclaims.

6.  No response is required from the FDIC-Receiver to paragraph 6 of the Counterclaims.

7.  Admits the first two sentences of paragraph 7 of the Counterclaims. The final sentence of paragraph 7 states legal conclusions as to which no response is required from the FDIC-Receiver, except the FDIC-Receiver refers for its contents to the P&A Agreement.

8.  Admits paragraph 8 of the Counterclaims.

9.  Admits paragraph 9 of the Counterclaims.

10.  Admits the first two sentences of paragraph 10 of the Counterclaims. As to last sentence of paragraph 10, admits that JPMC purports to assert certain of the Counterclaims against JPMC and reserves all of its defenses with respect to such Counterclaims.

11.  Admits paragraph 11 of the Counterclaims.

12.  Admits paragraph 12 of the Counterclaims.

13.  Admits that in order number 2008-36 dated September 25, 2008 (the "OTS Order"), the Director of the Office of Thrift Supervision closed WMB and appointed the FDIC-Receiver as WMB's receiver and states that the effects of that appointment are governed by 12 U.S.C. § 1821 and other provisions of applicable law.

14.  Admits that on September 25, 2008, the FDIC-Receiver and the Federal Deposit Insurance Corporation, in its corporate capacity, entered into the P&A Agreement with JPMC, and refers to the P&A Agreement for its contents.

15. Admits that this Court has subject matter jurisdiction under 12 U.S.C. §§ 1819(b)(2)(A) and 1821(d)(6)(A) and 28 U.S.C. § 1331.

16. Admits paragraph 16 of the Counterclaims.

17. No response is required from the FDIC-Receiver to paragraph 17 of the Counterclaims.

18. No response is required from the FDIC-Receiver to paragraph 18 of the Counterclaims.

19. Admits paragraph 19 of the Counterclaims, except denies knowledge or information sufficient to form a belief as to truth of the allegations in the first two sentences of that paragraph.

20. Denies the allegations of paragraph 20 of the Counterclaims, except refers for its contents to the FDIC-Receiver's First Amended Answer and Counterclaims which it filed in this action on July 13, 2009.

21. The first sentence of paragraph 21 states a legal conclusion as to which no response is required from the FDIC-Receiver. The FDIC-Receiver denies the remaining allegations of paragraph 21 of the Counterclaims, except refers for its contents to the P&A Agreement.

22. The first sentence of paragraph 22 of the Counterclaims states legal conclusions as to which no response is required. No response is required from the FDIC-Receiver to the remaining allegations of paragraph 22.

23. Upon information and belief, admits the allegations in paragraph 23 of the Counterclaims except avers that certain series of the Trust Securities were issued by a Cayman Island corporation rather than a trust.

24. Admits paragraph 24 of the Counterclaims, except refers for its contents to the Assignment Agreement dated September 25, 2006 between WMI and WMB.

25. For its response to the first sentence of paragraph 25 of the Counterclaims, the FDIC-Receiver refers to the P&A Agreement for its contents. No response is required from the FDIC-Receiver to the second sentence of paragraph 25.

26. Upon information and belief, admits paragraph 26 of the Counterclaims.

27. Upon information and belief, admits paragraph 27 of the Counterclaims.

28. For its response to the first sentence of paragraph 28 of the Counterclaims, the FDIC-Receiver refers to the P&A Agreement for its contents. Upon information and belief, admits the second sentence of paragraph 28. No response is required from the FDIC-Receiver to the last sentence of paragraph 28.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Counterclaims, except admits upon information and belief: that WMI claims ownership of approximately $4 billion which it asserts to be demand deposit liabilities; that approximately $922 million of the purported deposits in these accounts reflects a transformed general ledger debt that WMI purported to pay itself out of the ordinary course of business in the final weeks of WMB's existence; and that approximately $234 million allegedly placed in the purported deposit accounts represents a tax refund that is owned by WMB.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Counterclaims.

31. Admits that there are disputed issues as alleged in paragraph 31 of the Counterclaims and reserves all of its rights and defenses with respect to those issues. No further response is required from the FDIC-Receiver to paragraph 31 of the Counterclaims.

32. No response is required from the FDIC-Receiver to paragraph 32 of the Counterclaims.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Counterclaims.

34. For its response to the first sentence of paragraph 34 of the Counterclaims, the FDIC-Receiver refers to the P&A Agreement for its contents. No response is required from the FDIC-Receiver to the second sentence of paragraph 34.

35. Upon information and belief, admits paragraph 35 of the Counterclaims except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 35.

36. For its response to the first sentence of paragraph 36 of the Counterclaims, the FDIC-Receiver refers to the P&A Agreement for its contents. No response is required from the FDIC-Receiver to the second sentence of paragraph 36.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Counterclaims.

