## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
---------------------------------------------------------------x
WASHINGTON MUTUAL INC.                      :
                                            : Civil Action No. 1:09-cv-00533 RMC
and                                         :
                                            :
WMI INVESTMENT CORP.                        :
                                            :
                        Plaintiffs,         :
                                            :
             v.                             :
                                            :
FEDERAL DEPOSIT INSURANCE                   :
CORPORATION,                                :
                   Defendant,               :
       and                                  :
                                            :
JPMORGAN CHASE BANK, N.A., and              :
                                            :
BANK BONDHOLDERS,                           :
                                            :
                   Intervenor-Defendants.   :
                                            :
---------------------------------------------------------------x
```

### REPLY MEMORANDUM IN FURTHER SUPPORT
### OF THE MOTION FOR INTERVENTION OF THE OFFICIAL
### COMMITTEE OF UNSECURED CREDITORS OF
### <u>WASHINGTON MUTUAL, INC., AND WMI INVESTMENT CORP.</u>


PEPPER HAMILTON LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, DC  20005-2004
Tel: (202) 220-1200
Fax: (202) 220-1665

*Attorneys for the Official Committee of
Unsecured Creditors of Washington Mutual,
Inc., et al.*


November 6, 2009

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT .......................................................................................................................... 1

I.      THE COMMITTEE HAS ARTICLE III STANDING...................................................... 2

II.     THE DEBTOR MAY NOT ADEQUATELY REPRESENT THE
COMMITTEE'S INTERESTS ........................................................................................ 4

III.    THE COMMITTEE'S PARTICIPATION WILL NOT PREJUDICE ANY
OTHER PARTIES ........................................................................................................... 7

CONCLUSION...................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

CASES

\* *Akiachak Native Cmty. v. Dep't of the Interior*,
   584 F. Supp. 2d 1 (D.D.C. 2008) ............................................................................5

\* *Butte County, Cal. v. Hogen*,
   No. 08-519 (HHK) (AK), 2008 WL 2410407 (D.D.C. June 16, 2008) ...................8

*Chevron Natural Gas v. FERC*,
   199 F. App'x 2 (D.C. Cir. 2006) ............................................................................2

*Danvers Motor Co. v. Ford Motor Co.*,
   432 F.3d 286 (3d Cir. 2005) ...................................................................................2

*Friends of Animals v. Kempthorne*,
   452 F. Supp. 2d 64 (D.D.C. 2006) .........................................................................3

\* *Fund for Animals, Inc. v. Norton*,
   322 F.3d 728 (D.C. Cir. 2003) ........................................................................2, 5, 8

*Indep. Petrochem. Corp. v. Aetna Cas. & Sur. Co.*
   105 F.R.D. 106 (D.D.C. 1985) ...............................................................................6

*In re Lifeco Inv. Group*,
   173 B.R. 478 (Bankr. D. Del. 1994) ....................................................................3, 4

*Jones v. Prince George's County*,
   348 F.3d 1014 (D.C. Cir. 2003) .............................................................................3

*Laker Airways Ltd. v. Pan Am. World Airways*,
   109 F.R.D. 541 (D.D.C. 1985) ...............................................................................9

*Mass. Sch. of Law, Inc. v. United States*,
   118 F.3d 776 (D.C. Cir. 1997) ...............................................................................8

*Me-Wuk Indian Cmty. v. Kempthorne*,
   246 F.R.D. 315 (D.D.C. 2007) ...............................................................................9

*N. C. Fisheries Ass'n, Inc. v. Gutierrez*,
   518 F. Supp. 2d 62 (D.D.C. 2007) .........................................................................4

\* *Natural Res. Def. Council, Inc. v. Costle*,
   561 F.2d 904 (D.C. Cir. 1977) ...............................................................................5

*Natural Res. Def. Council, Inc. v. Jamison,*
787 F. Supp. 231 (D.C.C. 1990) ...........................................................2

\* *Nuesse v. Camp,*
385 F.2d 694 (D.C. Cir. 1967) .............................................................9

*S. Utah Wilderness v. Norton,*
No. 01-2518 (CKK), 2002 WL 32617198 (D.D.C. June 28, 2002)........4

\* *Trbovich v. United Mine Workers of Am.,*
404 U.S. 528 (1972) ............................................................................5

*United States v. LTV Steel Co., Inc.,*
269 B.R. 576 (W.D. Pa. 2001) ............................................................6

*United States v. Nicolet,*
84 B.R. 30 (E.D. Pa. 1988) .................................................................6

*United States v. Philip Morris USA Inc.,*
566 F.3d 1095 (D.C. Cir. 2009) ..........................................................3

**TREATISE**

7C CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND
PROCEDURE § 1909 (2d ed. 1986) ......................................................5


**RULES AND STATUTES**

11 U.S.C.§ 1107..................................................................................4

11 U.S.C.§ 1109..................................................................................8

11 U.S.C.§ 1109(b) .............................................................................4

Fed. R. Bankr. P. § 9019......................................................................8

Fed. R. Civ. P. 24 .......................................................................passim

The Official Committee of Unsecured Creditors of Washington Mutual, Inc. and WMI Investment Corp. (the "Committee") respectfully submits this Reply Memorandum in Further Support of its Motion to Intervene (the "Motion").

