## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WASHINGTON MUTUAL, INC.,** *et al.,* ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 09-533 (RMC)** |
| ) | |
| **FEDERAL DEPOSIT INSURANCE** ) | |
| **CORPORATION, in its capacity as** ) | |
| **receiver of Washington Mutual Bank,** *et* ) | |
| *al.,* ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

Washington Mutual, Inc. *et al.* ("WMI") sued Federal Deposit Insurance Corporation ("FDIC") under the Federal Deposit Insurance Act ("FDI Act"), 12 U.S.C. § 1811 *et seq.*, alleging, among other things, that the FDIC improperly disallowed WMI's claims with respect to the sale of assests of Washington Mutual Bank to J.P. Morgan Chase.  On November 4, 2009, the Court heard arguments regarding the motion to dismiss by the FDIC in it's corporate capacity ("FDIC-C") [Dkt. # 27], the  partial motion to dismiss by the FDIC in it's capacity as receiver of Washington Mutual Bank ("FDIC-R") [Dkt. # 24], and WMI's motion to dismiss FDIC's counterclaims and stay the proceedings pending the resolution of the concurrent proceedings in the Bankruptcy Court for the District of Delaware [Dkt. # 45].  The Court will deny without prejudice the FDIC-C's motion to dismiss, FDIC-R's partial motion to dismiss, and WMI's motion to dismiss the FDIC's counterclaims, and will grant the motion to stay the case.

## I.  LEGAL STANDARDS

Federal district courts and bankruptcy courts have concurrent jurisdiction over claims

arising under Title 11 of the Bankruptcy Code:

> The subject matter jurisdiction of the bankruptcy court is defined by statute in 28 U.S.C. §§ 157 and 1334.  Section 1334(b) grants the district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b) (2003).  Section 157(a) allows the district courts to refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy judges for the district.  28 U.S.C. § 157 (a) (2003).  Thus, § 157 (a) vests four categories of subject matter in the jurisdiction of the bankruptcy court: (1) cases "under title 11;" (2) civil proceedings "arising under title 11;" (3) civil proceedings "arising in" a case under title 11; and (4) civil proceedings "related to" a case under title 11.  28 U.S.C. § 157(a); *see also Plaza at Latham Assocs. v. Citicorp N. Am., Inc.*, 150 B.R. 507, 510-12 (N.D.N.Y. 1993) (discussing the distinctions between the four categories of subject matter jurisdiction).  Bankruptcy courts have the power to enter "appropriate orders and judgments" in cases under title 11 and in all "core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1).

*In re Garnett*, 303 B.R. 274, 277 (E.D.N.Y. 2003); *see also Plum Run Serv. Corp. v. U.S., Dep't of Navy (In re Plum Run Serv. Corp.)*, 167 B.R. 460, 463 (Bankr. S.D. Ohio 1994).   In simpler terms, and addressing the issues most relevant to the instant case, while both the bankruptcy court and district court may have jurisdiction over civil proceedings arising in or related to a case under title 11, neither has *exclusive* jurisdiction under the Bankruptcy Code. However, the Bankruptcy Court has already asserted jurisdiction over most, although not all, elements of this action. *See* WMI Aff. re Mot. to Dismiss [Dkt. # 47], Ex. C (Bankr. Tr. at 95 (June 24, 2009)).

The facts and property at issue here are similar, but not identical, to those at issue in the bankruptcy proceeding because there are claims in this action that did not arise under Title 11 and thus do not fall within the Bankruptcy Court's jurisdiction.  Nonetheless, there is still cause for this Court to abstain from deciding the issues presented in this case during the pendency of the

bankruptcy case.  In the first instance, the Bankruptcy Code explicitly states: "[N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with the State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c).  Therefore, if the Court finds that it is in the interest of justice to abstain from hearing this case at this time, it may do so. Application of the abstention doctrine to concurrent proceedings in federal and state courts is sufficiently analogous to lend guidance here.

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976).  The Supreme Court recognizes three basic exceptions to the rule that a district court should adjudicate any controversy properly before it.  *Id.*  First, a federal court should abstain where the case presents a federal constitutional issue that may be mooted or altered by a state court's interpretation of the relevant state law issues.  *Id.* at 814.  Second, a federal court should abstain where "there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar."  *Id.*  And finally, a federal court should abstain where federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings, nuisance proceedings, or tax collection.  *Id.* at 816.  Furthermore,

> [i]n assessing the appropriateness of dismissal in the event of an exercise of concurrent jurisdiction, a federal court may also consider such factors as the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums. No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling [sic] against that exercise is required.

*Id.* at 819.

## II. ANALYSIS

Courts have recognized that

> parallel litigation of factually related cases in separate fora is inefficient. Indeed, separate parallel proceedings have long been recognized as a judicial inconvenience. For "reasons of wise judicial administration," the district court is given discretion to dismiss or stay a pending suit in favor of a consolidated action in another forum but it is a discretion both the Supreme Court and our court have limited. In the case of parallel litigation in two federal district courts, the "general principle is to avoid duplicative litigation." So long as the parallel cases involve the same subject matter, the district court should – for judicial economy – resolve both suits in a single forum.

*Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 350 (D.C. Cir. 2003); *see Columbia Plaza Corp. v. Sec. Nat'l Bank,* 525 F.2d 620, 626 (D.C. Cir. 1975) ("Sound judicial administration counsels against separate proceedings, and the wasteful expenditure of energy and money incidental to separate litigation of identical issues should be avoided.") (footnotes omitted).

The Supreme Court has noted that the "task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' . . . to justify the surrender of that jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983). The first exception justifying abstention, i.e., that issues may be mooted or altered by the other court's interpretation of the relevant issues over which it has jurisdiction, *see Colorado River*, 424 U.S. at 814, is applicable here. The Bankruptcy Court's determination of what constitutes the property of the estate — an issue over which it has exclusive jurisdiction — could alter many of the issues raised and relief sought in WMI's Complaint.

Furthermore, several additional factors weigh in favor of staying the proceeding until the resolution of the bankruptcy proceeding.  For example:

• **Avoiding parallel litigation:** "[T]he desirability of avoiding piecemeal litigation favors abstention. Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Foster-El v. Beretta U.S.A. Corp.*, 163 F. Supp. 2d 67, 71 (D.D.C. 2001) (internal citations and quotation marks omitted).

• **Order of filing:**  WMI commenced the bankruptcy action in Delaware on September 26, 2008, and did not file its action here until March 20, 2009.  Furthermore, "[t]he Supreme Court has made clear that the focus of this factor is not only the timing of the filing of the complaint but also the progress that has been made in each case." *Sheehan v. Koonz*, 102 F. Supp. 2d 1, 5 (D.D.C. 1999).  The bankruptcy case has been proceeding at a faster pace than has this one; thus, this factor weighs in favor of abstention.

• **Jurisdiction over property:**  Finally, and perhaps most significantly, "a court that assumes jurisdiction over property first may exercise that jurisdiction to the exclusion of other courts." *Foster-El*, 163 F. Supp. 2d at 71.  To the extent any of WMI's claims here relate to property that may be considered part of the bankruptcy estate, this Court is barred from making any determinations as to the ownership of that property. *See In re Devitt*, 126 B.R. 212, 215 (Bankr. D. Md. 1991) (finding that "once equitable jurisdiction has been properly invoked it will proceed to render a full and complete disposition of the controversy. This is obvious, not only to prevent a duplication of effort and a multiplicity of suits, but . . . because the bankruptcy court alone has exclusive jurisdiction to determine dischargeability of debts

. . ."); *Rare, LLC v. Marciano (In re Rare, LLC)*, 298 B.R. 762, 764 (Bankr. D. Colo. 2003) ("Defendants have taken it upon themselves to make the determination of what is and is not property of the bankruptcy estate. They did, and continue to do so, at their peril, for it lies within the exclusive province of the bankruptcy courts to determine what interests are part of the estate.").  Relatedly, "the Bankruptcy Code's automatic stay functions as a quasi-jurisdictional statute that precludes proceedings, without leave of the bankruptcy court, in nonbankruptcy courts that otherwise have concurrent jurisdiction." *Fidelity Nat'l Title Ins. Co. v. Franklin (In re Franklin)*, 179 B.R. 913, 919 (Bankr. E.D. Cal. 1995); 11 U.S.C. § 362(a).  However, the automatic stay only applies to acts to obtain possession of property of the estate.  Claims unrelated to the property of the estate may proceed.

Conversely, the main factor weighing against abstention is that some of WMI's claims arise under the FDI Act; thus, the District Court has *exclusive* jurisdiction over those claims. Nonetheless, the Bankruptcy Court's decisions regarding the property of the estate could impact WMI's claims here.

### III.  CONCLUSION

Although the Court has concurrent or even exclusive jurisdiction over many of WMI's claims, this Court will stay this case pending the outcome of the bankruptcy proceeding.  The Bankruptcy Court's decision as to what constitutes the property of the estate may impact the Court's decision about whether to dismiss certain of WMI's claims as well as Defendant FDIC's and Intervenor-Defendant J.P. Morgan Chase's counterclaims.  Accordingly, it is hereby

**ORDERED** that WMI's Motion to Dismiss the FDIC's Counterclaims and Stay the Proceeding in its Entirety [Dkt. # 45] is **GRANTED IN PART** and **DENIED IN PART**

**WITHOUT PREJUDICE**; and it is further

        **ORDERED** that WMI's Motion to Dismiss the FDIC's Counterclaims [*see* Dkt. # 45] is **DENIED WITHOUT PREJUDICE**; and it is further

        **ORDERED** that the FDIC-C's Motion to Dismiss [Dkt. # 27] is **DENIED WITHOUT PREJUDICE**; and it is further

        **ORDERED** that the FDIC-R's Motion to Dismiss in Part [Dkt. # 24] is **DENIED WITHOUT PREJUDICE**; and it is further

        **ORDERED** that WMI's Motion to Stay the Proceeding in its Entirety [*see* Dkt. # 45] is **GRANTED**. This case is stayed pending further order of the Court. The parties shall submit joint status reports every 120 days, with the first due May 7, 2010, updating the Court on the progress and status of the bankruptcy case.

        **SO ORDERED.**


Date:   January 7, 2010                       /s/
                                    ROSEMARY M. COLLYER
                                    United States District Judge