IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
-----------------------------------------------------   )
WASHINGTON MUTUAL, INC., et al.,                        )
                                                        )
                 Plaintiffs,                            )
v.                                                      )   No. 09-cv-0533 (RMC)
                                                        )
FEDERAL DEPOSIT INSURANCE                               )
CORPORATION, in its capacity as                         )
receiver of Washington Mutual Bank, et                  )
al.,                                                    )
                                                        )
                 Defendants.                            )
-----------------------------------------------------   )
```

**JOINT STATUS REPORT**

1.  On January 7, 2010, the Court entered an order staying the above-captioned action in its entirety pending further order of the Court (the "Stay Order"). Pursuant to the Stay Order, the Court instructed the parties to submit joint status reports every 120 days, updating the Court on the progress and status of the bankruptcy cases pending before the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Accordingly, plaintiffs, Washington Mutual, Inc. and WMI Investment Corp. (together, the "Debtors"), defendant the Federal Deposit Insurance Corporation in its capacity as receiver for Washington Mutual Bank (the "FDIC-Receiver"), intervenor-defendant JPMorgan Chase Bank, National Association ("JPMC") and those holders of notes issued by Washington Mutual Bank that have intervened as defendants in this action (the "Bank Bondholders") jointly submit this status report.[1]

---

[1] Due to the unavailability of counsel for the FDIC in its corporate capacity ("FDIC-Corporate"), FDIC-Corporate is not shown as a signatory on this joint status report.

2. On January 11, 2010, the U.S. Trustee for the District of Delaware appointed an official committee of equity security holders (the "Equity Committee") in the Debtors' chapter 11 cases.

3. On March 26, 2010, the Debtors filed their Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code, as may be amended (the "Plan"), and the disclosure statement related thereto, as may be amended (the "Disclosure Statement"). Significantly, the Plan incorporates and is expressly conditioned upon the proposed compromise and settlement of the disputes among certain of the Parties (the "Proposed Settlement"), including, without limitation, the Parties' claims asserted against each other in this action and in two adversary proceedings pending before the Bankruptcy Court, *JPMC Bank, N.A. v. Washington Mutual, Inc.*, Adv. Proc. No. 09-50551 (MFW) (Bankr. D. Del) and *Washington Mutual, Inc. v. JPMC Bank, N.A.*, Adv. Proc. No. 09-50934 (MFW) (Bankr. D. Del) (the "Turnover Action") (together, the "Adversary Proceedings").

4. In connection with the Turnover Action, the Bankruptcy Court indicated to the Parties that it is prepared to rule on the Debtors' motion for summary judgment. However, certain of the Parties have requested that the Bankruptcy Court hold its ruling pending finalization of the Proposed Settlement negotiations.

5. On April 16, 2010, the Debtors, JPMC and the FDIC-Receiver submitted a Stipulation to Stay of Appeals to the U.S. District Court for the District of Delaware (the "Delaware District Court") informing the Delaware District Court that those Parties had reached an understanding, subject to definitive documentation and other conditions, that would resolve all of their disputes, although noting for the court there is no certainty that they will finalize their proposed settlement agreement. Those Parties therefore stipulated subject to the court's approval

to stay for thirty days (a) JPMC's and the FDIC's pending appeals of the Bankruptcy Court's jurisdictional rulings and (b) JPMC's motion to withdraw the reference of the Adversary Proceedings pursuant to 28 U.S.C. § 157(d).  On April 19, 2010, the Delaware District Court approved the stipulation.

6.  The Parties' settlement negotiations are continuing and the Parties remain hopeful that a definitive settlement agreement will be achieved and the required conditions, including approval of such a definitive settlement agreement by the Parties' respective boards of directors and by the Bankruptcy Court, will be satisfied, but at this time the Parties cannot provide assurances that those discussions will result in a definitive settlement or that, if they do, that all of the Parties will be supportive of the settlement.

7.  The Debtors intend to seek Bankruptcy Court-approval of the Disclosure Statement on May 19, 2010 and are currently targeting July 20, 2010 for a hearing to consider Bankruptcy Court-approval of the Plan.  The Debtors contemplate seeking approval of the Proposed Settlement in connection with confirmation of the Plan.

8.  Even if the Parties finalize the Proposed Settlement, the Equity Committee has expressed an intent to investigate and assert before the Bankruptcy Court the same or similar claims to the claims asserted in the case captioned *American National Insurance Co.* v. *JPMorgan Chase & Co., et al.*, No. 1:09-cv-01743-RMC.

9.  One or more of the Parties may seek to have the Stay Order lifted or modified. The Debtors reserve all rights and will respond to any such application if and when it is filed.

10.  In the event that the Parties are unable to reach a settlement, JPMC and the FDIC-Receiver intend to request the Delaware District Court's prompt adjudication of the jurisdictional issues on appeal and at issue in JPMC's motion to withdraw the reference.

11.     The Parties will submit a second status report on September 7, 2010 pursuant to the Stay Order as appropriate.

| | |
|---|---|
| Dated:  May 10, 2010 | Respectfully submitted, |

/s/ Adam P. Strochak
David R. Berz, Esq. (D.C. Bar No. 182105)
Adam P. Strochak, Esq. (D.C. Bar No. 439308)
Weil, Gotshal & Manges LLP
1300 Eye Street, NW, Suite 900
Washington, DC 20005
Telephone: (202) 682-7001
Facsimile: (202) 857-0939

– and –

Marcia L. Goldstein, Esq.
Brian S. Rosen, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsímile: (212) 310-8007

– and –

Peter E. Calamari
David L. Elsberg
Benjamin I. Finestone
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Plaintiffs Washington Mutual,
 Inc. and WMI Investment Corp.*


/s/ Philip D. Anker
Philip D. Anker (D.C. Bar No. 367957)
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, New York 10022
Telephone: (202) 230-8890
Facsimile: (202) 230-8888

*Counsel for the Bank Bondholders*

/s/ David Clarke, Jr.
David Clarke, Jr. (D.C. Bar No. 396002)
Deana L. Cairo (D.C. Bar No. 469628)
DLA Piper LLP (US)
500 8th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 799-4000
Facsimile: (202) 277-5000

– and –

John J. Clarke, Jr.
Thomas R. Califano
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, N.Y. 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

*Attorneys for Defendant FDIC-Receiver*


/s/ Bruce E. Clark
Bruce E. Clark (USDC Bar No. D00144)
Robert A. Sacks (admitted *pro hac vice*)
Stacey R. Friedman (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

– and –

Bruce W. Hickey (D.C. Bar No. 479036)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Telephone:  (202) 956-7500
Facsimile:  (202) 293-6330

*Counsel for Defendants JPMorgan Chase & Co.
and JPMorgan Chase Bank, N.A.*