IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WASHINGTON MUTUAL, INC., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) ) No. 09-cv-0533 (RMC) |
| FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as receiver of Washington Mutual Bank, *et al.*, | ) ) ) ) ) |
| Defendants. | ) ) ) |

**SECOND JOINT STATUS REPORT**

1.   On January 7, 2010, the Court entered an order staying the above-captioned action in its entirety pending further order of the Court (the "Stay Order"). Pursuant to the Stay Order, the Court instructed the parties to submit joint status reports every 120 days, updating the Court on the progress and status of the bankruptcy cases pending before the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Accordingly, plaintiffs Washington Mutual, Inc. and WMI Investment Corp. (together, the "Debtors"), defendants the Federal Deposit Insurance Corporation in its capacity as receiver for Washington Mutual Bank (the "FDIC-Receiver") and the FDIC in its corporate capacity ("FDIC-Corporate"), intervenor-defendant JPMorgan Chase Bank, National Association ("JPMC") and those holders of notes issued by Washington Mutual Bank that have intervened as defendants in this action (the "Bank Bondholders") jointly submit this second status report.

2. On May 10, 2010, the parties hereto filed a first joint status report with the Court ("First Status Report").[1] The parties reported that on March 26, 2010, the Debtors filed their Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code (as amended thereafter, the "Plan") and a related disclosure statement ("Disclosure Statement"). As of the filing of the First Status Report, the Plan incorporated, among other items, a proposed form of global settlement agreement by and among the Debtors, JPMC, the FDIC, the Official Committee of Unsecured Creditors (appointed in the Debtors' bankruptcy cases), and certain creditor constituencies (collectively, the "Settlement Parties").

3. Since the filing of the First Status Report, the Settlement Parties have reached a definitive settlement agreement (the "Settlement Agreement"), that if approved by the U.S. Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") would resolve the disputes among and between them presented in this action and in two adversary proceedings pending before the Bankruptcy Court, *JPMC Bank, N.A. v. Washington Mutual, Inc.*, Adv. Proc. No. 09-50551 (MFW) (Bankr. D. Del.), and *Washington Mutual, Inc. v. JPMC Bank, N.A.*, Adv. Proc. No. 09-50934 (MFW) (Bankr. D. Del.) (together, the "Adversary Proceedings").[2]

4. The Settlement Agreement is subject to termination rights by the Settlement Parties and is conditioned on Bankruptcy Court approval and confirmation of a plan of reorganization. The Settlement Parties are continuing to work toward Bankruptcy Court

---

[1] FDIC-Corporate was a not signatory to that joint status report.

[2] In these actions, JPMC has asserted a number of affirmative defenses, including the affirmative defense that "JPMC is entitled to indemnification against any amounts awarded to any other party." Under the Settlement Agreement, JPMC, the FDIC-Receiver, and FDIC-Corporate have reserved their respective rights to seek indemnification in accordance with the provisions of Section 12.1 of the Purchase and Assumption Agreement, Whole Bank, dated September 25, 2008, or to dispute entitlement to indemnification under these provisions or otherwise.

approval. If the Settlement Agreement is terminated, however, or if the Bankruptcy Court does not approve it or the plan of reorganization, the disputes referenced in Paragraph 3 would still have to be adjudicated.

5.  On May 16, 2010, the Debtors filed an amended Plan, including a further revised draft of the global Settlement Agreement. On May 21, 2010, the Debtors filed their second amended Plan, incorporating the global Settlement Agreement (executed by WMI, the FDIC, JPMC and the Creditors' Committee). Finally, on June 2, 2010, the Debtors filed their third amended Plan with a fully executed copy of the global Settlement Agreement, including executed signature pages for all parties thereto.