38. For its response to the first sentence of paragraph 38, the FDIC-Receiver refers to the P&A Agreement for its contents. No response is required from the FDIC-Receiver to the second sentence of paragraph 38.

39. Upon information and belief, admits paragraph 39 except as to the final clause of that paragraph refers to the P&A Agreement for its contents.

40. For its response to the first sentence of paragraph 40, the FDIC-Receiver refers to the P&A Agreement for its contents. The second and third sentences of paragraph 40 assert legal conclusions as to which no response is required from the FDIC-Receiver.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Counterclaims, except with respect to the last sentence of paragraph 41, the FDIC-Receiver refers to the P&A Agreement for its contents.

42. For its response to the first sentence of paragraph 42, the FDIC-Receiver refers to the P&A Agreement for its contents. The second and third sentences of paragraph 42 assert legal conclusions as to which no response is required from the FDIC-Receiver.

43. For its response to paragraph 43, the FDIC-Receiver refers to the P&A Agreement for its contents.

44. For its response to the first sentence of paragraph 44, the FDIC-Receiver refers to the P&A Agreement for its contents. The second and third sentences of paragraph 44 assert legal conclusions as to which no response is required from the FDIC-Receiver.

45. Repeats and realleges its responses to paragraphs 1 through 44 as if fully restated herein.

46. No response is required from the FDIC-Receiver to paragraph 46 of the Counterclaims.

47. For its response to paragraph 47 of the Counterclaims, the FDIC-Receiver refers to and incorporates its responses set forth above. The FDIC-Receiver further refers for its contents to the P&A Agreement. Any remaining allegations in paragraph 47 are denied.

48. No response is required from the FDIC-Receiver to paragraph 48 of the Counterclaims.

49. Admits that the FDIC-Receiver is a party to the P&A Agreement and refers to that document for its contents, admits that the FDIC-Receiver has an interest in this action and denies any remaining allegations in paragraph 49 of the Counterclaims.

50. No response is required from the FDIC-Receiver to paragraph 50 of the Counterclaims.

51. Paragraph 51 of the Counterclaims states a legal conclusion as to which no response is required from the FDIC-Receiver.

52. No response is required from the FDIC-Receiver to paragraph 52 of the Counterclaims.

53. No response is required from the FDIC-Receiver to paragraph 53 of the Counterclaims.

54. Repeats and realleges its responses to paragraphs 1 through 53 as if fully restated herein.

55. No response is required from the FDIC-Receiver to paragraph 55 of the Counterclaims.

56. No response is required from the FDIC-Receiver to paragraph 56 of the Counterclaims.

57. No response is required from the FDIC-Receiver as to any remaining allegations or claims in the Counterclaims, including its Prayer for Relief, but to the extent any response is deemed to be required, the FDIC-Receiver denies any and all of such allegations.

## **DEFENSES**

The FDIC-Receiver states the following defenses without assuming the burden of proof as to any issue for which the burden is placed on another party. The FDIC-Receiver lacks knowledge or information sufficient to form a belief as to whether it has other, as yet unstated, defenses. The FDIC-Receiver reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense that may become available or appear during discovery or

otherwise and reserves the right to amend its Answer to assert any such defense. The FDIC-Receiver incorporates into this Answer and asserts any defense asserted in this action by any other party to the extent such defense is applicable to the FDIC-Receiver.

### First Defense

JPMC lacks standing to assert some aspects of the Counterclaims.

### Second Defense

The Counterclaims are barred under 12 U.S.C. § 1821(j) to the extent they seek to restrain or affect the exercise of powers or functions of the FDIC-Receiver.

### Third Defense

The Counterclaims are barred, in applicable part, by 12 U.S.C. § 1821(d)(5)-(d)(13).

### Fourth Defense

The Counterclaims are barred, in applicable part, under 12 U.S.C. § 1823(e) or the statute of frauds.

**Fifth Defense**

JPMC has suffered no legally cognizable damages caused by any conduct of the FDIC-Receiver.

Dated: Washington, D.C.  
       November 3, 2009

Respectfully submitted,

 /s/ Deana L. Cairo  
David Clarke, Jr. (D.C. Bar. No. 396002)  
david.clarke@dlapiper.com  
Deana L. Cairo (D.C. Bar No. 469628)  
deana.cairo@dlapiper.com  
DLA Piper LLP (US)  
500 8th Street, N.W.  
Washington, D.C. 20004  
Tel.: (202) 799-4000  
Fax: (202) 799-5000

   - and –

John J. Clarke, Jr. (admitted *pro hac vice*)  
john.clarke@dlapiper.com  
Thomas R. Califano  
DLA Piper LLP (US)  
1251 Avenue of the Americas  
New York, New York 10020  
Tel.: (212) 335-4500  
Fax: (212) 335-4501

Attorneys for the  
  Federal Deposit Insurance Corporation,  
  as Receiver for Washington Mutual Bank