## PRELIMINARY STATEMENT

Although both JPMC[1] and the Bank Bondholders requested and received permission to intervene and protect their rights in this litigation, they oppose the Committee's intervention.  The FDIC has joined them in opposition.  (JPMC, the Bank Bondholders and FDIC are referred to collectively herein as the "Opposing Parties").  Yet as explained in its Moving Brief, the Committee easily satisfies the liberal standards in this Circuit for both intervention of right under Fed. R. Civ. P. 24(a)(2) and permissive intervention under Fed. R. Civ. P. 24(b):

- The Committee has Article III standing;

- the Committee's interests may not be adequately represented by the Debtor; and

- no party will be prejudiced by the Committee's participation.

In opposing the Motion, the Opposing Parties disregard controlling law and frequently rely on cases from other jurisdictions or no law at all.  Their objections are unfounded, and the Court should grant the Committee's motion to intervene.

## ARGUMENT

In the Motion, the Committee seeks to intervene as of right under Fed R. Civ. P. 24(a)(2) or with the Court's permission under Fed. R. Civ. P. 24(b)(1)(B).  In their various oppositions to the Motion, the Opposing Parties argue (1) that the Committee does not have Article III standing to intervene, (2) that intervention of right is improper because the Debtor

---

[1] All capitalized and defined terms used herein maintain the definitions assigned to them in the Committee's Statement of Points and Authorities in Support of the Motion for Intervention (the "Moving Brief") (Dkt. 73).

already represents the Committee's interests, and (3) that permissive intervention is improper

because the Committee's participation will somehow prejudice the other parties.   The Opposing

Parties are wrong on all counts.

## I.      THE COMMITTEE HAS ARTICLE III STANDING

The Committee and the Opposing Parties all agree that a party seeking to

intervene in a litigation pursuant to Rule 24(a)(2) "must demonstrate that it has standing under

Article III of the [U.S.] Constitution", *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 732 (D.C.

Cir. 2003) (citations omitted), and that to meet the test for Article III standing, a party "must

show (1) [an] injury in fact, (2) causation, and (3) redressability."  *Id*. at 733 (citations omitted).

As explained previously, the Committee easily meets this burden because its constituents were

harmed when the FDIC improperly transferred to JPMC billions of dollars worth of estate assets.

JPMC does not contest this point, essentially conceding that the Committee has standing.  (*See*

*generally* JPMC Opp. (Dkt. 85)).  The Bank Bondholders and FDIC, however, argue that despite

the Committee's clear interest in the outcome of this litigation, it somehow lacks the required

standing.  (Bank Bondholders Opp. 3 (Dkt. 81); FDIC Opp. 2 (Dkt. 86)).  But as the Bank

Bondholders argued to this Court in their own motion to intervene, the standing inquiry is a low

hurdle; its requirements "are, in all circumstances, modest." (Bondholder's Mot. 6 (Dkt. 23); *see*

*also Chevron Natural Gas v. FERC*, 199 F. App'x 2, 4 (D.C. Cir. 2006) (an "identifiable trifle" is

sufficient for Article III standing); *Natural Res. Def. Council, Inc. v. Jamison*, 787 F. Supp. 231,

233-234 (D.C.C. 1990) ("This distinct and palpable injury, however, need not be important or

large; an identifiable trifle can meet the constitutional minimum.") (internal quotation omitted);

*Danvers Motor Co. v. Ford Motor Co.*, 432 F.3d 286, 294 (3d Cir. 2005) (Alito, J.) ("Injury-in-

fact is not Mount Everest").