6.  On June 21, 2010, the Settlement Parties submitted a Joint Status Report and Motion to Stay Proceedings to the U.S. District Court for the District of Delaware (the "Delaware District Court"). On June 30, 2010, the Delaware District Court entered an order staying (a) JPMC's and the FDIC's pending appeals of the Bankruptcy Court's jurisdictional rulings in the Adversary Proceedings and (b) JPMC's motion to withdraw the reference of the Adversary Proceedings pursuant to 28 U.S.C. § 157(d) until October 31, 2010, at which date the parties are to report to the Delaware District Court in writing as to the status of these matters.

7.  On July 28, 2010, the Bankruptcy Court entered the Order Approving Appointment of Examiner, appointing Joshua R. Hochberg, Esquire (the "Examiner") as Examiner in the Debtors' bankruptcy cases. The Examiner's investigation is ongoing. The Examiner's preliminary report is due to the Bankruptcy Court on September 7, 2010, and his final report is currently scheduled to be delivered on October 8, 2010. Among other things, the Examiner will report on the reasonableness of the Settlement Agremeent.

8. The Debtors intend to seek Bankruptcy Court-approval of the Disclosure Statement on September 7, 2010, and the Bankruptcy Court has scheduled a hearing to consider confirmation of the Plan for November 1, 2010. The Debtors contemplate seeking approval of the Settlement Agreement in connection with confirmation of the Plan.

9. One or more of the Parties may seek to have the Stay Order lifted or modified. The Debtors reserve all rights and will respond to any such application if and when it is filed.

10. The Parties will submit a third status report on January 2, 2011 pursuant to the Stay Order as appropriate.

Dated: September 7, 2010                                       Respectfully submitted,

| | |
|---|---|
| */s/ Adam P. Strochak* | */s/ David Clarke, Jr.* |
| David R. Berz, Esq. (D.C. Bar No. 182105) | David Clarke, Jr. (D.C. Bar No. 396002) |
| Adam P. Strochak, Esq. (D.C. Bar No. 439308) | Deana L. Cairo (D.C. Bar No. 469628) |
| Weil, Gotshal & Manges LLP | DLA Piper LLP (US) |
| 1300 Eye Street, NW, Suite 900 | 500 8th Street, N.W. |
| Washington, DC 20005 | Washington, D.C. 20004 |
| Telephone: (202) 682-7001 | Telephone: (202) 799-4000 |
| Facsimile: (202) 857-0939 | Facsimile: (202) 277-5000 |
| – and – | – and – |
| Marcia L. Goldstein, Esq. | John J. Clarke, Jr. |
| Brian S. Rosen, Esq. | Thomas R. Califano |
| Weil, Gotshal & Manges LLP | DLA Piper LLP (US) |
| 767 Fifth Avenue | 1251 Avenue of the Americas |
| New York, New York 10153 | New York, N.Y. 10020 |
| Telephone: (212) 310-8000 | Telephone: (212) 335-4500 |
| Facsímile: (212) 310-8007 | Facsimile: (212) 335-4501 |
| – and – | *Attorneys for Defendant FDIC-Receiver* |
| Peter E. Calamari | |
| Susheel Kirpalani | |
| David L. Elsberg | |
| Benjamin I. Finestone | */s/ Bruce E. Clark* |
| Quinn Emanuel Urquhart & Sullivan, LLP | Bruce E. Clark (USDC Bar No. D00144) |
| 51 Madison Avenue | Robert A. Sacks (admitted *pro hac vice*) |
| New York, New York 10010 | Stacey R. Friedman (admitted *pro hac vice*) |

5

Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Plaintiffs Washington Mutual, Inc. and WMI Investment Corp.*

_____
John A. Morris
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 36th Floor
New York, NY 10017-2024

*Counsel for the Bank Bondholders*

_____
Daniel H. Kurtenbach
Counsel
D.C. Bar No. 426590

*Counsel for Defendant FDIC-Corporate*

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

– and –

Bruce W. Hickey (D.C. Bar No. 479036)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Telephone:  (202) 956-7500
Facsimile:  (202) 293-6330

*Counsel for Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.*