The Bank Bondholders argue that the Committee cannot intervene because it could not initiate the lawsuit on its own. (Bank Bondholders Opp. 3). In so doing, they misconstrue the standing requirements to intervene as of right in the D.C. Circuit. In this Circuit, "[I]ntervenors of right 'need only an interest in the litigation—not a cause of action or permission to sue.' Indeed, this Circuit observed that 'the Supreme Court concluded that the lack of a cause of action does not, in and of itself, bar a party from intervening.' " *Friends of Animals v. Kempthorne*, 452 F. Supp. 2d 64, 69 (D.D.C. 2006) (citing *Jones v. Prince George's County*, 348 F.3d 1014, 1018 (D.C. Cir. 2003)); *see also United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1145 (D.C. Cir. 2009) ("Under Federal Rule of Civil Procedure 24(a)(2), 'the question is not whether the applicable law assigns the prospective intervenor a cause of action, [but] [r]ather . . . whether the individual may intervene in an already pending cause of action.' ") (citations omitted). Thus, whether the Committee could have initiated its own lawsuit to protect its interests in the assets seized by the FDIC-Receiver is immaterial to the Court's Rule 24(a)(2) inquiry. The Committee has the required interest in the litigation for standing purposes.

Additionally, the only case that the Bank Bondholders (and FDIC) cite to support their Article III argument, *In re Lifeco Inv. Group*, 173 B.R. 478 (Bankr. D. Del. 1994), is inapposite. The Bank Bondholders argue that *In re Lifeco* stands for the proposition that a creditor of a creditor cannot have Article III standing. (Bank Bondholders Opp. 3). This is incorrect. *In re Lifeco* is a District of Delaware Bankruptcy Court decision that does not engage in any discussion of Article III standing in a district court litigation. *See generally In re Lifeco*, 173 B.R.478. Rather, *In re Lifeco* held that an ancillary receiver for a creditor of the debtor was not a party in interest entitled to participate in that bankruptcy proceeding. *See In re Lifeco*, 173 B.R. at 488 ("I conclude that the [ancillary receiver]'s economic stake in the outcome of this

bankruptcy case, by reason of its economic stake in [the debtor] as an ancillary receiver, *does not make it a party in interest within the contemplation of Code § 1109(b)*") (emphasis added). Any reliance on *In re Lifeco* for Article III standing purposes is clearly misguided. The Bank Bondholders cite no other cases – because they cannot – supporting their contention that the Committee's injury does not give rise to standing.[2]  *See e.g.*, *N. C. Fisheries Ass'n, Inc. v. Gutierrez*, 518 F. Supp. 2d 62, 82 (D.D.C. 2007) (recognizing economic harm as "a canonical example of injury in fact sufficient to establish standing.")

## II.    THE DEBTOR MAY NOT ADEQUATELY REPRESENT THE COMMITTEE'S INTERESTS

The Opposing Parties also argue that the Committee is not entitled to intervention as of right under Fed. R. Civ. P. 24(a)(2) because the Committee is adequately represented by the Debtor.[3]  According to the Opposing Parties, because 11 U.S.C. § 1107 requires the Debtor to protect and preserve the assets of the estate, the Debtor "maintain[s] precisely the same interests as the [Committee]" and therefore intervention should be denied.  (JPMC Opp. 4-5; *see also* Bank Bondholders Opp. 4-5).  This argument ignores the established law in this Circuit and the clear differences between the Committee and the Debtor.

As the Committee made clear in its Moving Brief, in the D.C. Circuit, once a moving party satisfies the first three prongs of the 24(a)(2) test, there is a presumption of entitlement to intervention "unless the applicant's interest is adequately represented."  (Moving

---

[2] The Bank Bondholders also argue that the Committee has no right to pursue derivative claims against the Receivership on behalf of WMI.  This argument is misplaced because the Committee has never sought to pursue WMI's claims derivatively.  The Committee seeks intervention to protect its own interests in the litigation.

[3] A movant seeking to intervene as of right under Fed. R. Civ. P. 24(a)(2) must show four things: (1) timeliness, (2) a cognizable interest, (3) impairment of that interest, and (4) lack of adequate representation by existing parties.  *S. Utah Wilderness v. Norton*, No. 01-2518 (CKK), 2002 WL 32617198, at *5 (D.D.C. June 28, 2002).  The Opposing Parties concede that the Committee meets the first three prongs of this test.  *See* JPMC Opp. 4 ("JPMC does not dispute that the [ ] Committee may satisfy the first three factors…"); *see generally* Bank Bondholders Opp. and FDIC Opp.).

Br. 8); *Natural Res. Def. Council, Inc. v. Costle*, 561 F.2d 904, 911 (D.C. Cir. 1977). The U.S. Supreme Court has explained that the relevant inquiry regarding the adequacy of representation focuses on whether there is a ***potential*** for inadequate representation, not whether the current representation actually is inadequate. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) ("The requirement of the Rule is satisfied if the applicant shows that representation of his interest '***may be***' inadequate…") (emphasis added.) This requirement is not onerous, *Fund for Animals,* 22 F.3d at 735 (citation omitted), and the showing required is minimal. *Trbovich*, 404 U.S. at 538 n.10. While there may be a partial congruence of interests between the parties, that does not guarantee the adequacy of representation. *Akiachak Native Cmty. v. Dep't of the Interior*, 584 F. Supp. 2d 1, 7 (D.D.C. 2008) (quoting *Fund for Animals,* 322 F.3d at 737). Furthermore, inadequate representation does not mean incompetent representation; the mere possibility that the Committee and the Debtors may have honest disagreements on legal and factual matters is enough. *See Costle,* 561 F.2d at 912 ("Without calling the good faith of EPA into question in any way, appellants may well have honest disagreements with EPA on legal and factual matters."); *see also* 7C CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 1909, at 395 (2d ed. 1986) ("[I]f the [intervenor]'s interest is similar to, but not identical with, that of one of the parties, a discriminating judgment is required on the circumstances… although intervention ordinarily should be allowed unless it is clear that the party will provide adequate representation for the [intervenor].")

   In their various opposition papers, the Opposing Parties completely disregard this "permissive" D.C. Circuit standard. *Id*. at 912. The Bank Bondholders do not address a single case cited by the Committee, and in fact cite no relevant cases in their entire argument regarding

the adequacy of representation prong of Fed. R. Civ. P. 24(a)(2).[4]   (*See* Bank Bondholders Opp.

4-5).  Likewise, JPMC also does not address any of the relevant D.C. Circuit case law regarding

intervention as of right.[5]   (*See* JMPC Opp. 4-5).  Instead, JPMC cites two U.S. District Court

cases from Pennsylvania – *United States v. Nicolet*, 84 B.R. 30, 31 (E.D. Pa. 1988) and *United

States v. LTV Steel Co., Inc.*, 269 B.R. 576, 580 n. 3 (W.D. Pa. 2001) – for the proposition that a

debtor and related creditors' committee share the same interests and therefore intervention by a

creditors' committee in a case involving the debtor is improper.  (JPMC Opp. 5).  But JMPC fails

to explain to the Court that the Third Circuit, where both *Nicolet* and *LTV Steel* were decided,

has a much narrower view of intervention as of right under Fed. R. Civ. P. 24(a)(2) than the D.C.

Circuit.  As the D.C. District Court explained in *Independent Petrochemical Corp. v. Aetna

Casualty & Surety Co.*, some other jurisdictions, including the Western District of Pennsylvania,

have not "adopted the liberal approach to intervention as of right which governs disposition of

rule 24(a) motions in the District of Columbia."  105 F.R.D. 106, 110 (D.D.C. 1985).  The

*Nicolet* court explained that the Third Circuit does not apply the "potentially inadequate" test,

but rather requires a showing of either (a) collusion between the representative and an opposing

party, or (b) adversity between the proposed intervenor and the representative.  *Nicolet*, 84 B.R.

31.  The standard applied in *Nicolet* and *LTV Steel* is much more restrictive, and it does not

inform this court's decisions regarding intervention decisions.  In the D.C. Circuit, the standard

is clearly much more liberal.

       Here, the Debtor and the Committee are obviously two completely separate

entities, with different members and representing different constituents.  Their interests may be

---

[4] The Bank Bondholders cite three cases related to a debtor's fiduciary obligations under established bankruptcy law, but none related to the requirements for adequate representation under Fed. R. Civ. P. 24(a)(2).

[5] Like the Bank Bondholders, JPMC cites several cases that describe a debtor's duties under bankruptcy law.

similar, but they are not necessarily identical and their methods of achieving their goals may be significantly different. Under established law in this circuit, the potential for such a divergence means that the Court should grant intervention now. [6]

### III.  THE COMMITTEE'S PARTICIPATION WILL NOT PREJUDICE ANY OTHER PARTIES

Even if the Court denies the Committee's motion to intervene as of right, the Committee should be permitted to intervene pursuant to Fed. R. Civ. P. 24(b)(1)(B).  In response, the Opposing Parties argue that (a) the Committee does not have a claim against the WMB estate, and therefore does not have a claim that "shares a common question of law or fact" as required by the statute (Bank Bondholders Opp. 5), and (b) the Committee's participation will unduly delay the proceedings and prejudice the parties.  (JPMC Opp. 8-10).

First, as has been explained repeatedly, the unsecured creditors represented by the Committee were injured when FDIC, as Receiver for the WMB estate, wrongfully transferred estate assets to JPMC.  The unsecured creditors suffered a real economic harm in that there are now insufficient assets to make them whole.  As explained above, the relevant inquiry on an intervention motion is not whether the Committee could have filed its own lawsuit against the WMB estate, but whether the Committee has an interest in *this* lawsuit.  *See supra*, Section I.

---

[6] JPMC also frivolously argues that the Committee ignored Local Rule 7(j), which JPMC claims required the Committee to file "an *original* pleading" with its motion to intervene.  (JPMC Opp. 8, emphasis in original). JPMC misreads and misstates the Local Rule.  In fact, Rule 7(j) requires a proposed intervenor to file "an original *of the* pleading setting forth the claim or defense for which intervention is sought."  D.D.C. LCvR 78(j) (emphasis added).  As a proposed intervenor Plaintiff, the Committee filed with its motion a proposed joinder in the Debtor's Complaint.  This satisfies Rule 7(j).  *See Allen v. District of Columbia*, Civil Action No. 92-555 (CRR), 1992 U.S. Dist. LEXIS 9393 *2 (permitting intervention as defendant where proposed intervenors "in effect, answered the Complaint by incorporating the [defendant]'s answer").

Thus, the Committee has claims which share common questions of law and fact with the

Debtors.

Second, the Committee's intervention will not result in undue delay or prejudice

to the parties. There is no "drawback[] of piling on parties," *see Mass. Sch. of Law, Inc. v.*

*United States*, 118 F.3d 776, 782 (D.C. Cir. 1997), when the intervenor "does not seek to add any

new claims," or when "there will not be a need for additional discovery above that which would

be sought by the existing parties." *Butte County, Cal. v. Hogen*, No. 08-519 (HHK) (AK), 2008

WL 2410407, at *3 (D.D.C. June 16, 2008) (holding that movant satisfied Rule 24(b)(3) because

defendant could not show how granting intervention would result in undue delay or prejudice);

*see also Fund for Animals*, 322 F.3d at 738 n.11 (permissive intervention may be granted with no

risk of undue delay or prejudice to the adverse parties when the intervention is limited to claims

raised by the original parties). Here, the Committee does not seek to add any new claims, but to

simply join in the Debtor's complaint. Furthermore, as JPMC noted in its Opposition to

Plaintiff's Motion for Protective Order, the Committee will already be entitled to discovery

"because the parties have agreed the discovery conducted in one of [the] actions should be

available for use in all of [the other Adversary Proceedings[7]] by the parties in interest." (JPMC

Opp. to Protective Order 16 (Dkt. 76)) (internal quotations removed). Indeed, what JPMC

describes as the Committee's "'me too' chorus" of joinders in Debtor motions actually counsels

in favor of intervention, as it demonstrates the limited nature of the Committee's participation.

The Committee has every incentive to litigate efficiently in order that the claims of its

constituents might be resolved as quickly as possible and at their highest value.

---

[7] The "Adversary Proceedings" in the Delaware Bankruptcy Court are *JPMorgan Chase Bank, N.A. v. Washington Mutual Inc.*, Adv. Pro. No. 09-50551 (MFW) and *Washington Mutual, Inc. v. JPMorgan Chase Bank, N.A.*, Adv. Pro. No. 09-50934 (MFW). The Committee has already exercised its statutory right to intervene, pursuant to 11 U.S.C. § 1109, in those actions.

Likewise, permitting the Committee to participate in the litigation, including any settlement discussions, will not prejudice any existing parties.[8]  As both JPMC and the Bank Bondholders note, the Committee ultimately would have an opportunity to object to any settlement in the bankruptcy court.  (JPMC Opp. 1) (Bondholder's Opp. 5); *see also* Fed. R. Bankr. P. § 9019.  Yet judicial efficiency is better served by allowing the Committee to be involved at the outset of any possible settlement negotiations, rather than forcing the Committee to re-litigate the issues in the bankruptcy court, and possibly disrupt an agreement it had not been a party to.  *See Me-Wuk Indian Cmty. v. Kempthorne*, 246 F.R.D. 315, 319 (D.D.C. 2007) ("In applying Rule 24, courts must remember that intervention is a tool of judicial efficiency – 'a practical [way of] disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process.'") (quoting *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967)) (alteration in original).

Finally, the court should not limit the scope of the Committee's intervention to the filing of amicus briefs.  Amicus curiae status is only proper when intervention is denied, not when "the Court is inclined to grant the motion for permissive intervention." (JPMC Opp. 10); *see also Nuesse*, 385 F.2d at 704 n.10 (noting that amicus curiae status "is not an adequate substitute for participation as a party").  The Committee must be fully entitled to participate in discovery and pretrial proceedings – as a party – rather than being relegated to observing from the sidelines.

---

[8] In support of the argument that the Committee should not be permitted to intervene and participate in settlement discussions, JPMC cites *Laker Airways Ltd. v. Pan American World Airways*, 109 F.R.D. 541 (D.D.C. 1985).  The facts in *Laker Airways* clearly differ from the present case.  In that case, a former partner of the law firm representing the plaintiff sought to intervene in order protect his interest in attorney's fees of the reward to the plaintiff. *See id.* at 543.  The court denied the intervention motion as the movant's "quarrel [was] not with either the plaintiff or defendant to [the] lawsuit," and was instead with his former partners. *Id*. at 544.  Also, in that case, a settlement agreement had already been reached. *Id.* at 545.  Here, the Committee is a group of creditors of the plaintiff and asserts claims against the defendants.  Also, there is no risk that the Committee will disrupt a settlement agreement because the parties have not reached a settlement agreement.

## <u>CONCLUSION</u>

For the reasons stated herein, the Committee's Motion for intervention as of right under Fed. R. Civ. P. 24(a)(2) and/or for permissive intervention under Fed. R. Civ. P. 24(b)(1)(B) should be granted.

Dated:  Washington, D.C.
          November 6, 2009

                              Respectfully submitted,


                              /s/ Matthew D. Foster_____
                              Matthew D. Foster
                              (D.C. Bar No. 503057)
                              PEPPER HAMILTON LLP
                              Hamilton Square
                              600 Fourteenth Street, N.W.
                              Washington, DC  20005-2004
                              Tel: (202) 220-1200
                              Fax: (202) 220-1665


                              Attorneys for the Official Committee of Unsecured
                              Creditors of Washington Mutual, Inc., *et al.*